IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TRI STATE ADVANCED SURGERY
CENTER, LLC, GLENN A. CROSBY II, M.D.,
F.A.C.S., and MICHAEL HOOD, M.D.,

    Plaintiffs,

    vs.                                          Civil Action No. 3:14-CV-00143-JM

HEALTH CHOICE, LLC,
and CIGNA HEALTHCARE OF TENNESSEE,
INC.,

    Defendants.

**HEALTH CHOICE, LLC'S MOTION TO DISMISS THE COMPLAINT**

Defendant Health Choice, LLC ("Health Choice"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this Motion to Dismiss the Complaint. As set forth more fully in the accompanying Memorandum in Support of Health Choice, LLC's Motion to Dismiss the Complaint, Plaintiffs' Complaint fails as a matter of law on at least the following grounds:

    1.      Plaintiffs fail to allege facts sufficient to show an antitrust injury.

    2.      Plaintiffs fail to define a relevant product market.

    3.      Plaintiffs fail to articulate a circumscribed and relevant geographic market.

    4.      Plaintiffs fail to allege actual, sustained, detrimental effects on competition sufficient to withstand "rule of reason" scrutiny.

    5.      Plaintiffs fail to allege that Health Choice exerts market power in a relevant product market.

6. At all times relevant to the Complaint, Defendants' actions in the managed care marketplace stimulated competition between health service networks.

7. A party cannot tortiously interfere with its own contract, and actions allegedly taken by Health Choice pertained to its own contractual relations.

8. Lawful actions taken to enforce existing contractual obligations cannot constitute tortious interference with a third party's potential future relationships.

9. Plaintiffs fail to allege that Health Choice acted improperly.

10. Plaintiffs fail to allege with particularity any unfair or deceptive act or practice by Health Choice.

11. Plaintiffs' Tennessee Consumer Protection Act claim is untimely under the act's one-year statute of limitations.

12. The challenged conduct -- in particular, the PHO managed care network at issue here -- is authorized by federal law.

13. Health Choice's alleged conduct is not deceptive as a matter of law.

Based on these grounds, and on such others as are stated by Defendant Cigna Healthcare of Tennessee, Inc., and relevant to this Motion, Health Choice respectfully moves the Court to dismiss the Complaint with prejudice, without leave to amend.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

/s/ Leigh M. Chiles
Leo Bearman Jr. (TN # 8363)
Leigh M. Chiles (AR # 98223, TN # 25809)
Matthew S. Mulqueen (TN # 28418)

165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
lbearman@bakerdonelson.com
lchiles@bakerdonelson.com
mmulqueen@bakerdonelson.com
901-526-2000 (telephone)
901-577-2303 (facsimile)

Lea Carol Owen (TN # 19531)
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
615-726-5600 (telephone)
615-744-5610 (facsimile)
cowen@bakerdonelson.com

*Attorneys for Defendant Health Choice, LLC*

## **CERTIFICATE OF SERVICE**

   I certify that on this 29th day of August, 2014, I electronically filed the foregoing Health Choice LLC's Motion to Dismiss the Complaint with the Clerk of Court using the CM/ECF system, which shall send notification of such to all counsel of record.

               /s/ Leigh M. Chiles
               Leigh M. Chiles