IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TRI STATE ADVANCED SURGERY
CENTER, LLC, GLENN A. CROSBY II, M.D.,
F.A.C.S., and MICHAEL HOOD, M.D.                                    PLAINTIFFS

v.                             Case No. 3:14-CV-00143-JM

HEALTH CHOICE, LLC,
and CIGNA HEALTHCARE OF TENNESSEE, INC.            DEFENDANTS

### CIGNA HEALTHCARE OF TENNESSEE, INC.'S
### MOTION TO DISMISS COUNTS I AND III OF THE COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Cigna Healthcare of Tennessee, Inc. ("Cigna") respectfully moves this Court for an order dismissing Counts I and III of the Complaint—respectively, a Sherman Act § 1 claim and a tortious interference with business expectancy claim, the only two counts against Cigna—for failure to state a claim upon which relief can be granted. The grounds for Cigna's motion are as follows:

1.   The Sherman Act protects Cigna's right to select its partners and to choose the terms on which it will deal with them. Plaintiffs have refused to abide by Cigna's terms for participating in its provider network, and Cigna's refusal to do business with them on the terms that Plaintiffs wish to impose on Cigna is not an antitrust violation.

2.   The Sherman Act § 1 claim against Cigna fails because Plaintiffs have failed to plead a plausible agreement in restraint of trade. The alleged conspiracy between Cigna and Health Choice, LLC is implausible because it makes no economic sense. Moreover, Plaintiffs do not allege that that members of Cigna-administered health insurance plans could not actually receive Plaintiff Tri State's services absent in-network referrals, without which there can be no plausible "boycott."

3. The Sherman Act § 1 claim against Cigna fails because Plaintiffs have not pleaded either a *per se* or a rule-of-reason group boycott claim. Cigna and Health Choice, LLC are not direct competitors who compete at the same level, so the *per se* rule is inapplicable. The rule-of-reason claim fails because Plaintiffs do not plausibly allege that Cigna had dominant market power in the relevant market, or that there were actual detrimental effects on competition in that market.

4. The Sherman Act § 1 claim against Cigna fails because Plaintiffs have failed to plead an antitrust injury. Plaintiffs' claims of harm are either economic losses to themselves (which as a matter of law are not antitrust injuries), or are so threadbare that they do not survive a Rule 12(b)(6) analysis.

5. The tortious interference with business expectancy claim against Cigna fails because Cigna has contractual relationships with each group related to Plaintiffs' claim, and a party cannot tortiously interfere with contracts to which it is a party. This claim is also derivative of Plaintiffs' antitrust allegations, but because the Complaint fails to state a claim under the Sherman Act, Plaintiffs also cannot plead the required "improper" element of their tortious interference claim.

In support of its Motion to Dismiss, Cigna submits the accompanying Memorandum in Support, which it incorporates herein by reference.

Dated:  August 29, 2014

Respectfully submitted,

/s/  *Chad W. Pekron*

| | |
|---|---|
| Joshua B. Simon | John E. Tull III (84150) |
| Warren Haskel | Chad W. Pekron (2008144) |
| Ryan D. McEnroe | R. Ryan Younger (2008209) |
| Dmitriy G. Tishyevich | QUATTLEBAUM, GROOMS, TULL |
| (all admitted *pro hac vice*) | & BURROW, PLLC |
| KIRKLAND & ELLIS LLP | 111 Center Street, Suite 1900 |
| 601 Lexington Avenue | Little Rock, AR  72201 |
| New York, NY  10022 | Telephone:  (501) 379-1700 |
| Telephone:  (212) 446-4800 | Facsimile:  (501) 379-1701 |
| Facsimile:  (212) 446-4900 | jtull@qgtb.com |
| joshua.simon@kirkland.com | cpekron@qgtb.com |
| warren.haskel@kirkland.com | ryounger@qgtb.com |
| ryan.mcenroe@kirkland.com | |
| dmitriy.tishyevich@kirkland.com | |

*Counsel for Defendant Cigna Healthcare of Tennessee, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of August, 2014, I electronically filed a redacted version of the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record. I further certify that on this 29th day of August, 2014, I filed an unredacted version of the foregoing document **under seal** with the Clerk of Court by hand-delivery, and certify that I have served an unredacted copy *via* electronic mail and regular U.S. mail, postage prepaid, upon the following counsel of record:

Scott E. Poynter, Esq.  
William Thomas Crowder, Esq.  
Corey Darnell McGaha, Esq.  
Emerson Poynter LLP  
1301 Scott Street  
Little Rock, AR 72202  

Deborah J. Winegard, Esq.  
Whatley Kallas, LLP  
1068 Virginia Avenue NE  
Atlanta, GA 30306  

Joe R. Whatley, Jr., Esq.  
W. Tucker Brown, Esq.  
Whatley Kallas, LLP  
2001 Park Place North, Suite 1000  
Birmingham, AL 35203  

Leigh M. Chiles, Esq.  
Leo M. Bearman, Jr., Esq.  
Matthew S. Mulqueen, Esq.  
Baker, Donelson, Bearman,  
 Caldwell & Berkowitz  
165 Madison Avenue, Suite 2000  
Memphis, TN 38103  

Lea Carol Owen, Esq.  
Baker, Donelson, Bearman,  
 Caldwell & Berkowitz  
211 Commerce Street, Suite 800  
Nashville, TN 37201  

John G. Emerson, Jr., Esq.  
Emerson Poynter LLP  
830 Apollo Lane  
Houston, TX 77058  

Edith M. Kallas, Esq.  
Whatley Kallas, LLP  
1180 Avenue of the Americas, Suite 2000  
New York, NY 10036  

    /s/ Chad W. Pekron  
    Chad W. Pekron