IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 2 9 2014

JAMES W. McCORMACK, CLERK
By:_____
DEP. CLERK

TRI STATE ADVANCED SURGERY
CENTER, LLC, GLENN A. CROSBY II, M.D.,
F.A.C.S., and MICHAEL HOOD, M.D.

PLAINTIFFS

v.                                  Case No. 3:14-CV-00143-JM

HEALTH CHOICE, LLC,
and CIGNA HEALTHCARE OF TENNESSEE, INC.                    DEFENDANTS

_____

CONNECTICUT GENERAL LIFE INSURANCE
COMPANY, CIGNA HEALTH AND LIFE
INSURANCE COMPANY, and CIGNA
HEALTHCARE OF TENNESSEE, INC.                COUNTERCLAIM-PLAINTIFFS

v.

SURGICAL CENTER DEVELOPMENT, INC. D/B/A
SURGCENTER DEVELOPMENT, and TRI STATE
ADVANCED SURGERY CENTER, LLC            COUNTERCLAIM-DEFENDANTS


**CIGNA'S COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff Cigna Healthcare of Tennessee, Inc. and

Counterclaim Plaintiffs Connecticut General Life Insurance Company, Cigna Health and Life

Insurance Company (collectively "Cigna") file these Counterclaims against Tri State Advanced

Surgery Center ("Tri State") and Surgical Center Development, Inc. d/b/a SurgCenter

Development ("SurgCenter" and together, with Tri State, "Counterclaim Defendants"), and

allege as follows:

**INTRODUCTION**

1.       SurgCenter and Tri State conspired to engage in a fraudulent "dual pricing" and

"fee forgiving" scheme, whereby Tri State charges its patients little or nothing for out-of-

network medical services while charging exorbitant rates to the patient's health insurance plans administered through Cigna.

2.     Tri State is an "out-of-network" or "non-participating" provider, meaning it does not have a contract with Cigna.

3.     Tri State—with significant support and assistance from SurgCenter—lured Cigna's plan members into becoming patients by offering to bill and collect for surgical procedures at the plan members' in-network or lower benefits levels, even though Tri State knew that, because it is an out-of-network facility, the plan members' out-of-network benefits levels should apply.

4.     Tri State then followed an undisclosed dual pricing scheme developed in coordination with SurgCenter, in which Tri State billed Cigna's plan members rates based on Medicare schedules to approximate in-network contract rates, while submitting charges as much as tens of thousands of dollars higher to Cigna. Tri State does not disclose to Cigna the lower Medicare-based rates it charges to patients, and Tri State does not disclose to its patients the much higher rates that it charges to Cigna.  Tri State then excuses the patients from paying anything more than the small amounts that the patients paid to Tri State.

5.     As an example, for one of the patients described below, Tri State submitted "charges" of $105,863.00 to Cigna for services received by a Cigna member. The member was required to pay Tri State $47,844.28 as the member's cost-sharing responsibility. But Cigna later discovered that Tri State billed the member a total of only $1,150.00. The member also reported that he or she never actually paid anything to Tri State. Upon information and belief, Tri State arrived at this $1,150.00 figure by quoting the patient Medicare-based rates that were a small fraction of the "charges" submitted to Cigna, and then applying the member's lower in-network

cost-sharing responsibilities (e.g. coinsurance and deductibles) to this already much lower Medicare rate.

6.     Put simply, the inflated "charges" that Tri State submitted to Cigna are fraudulent, as those charges bear no relation to the amounts that Tri State actually charged their patients.

7.     Courts have consistently found that these types of billing practices are improper and have affirmed healthcare plans' right not to cover the artificial inflated "charges" that providers like the Tri State submit. Indeed, courts, state legislatures, and other governmental bodies have recognized that these schemes victimize health care benefits plans and the clients who sponsor them, members of these plans, and managed care companies like Cigna, by exponentially increasing healthcare costs for employers and employees.

8.     Two states, Colorado and Florida, have already declared these types of schemes illegal and have enacted statutes to stop them. *See* Colo. Rev. Stat. Ann. §18-13-119 (West 2011); Florida Statutes § 817.234(7).

9.     The net effect of the Counterclaim Defendants' schemes was, among other things, to mislead Cigna plan members into believing that Tri State could offer services at Cigna's in-network benefits levels when, in fact, Tri State could not, which artificially increased the cost of healthcare to Cigna's clients.

10.     Tri State and SurgCenter have fraudulently induced Cigna into paying them approximately $1.4 million as a result of their schemes.

11.     In this action, Cigna seeks to recover the payments made to Tri State and to prevent SurgCenter and Tri State from continuing their fraudulent billing scheme against Cigna. By bringing this action, Cigna is ensuring that its clients and plan members are charged only

appropriate amounts for services rendered and thereby helping to maintain the affordability of healthcare coverage for individuals and employers.

## PARTIES

12.    Counterclaim Plaintiff Connecticut General Life Insurance Company is a company organized under the laws of the State of Connecticut, with its principal place of business in Bloomfield, Connecticut.

13.    Counterclaim Plaintiff Cigna Health and Life Insurance Company is a company organized under the laws of the State of Connecticut, with its principal place of business in Bloomfield, Connecticut.

14.    Counterclaim Plaintiff Cigna Healthcare of Tennessee, Inc. is a corporation organized under the laws of the Tennessee, with its principal place of business in Tennessee.

15.    Counterclaim Defendant Surgical Center Development, Inc. is a Nevada corporation with its principal place of business in Pismo Beach, California.

16.    Counterclaim Defendant Tri State Advanced Surgery Center is an Arkansas limited liability company with its principal place of business in Marion, Arkansas.

## JURISDICTION AND VENUE

17.    This Court has personal jurisdiction over the parties because Tri State is located in this State and because all Counterclaim Defendants systematically and continuously conduct business in this State and otherwise have minimum contacts with this State sufficient to establish personal jurisdiction. In addition, in its Complaint Tri State acknowledged that this Court has personal jurisdiction over the parties to the Complaint and submitted to the jurisdiction of this Court. (D.E. 1 ¶ 21.)

4

18.     Further, this Court has personal jurisdiction over Counterclaim Defendants pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") § 18 U.S.C. § 1965(a)-(b).

19.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution, laws, or treaties of the United States. Specifically, Counterclaim Plaintiffs assert claims in this case that arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq. and RICO. 18 U.S.C. § 1962(c). The Court has jurisdiction over Cigna's remaining claims pursuant to 28 U.S.C. § 1367 because the state and common law claims alleged herein are so related to the federal claims that that they form part of the same case or controversy.

20.     Venue is proper in the District of Arkansas because Tri State may be found in this judicial district, and a substantial part of the events giving rise to the claims in this action occurred in the District of Arkansas. 29 U.S.C. §§ 1132(e)(2), 1391(b)(1), and 1391(b)(2). Specifically, many of the patients identified in the claims for reimbursement submitted by the Tri State reside in this District, the services provided to Cigna's customers for which Tri State obtained payments from Cigna were performed in this District, and Tri State and SurgCenter conduct business within this District.

## **FACTUAL BACKGROUND**

### *Relevant Facts Regarding Managed Care and Cigna-Administered Plans.*

21.     Cigna, among other things, insures and administers employee health and welfare benefit plans.

22.     The vast majority of Cigna-administered plans are Administrative Services Only ("ASO") plans funded by the employers who sponsor them, with Cigna serving as the plans' claims administrator.

23.     Certain Cigna entities also offer fully-insured plans, which are funded by the Cigna entity.

24.     Regardless of the type of plan funding, the plan documents authorize Cigna to recover any overpayments made by the plans on the plans' behalf.

25.     Regardless of the type of plan funding, Cigna serves as a claims administrator for each plan and exercises discretionary authority over the administration of the plan.

26.     Most of the plans at issue here offer members the choice of receiving services either from health care providers that contract with Cigna to participate in Cigna's provider network or from providers outside of that network.

27.     Cigna-administered health plans reimburse their members for certain healthcare costs, defined in the plans as "covered expenses." When a Cigna plan member receives medical services, Cigna determines what part of the member's cost is considered for coverage by the plan, known as the "allowed amount."

28.     There are different types of member responsibility, including deductibles, benefit limits, co-payments, and co-insurance.

29.     These patient cost-sharing responsibility amounts are calculated as a percentage or portion of the allowed amount.

30.     If a member receives a service from a provider that contracts to be part of Cigna's network (an "in-network" or "participating" provider), the plan pays the provider the amount that the provider agreed to accept its contracted network rate, and the member pays any applicable

co-insurance, co-payments, and deductibles based on the coverage for in-network services specified in the member's plan.

31.     In exchange for agreeing to accept fixed, network rates for their services, participating providers receive certain benefits, including access to members of Cigna-administered plans as a source of patients.

32.     Just as it benefits participating providers, Cigna's network arrangements benefit employers and plan members by controlling overall health care costs and increasing the quality of medical care. In addition, members benefit from obtaining services from a participating provider because participating providers agree not to bill them for the difference between the plan's reimbursement to the participating provider and the provider's billed charges.

33.     In contrast, if a member receives a service from a provider who does not contract to be part of Cigna's provider network (an "out-of-network" or "non-participating" provider), the provider can charge whatever it likes for its services—and out-of-network rates are generally higher than contracted rates—and the provider may bill the member for any portion of the provider's charges that the plan does not reimburse.

34.     To make out-of-network benefits an affordable option for the employers sponsoring them, Cigna's plans contain various financial incentives for members to choose participating providers and to share the increased costs associated with obtaining out-of-network services.

35.     One of the key ways in which Cigna's plans allocate out-of-network costs between employees and employers is through co-insurance—a percentage of the amount that the plan covers (or "allows") that the member is required to pay towards the cost of that service. The

co-insurance that members must pay towards out-of-network services is usually much higher than the co-insurance they must pay (if any) towards in-network services.

36.     This co-insurance requirement underlies the entire concept of out-of-network benefits. It sensitizes members to the true costs of out-of-network services, ensuring that, if a member receives such a service, he is willing to pay a greater portion of that expense out of his own pocket. If patients did not share in these costs, then they would have no financial incentive to moderate their demand for out-of-network services or to consider the higher costs of any particular out-of-network provider, leading to increased costs for the plan.

37.     Similarly, without co-insurance requirements, out-of-network providers would lack any incentive not to charge the plan astronomical rates, because the patients who choose to see the providers would not bear any more of the inflated cost.

38.     Cigna's plans have several mechanisms to ensure that members receiving out-of-network services pay their required co-insurance and that non-participating providers do not waive it.

39.     For instance, Cigna-administered plans state that they do not cover "charges which you [the member] are not obligated to pay or for which you are not billed or for which you would not have been billed except that they were covered under this plan." This language is representative of the language found in Cigna-administered plans.

40.     Here, for example, if Tri State submits "charges" of $10,000 to Cigna, but does not bill or require the patient to pay their applicable cost-sharing responsibility, the plan excludes coverage for the phantom $10,000 charge.

41.     In addition, Cigna-administered plans generally limit reimbursement for out-of-network services to the "Maximum Reimbursable Charge" for "covered services," which can be

8

no more than the "provider's normal charge for a similar service or supply," and explicitly exclude from coverage providers' charges "to the extent that they are more than Maximum Reimbursable Charges."

42.     Here, the inflated "charges" submitted to Cigna by Tri State were not its "normal charge" for the services at issue, because these were not the charges that Tri State actually charged its patients. Rather, the "charges" submitted to Cigna were "phantom" charges, as some courts have referred to charges submitted by fee-forgiving providers.

43.     Further, Cigna-administered plans do not automatically cover or reimburse a member for every "charge" the provider submits to Cigna; rather, the plans cover a portion of any "Covered Expenses," which the plans define as "expenses incurred" by or on behalf of the member. Covered Expenses are in turn subject to the applicable co-insurance, co-payments, and deductibles set forth in the plans. Cigna-administered plans define co-insurance as "the percentage of charges for Covered Expenses that an insured person is *required* to pay under the plan." Thus, Cigna-administered plans expressly require members to satisfy their cost-sharing responsibility (i.e. co-insurance, co-payments, and deductibles) in order for charges to be covered under the plans.

44.     As described below, at the time of service, Tri State did not quote patients the "charges" submitted to Cigna. Instead, Tri State charged patients much lower amounts in order to approximate "in-network" rates.

45.     Moreover, by promising Cigna plan members that in-network benefits would apply and that they would incur no additional out-of-pocket expenses above and beyond Tri State's artificial cost share liability quoted to Cigna plan members, Tri State foreclosed itself from billing and collecting any additional amount of money.

9

46.     Courts have repeatedly held in the context of "fee forgiving" or "dual pricing schemes" that healthcare plans do not cover a provider's "charges" when that provider does not collect the patient's applicable cost-sharing responsibilities. *See, e.g., Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 701 (7th Cir. 1991); *Biomed Pharms., Inc. v. Oxford Health Plans (NY), Inc.*, 522 F. App'x 81, 81-82 (2d Cir. 2013).

47.     Any other interpretation would run contrary to the purpose of health insurance, which is to reimburse members for payments they actually make to providers, not to provide windfall payments to providers.

### *SurgCenter and Tri State's Fraudulent Dual Pricing and Fee Forgiving Schemes.*

48.     SurgCenter has developed a business model designed to game the healthcare system by submitting grossly inflated, phantom "charges" to Cigna that do not reflect the actual amount its partner ASCs bill patients.

49.     According to its website, SurgCenter "partners with local surgeons to create physician-owned and operated ambulatory surgical centers (ASCs)."

50.     SurgCenter assists surgeons in forming the LLC and in the design and construction of the ambulatory surgical centers, including, upon information and belief, Tri State.

51.     SurgCenter then provides no-fee management and consulting services in managing and running the ambulatory surgical centers, including, upon information and belief, Tri State.

52.     According to its website, SurgCenter becomes "a vested partner that purchases 35% ownership" in each ambulatory surgical centers, including, upon information and belief, Tri State.

53.     SurgCenter has an ownership interest in approximately 119 ambulatory surgery centers throughout the United States, including Tri State.

54.     Tri State is an outpatient surgical center located in Marion, Arkansas where physicians perform surgical and related healthcare services.

55.     Tri State has not entered into a provider network agreement with Cigna. Therefore, Cigna processes all claims submitted by Tri State on an out-of-network basis.

56.     SurgCenter-affiliated ASCs, including Tri State, employ a "dual pricing" and "fee forgiving" scheme. In other words, they entice members to their out-of-network facilities by billing them small amounts (or nothing at all), but charge the member's plan exorbitant, fraudulent amounts that bear no relation to the amounts the patients are charged.

57.     Tri State then waives, or forgives, the proportion of the charges that the member owes based on the inflated charge that Tri State submits to the member's plan.

58.     Upon information and belief, all aspects of the fraudulent dual pricing schemes used by Tri State were designed and implemented at the direction of SurgCenter.

59.     The following is a summary of the dual pricing and fee forgiving schemes used by SurgCenter and Tri State.

60.     First, Tri Center estimates to the Cigna plan members the cost of their outpatient procedures based on Medicare rates to approximate rates that Cigna has negotiated with in-network providers.

61.     Second, Tri State calculates the Cigna plan members' cost-sharing responsibility (e.g. co-payments, co-insurance, and deductibles) by applying the Cigna plan members' *in-network* benefits level to those estimated charges, even though Tri State is an out-of-network provider.

62.   Third, Tri State promises the Cigna plan members that they will not have to bear any additional out-of-pocket expenses beyond what Tri State has artificially calculated as the members' cost share liability based on the members' in-network benefits level using Medicare rates. As a result, Tri State waives the applicable out-of-network co-insurance, co-payment, and deductible amounts that Cigna plan members must pay out-of-network providers like Tri State under Cigna-administered health benefit plans.

63.   Fourth, Tri State submits claims to Cigna based on a separate fee schedule with charges fraudulently inflated by as much as tens of thousands of dollars over the Medicare-based prices that Tri State quoted to the Cigna plan members. The "charges" submitted to Cigna by Tri State are phantom charges, as Tri State does not bill its patients these amounts, and it does not collect or attempt to collect the full amounts listed on these claim forms; Tri State intends to collect much less, if anything at all.

64.   Through the scheme described above, Tri State misrepresented its actual charges for the services rendered to Cigna affirmatively and through omission. As a result, Cigna relied on the amount that Tri State billed to Cigna in its claim forms when processing and paying Tri State's claims.

65.   The purpose of this scheme is to entice Cigna plan members to use Tri State's out-of-network surgical center so that Cigna would reimburse Tri State for its grossly inflated rates. Given Tri State's exorbitant charges, Tri State and SurgCenter recognized that Cigna's plan members would not use, and likely could not afford to use, Tri State if the ASC billed and collected the applicable out-of-network cost share responsibility from Cigna plan members, which would have required out-of-pocket payments from Cigna plan members that totaled thousands, if not tens of thousands, of dollars. Therefore, Tri State waived the required out-of-

12

network co-insurance, co-payment, and deductible amounts members were obligated to pay under their plans.

66.     Further, Tri State knowingly misrepresented to patients that the patients could use their in-network benefits at Tri State even though Tri State is an out-of-network facility.

67.     Indeed, Tri State further harmed Cigna patients by leading the patients to believe that their cost-share payments would accumulate toward their in-network cost-share totals (e.g. deductibles), which they did not, as Tri State was out of network. Thus, due to Tri State's fraudulent practices, the Cigna patients would potentially pay more out of pocket for future in-network health care services.

68.     Tri State also never fully disclosed the true nature, extent, and scope of its cost share waiver and dual pricing schemes to Cigna.

69.     Indeed, while Tri State noted in its claim forms submitted to Cigna that "[t]he insured's portion of this bill has been reduced in amount so the patient's responsibility for the deductible and copay amount is billed at in network rates," nothing in the claims forms either (i) revealed or explained how its charges were computed or (ii) disclosed that Tri State had charged its patients a different amount than the amount submitted to Cigna for reimbursement.

70.     In addition, by stating that "[t]he insured's portion of *this bill* has been reduced," Tri State and SurgCenter affirmatively sought to mislead Cigna into believing that Tri State charged the patient and Cigna and its client a single, common price.

71.     Only through its own internal investigation did Cigna learn the existence of the Tri State and SurgCenter's dual pricing and fee forgiving scheme.

72.     The following are examples of the fraudulent dual pricing and fee-forgiving scheme employed by SurgCenter and Tri State:

- Tri State sent a claim form to Cigna listing $105,863.00 as its charges for services received by a Cigna member. The member was required to pay $47,844.28 to Tri State as the member's cost-sharing responsibility. Instead, Tri State billed the member only $1,150.00. The member also reported that he/she never paid anything to Tri State.

- Tri State sent a claim form to Cigna listing $81,807.00 as its charges for services received by a Cigna member. The member was required to pay $6,887.67 to Tri State as the member's cost-sharing responsibility. Instead, Tri State charged the member *nothing*. In response to a letter from Cigna's Special Investigations Unit, the member informed Cigna that he/she never received a cost estimate from Tri State, never received a bill from Tri State, and never paid any money to Tri State.

- Tri State sent a claim form to Cigna listing $81,807.00 as its charges for services received by a different Cigna member. The member was required to pay $7,571.03 to Tri State as the member's cost-sharing responsibility. Instead, Tri State also charged this member *nothing*. In response to a letter from Cigna's Special Investigations Unit, the member informed Cigna that he/she never received a cost estimate from Tri State, never received a bill from Tri State, and never paid any money to Tri State. Instead, Tri State informed the member that it would "take any benefit paid" by the plan and that the claim would be "treated as in network."

- Tri State sent a claim form to Cigna listing $80,409.32 as its charges for services received by a Cigna member. The member was required to pay $7,721.50 to Tri State as the member's cost-sharing responsibility. Instead, Tri State billed the member only $1,115.70.

73.     As the collective result of Tri State and SurgCenter's conduct, Cigna has paid Tri State approximately $1.4 million in claims to date.

74.     Tri State continues to submit claims to Cigna. Upon information and belief, Tri State continues to waive the applicable out-of-network co-insurance, co-payment, and deductible responsibilities of Cigna plan members to entice Cigna plan members to use Tri State's facilities, while simultaneously submitting exorbitant, fraudulent "charges" to Cigna.

## CAUSES OF ACTION

### Count I – Claim for Overpayments Under ERISA § 502(a)(3)
### (Against Tri State)

75.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

76.     Cigna is a fiduciary of the ASO and fully-insured plans that it administers and seeks to recover overpayments made by those plans to Tri State.

77.     Tri State did not require plan members to pay the full amount of the charges Tri State listed in claims forms submitted to Cigna for reimbursement on behalf of the members' plans.

78.     Tri State did not require plan members to pay the full amount of the plan members' out-of-network cost sharing responsibility under the terms of their plans.

79.     Tri State's patients' plans, however, expressly do not cover any portion of the charges that providers like Tri State do not require plan members to pay, nor do they require the plan to cover anything in excess of Tri State's normal charges to its patients.

80.     By paying Tri State amounts that Tri State did not charge plan members, these plans made overpayments to Tri State.

81.     These overpayments were made directly by Cigna to Tri State.

82.     These overpayments belong in good conscience to the plans because the plans managed by Cigna made benefit payments to Tri State for services provided to plan members based on the charges that Tri State listed on the claim forms that it submitted to Cigna.

83.     These overpayments are within the possession and control of Tri State.

84.     These overpayments were made in contravention of plan terms.

85.     Cigna seeks recovery of these overpayments on behalf of the plans.

86.     Additionally, Cigna seeks a permanent injunction directing Tri State to submit to Cigna only charges that Tri State actually charges the plan member as payment in full for Tri State's services and not to submit charges which include amounts that Tri State does not actually require the member to pay (including, without limitation, the waiver of any portion of the members' required out-of-network co-insurance, co-payment, and deductible amounts).

### Count II -- RICO § 1962(c)
### (Against All Counterclaim Defendants)

87.     Paragraphs 1 through 74 are incorporated by reference as if set forth fully herein.

88.     <u>The Enterprise</u>. The following allegations are made upon information and belief. SurgCenter and Tri State entered into a two-party association-in-fact enterprise. SurgCenter and Tri State came to an agreement to create the enterprise, the purpose of which is to operate for-profit medical centers and thereby enrich the enterprise's members by luring Cigna plan members to use the out-of-network Tri State center through misrepresentations about the center's costs to plan members, Cigna, and their plans. SurgCenter's role in the enterprise was to invest in Tri State and provide operational support to Tri State. Among other things, SurgCenter developed the dual pricing scheme described above, and directed Tri State to follow the dual pricing scheme, which Tri State agreed to do. SurgCenter also provided Tri State with the sample language to include on claim forms submitted to managed care companies like Cigna, as well as forms used to calculate the patient's responsibility under Tri State's fraudulent billing scheme. Tri State's role in the enterprise was to, among other things:  (1) lure patients to Tri State by misleading the patients into believing that they could use their "in-network" benefits at Tri State, (2) treat patients at Tri State and charge the patients little or nothing for Tri State's services, and (3) submit exorbitant, fraudulent charges to managed care companies like Cigna in order to induce Cigna and other managed care companies into paying Tri State based on these fraudulent

charges. At the direction of, and in coordination with, SurgCenter, Tri State followed the dual pricing and fee-forgiving scheme described above.

89.     The RICO Scheme. The following allegations are made upon information and belief. SurgCenter and Tri State developed the fraudulent dual pricing and fee forgiving schemes (the "RICO Scheme") as described above. (*See* ¶¶ 48-74, 88.)

90.     The Pattern of Racketeering Activity. The following allegations are made upon information and belief. Tri State and SurgCenter actively participate and participated in the conduct and operation of the two-party enterprise by participating in each stage of the RICO Scheme, as described above and as follows. (*See* ¶¶ 48-74, 88.)

91.     SurgCenter partners with ASCs like Tri State to develop ambulatory surgical centers, and then provides no-fee management and consulting services in managing and running each of the ASCs, and takes a 35% ownership share in each of the ASCs, including Tri State. As described above, as part of this scheme, Tri State, with the assistance and guidance of SurgCenter, submits fraudulent claim forms to insurers like Cigna in order to induce the insurers to make payments to Tri State

92.     As part of this scheme, Tri State then funnels a portion of the fraudulently-obtained money paid by insurers like Cigna back to SurgCenter.

93.     Upon information and belief, in furtherance of the RICO Scheme, Tri State has submitted and continues to submit false claims to other insurers as well as Cigna, including those claims described above.

94.     SurgCenter and Tri State knew that Cigna would reasonably rely on the falsely-stated charges in these forms when Cigna processed benefit payments for the services listed on the forms and therefore pay Tri State its inflated, out-of-network rates.

95.     Tri State took further steps to conceal the true nature of its fraudulently inflated charges to Cigna by, for instance, misrepresenting to patients that they could use their "in-network" benefits at Tri State, and by refusing Cigna's requests to provide information regarding Tri State's billing practices. Only through its extensive investigations did Cigna discover the RICO Scheme.

96.     Each time Tri State submitted such a form to Cigna by mail, it committed a separate act of mail fraud in violation of 18 U.S.C. § 1341.

97.     Each time Tri State submitted such a form to Cigna using the interstate wires, it committed a separate act of wire fraud in violation of 18 U.S.C. § 1343.

98.     Exhibit A contains a summary of fraudulent claims through June 18, 2014 submitted by Tri State to Cigna, as well as the dates on which the claims were submitted and the amounts submitted by Tri State.

99.     Tri State committed these acts of mail and wire fraud at the direction of and in coordination with SurgCenter.

100.     By submitting hundreds of these forms over the past several years, SurgCenter and Tri State engaged in a pattern of racketeering activity, one that continues now.  The direct and intended victims of this pattern of racketeering activity are Cigna and entities that sponsor Cigna's ASO plans.

101.     As a direct result of the Tri State's fraudulent claim submissions, Cigna paid Tri State approximately $1.4 million from its own funds and the funds of the plans it administers.

102.     Thus, as a result of the conduct by SurgCenter Tri State, Cigna and its ASO plan sponsors have been injured in an amount to be determined at trial.

103.     Pursuant to 18 U.S.C. § 1964(c), Cigna and its ASO plan sponsors are entitled to recover threefold their damages, costs, and attorneys' fees. In addition, they are entitled to injunctive relief to enjoin SurgCenter and Tri State's ongoing racketeering activity.

### Count III – Fraud
### (Against Tri State)

104.     Paragraphs 1 through 74 are incorporated by reference as if set forth fully herein.

105.     Under Arkansas law, Tri State's conduct constitutes fraud.

106.     At the time Tri State submitted claims to Cigna for reimbursement, Tri State knew that the material statements and representations about its charges for services were false.

107.     Tri State knew and intentionally failed to disclose material information regarding the manner, extent, and nature by which Tri State waived Cigna members' required out-of-network co-payments, deductibles, co-insurance, and other patient cost-sharing responsibility for the services provided to plan members.

108.     Tri State also knew that the claims submitted to Cigna reflected false and inflated charges that Tri State did not charge its patients.

109.     Tri State submitted the claims to Cigna with the intent to defraud Cigna by inducing Cigna to rely on its false representations and omissions alleged herein to pay these fraudulent charges. The misrepresentations were material.

110.     Cigna justifiably relied on such material false statements and omissions and paid the false and misleading claims submitted by Tri State resulting in compensable injury to Cigna. Specifically, as result of this conduct, Tri State received payments of approximately $1.4 million from Cigna as a result of Tri State's fraudulent conduct.

**Count IV – Aiding and Abetting Fraud**
**(Against SurgCenter)**

111.    Paragraphs 1 through 74 and 104 through 110 are incorporated by reference as if set forth fully herein.

112.    Under Arkansas law, SurgCenter's conduct constitutes aiding and abetting fraud.

113.    Tri State committed fraud against Cigna by knowingly submitting fraudulent claim forms to Cigna in order to receive excessive, unjustified payments from Cigna as part of the fraudulent dual pricing and fee forgiving scheme described above.

114.    As described above, all aspects of the fraudulent dual pricing and fee forgiving scheme were designed and implemented at the direction of SurgCenter. The purpose of the dual pricing scheme was to fraudulently induce insurers like Cigna to make unwarranted payments to Tri State.

115.    SurgCenter was at all times aware of its role in the illegal and fraudulent schemes, and SurgCenter knowingly and substantially assisted, encouraged, incited, aided, and abetted the fraudulent conduct by Tri State; indeed, SurgCenter developed, implemented, and participated in each of the fraudulent schemes, and it retains a 35% interest in Tri State.

116.    In addition, Tri State, at the direction of and in coordination with SurgCenter, refuses to provide insurers like Cigna with information about Tri State's billing practices in order to conceal those fraudulent billing practices.

117.    As a direct and proximate result of SurgCenter aiding and abetting Tri State's fraud, Cigna has suffered injury. Specifically, as result of Tri State's conduct, aided and abetted by SurgCenter, Tri State received unwarranted payments of approximately $1.4 million from Cigna.

## Count V– Claim for Unjust Enrichment
## (Against Tri State)

118.     Paragraphs 1 through 74 are incorporated by reference as if set forth fully herein.

119.     Under Arkansas law, Tri State's conduct gives rise to a claim for unjust enrichment.

120.     Cigna's plans are required to cover some portion of the actual charges for services that plan members receive from out-of-network providers like Tri State. Cigna's plans are not required to cover amounts that members are not billed, are not obligated to pay, or for which they would not have been billed if they did not have insurance.   Cigna's plans are also not required to cover amounts that exceed the Maximum Reimbursable Charge, as that term is defined in the plans.

121.     Tri State submitted benefit claim forms to Cigna falsely stating "charges" for services that were higher than the actual amounts that Tri State required Cigna's plan members to pay for those services. Based on these forms, Cigna processed benefits for services provided by Tri State to Cigna plan members based upon these falsely-stated "charges." Cigna paid these benefits directly to Tri State.

122.     When Cigna paid benefits to Tri State that Cigna's plan were not obligated to cover, Tri State obtained something of value to which it was not entitled from Cigna.   Tri State received this benefit by falsely stating "charges" for its services that were higher than the actual amounts that Tri State required Cigna's plan members to pay for those services. Therefore, it would be inequitable for Tri State to retain these benefits.

123.     As a result of this conduct, Tri State received payments of approximately $1.4 million from Cigna as a result of Tri State's fraudulent conduct.

**Count VI – Claim for Tortious Interference with Contract and Business Expectancy**
**(Against all Tri State and SurgCenter)**

124. Paragraphs 1 through 74 are incorporated by reference as if set forth fully herein.

125. Under Arkansas law, SurgCenter's and Tri State's conduct give rise to a claim for tortious interference with contract.

126. Each of the members' for whom Tri State submitted benefits claims and received payment from Cigna received health care benefits pursuant to a benefit plan insured or administered by Cigna.

127. Each of the plans pursuant to which Tri State submitted claims and received payment contained, among other things, provisions that required the member to pay their cost-sharing responsibility (e.g. co-payments, co-insurance, and deductibles) in order for the plan to cover a portion of the submitted charges for services. SurgCenter and Tri State knew that its patients' plans made the patients responsible for payment of the patients' cost-sharing responsibility.

128. Despite this knowledge, Tri State, at the direction of and in coordination with SurgCenter, engaged in a fraudulent and improper dual pricing scheme in order to bill Cigna and its ASO clients inflated charges in excess of those actually charged to the patients, to induce the patients to use Tri State's out-of-network services, and to undermine and circumvent Cigna's provider network system.

129. Further, Tri State, at the direction of and in coordination with SurgCenter, knowingly misrepresented to patients that the patients could use their "in-network" benefits at Tri State.

130.    Tri State, at the direction of and in coordination with SurgCenter, also maliciously and wrongfully interfered with the economic relationships between Cigna and its members by waiving the cost-sharing amounts patients were required to pay under their plans.

131.    By these actions, Tri State, at the direction of and in coordination with SurgCenter, induced the members to breach the contractual terms of their plans.

132.    SurgCenter and Tri State's tortious interference has caused damages to Cigna by causing it to make overpayments to Tri State and has caused harm to the relationship between Cigna and its members.

133.    SurgCenter and Tri State has also tortiously interfered with Cigna's contracts with its in-network providers.

134.    Specifically, Cigna's contracts with its in-network providers require those providers to refer patients to other in-network providers, except in limited circumstances. Upon information and belief, SurgCenter and Tri State are aware of these contractual provisions.

135.    Upon information and belief, SurgCenter and Tri State encouraged Cigna's in-network providers to refer patients to Tri State, an out-of-network provider, in violation of the in-network providers' contracts.

136.    By these actions, Tri State, at the direction of and in coordination with SurgCenter, induced Cigna's in-network providers to breach the terms of their contracts with Cigna.

137.    SurgCenter and Tri State's interference has caused damages to Cigna by causing Cigna to make overpayments to Cigna and by harming the relationship between Cigna and its in-network providers.

**Count VII – Declaratory Relief**
**(Against Tri State)**

138.    Paragraphs 1 through 74 are incorporated by reference as if set forth fully herein.

139.    Under the Declaratory Judgment Act, the court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

140.    Tri State provides facilities and related medical services, including equipment and supplies, to patients receiving medical care who are covered under employee health and welfare benefit plans that are insured and/or administered by Cigna.

141.    The claims that Tri State submitted, and continues to submit, are claims for reimbursement for services provided to patients who are purportedly covered under employee health and welfare benefit plans that are insured or administered by Cigna.

142.    As described in the preceding paragraphs, the claims that Tri State submitted are for charges that are not covered under the relevant plans because the claims are based on false charges submitted to Cigna, Tri State failed to bill and collect the true out-of-network cost share responsibility from the Cigna plan members, and Tri State did not hold the plan members responsible for the amounts charged to Cigna.

143.    As a result, any claims submitted by Tri State are not reimbursable, and any payments Tri State received under such claims should be returned to Cigna.

144.    An actual controversy exists between Tri State and Cigna regarding whether claims for reimbursement are covered and payable under employee health and welfare benefit plans that are insured or administered by Cigna.

145.    Cigna seeks a declaration that the claims for reimbursement submitted by Tri State are not for covered services and are not payable under employee health and welfare benefit

plans that are insured or administered by Cigna.  Cigna also seeks a declaration that Tri State must return all sums received from Cigna.

146.    Cigna also seeks recovery of its reasonable and necessary attorneys' fees and costs.

## JURY DEMAND
### (As to Non-ERISA Claims Only)

147.    The preceding paragraphs are incorporated by reference as if set forth fully herein.

148.    With respect to Cigna's non-ERISA claims, Cigna hereby demands a trial by jury.

## PRAYER FOR RELIEF

Based on the foregoing, Cigna prays that the Court enter a judgment awarding the following:

a.    a declaration that the products and services provided by Tri State do not constitute covered services under the employee health and welfare benefit plans administered or insured by Cigna and that Tri State is not entitled to receive any payments on the claims for reimbursement that it has submitted or may submit in the future;

b.    return of any and all monies paid to Tri State on claims for reimbursement submitted by Tri State;

c.    monetary damages for all harm suffered as a result of Tri State's and SurgCenter's conduct;

d.    exemplary and punitive damages;

e.    pre-judgment and post-judgment interest;

f.    the reasonable and necessary attorneys' fees incurred;

g.   costs of court; and

h.   such other and further relief to which they may show themselves entitled

in law or equity.


Dated:  August 29, 2014                    Respectfully submitted,

                                           /s/  Chad W. Pekron

Joshua B. Simon                            John E. Tull III (84150)
Warren Haskel                              Chad W. Pekron (2008144)
Ryan D. McEnroe                            R. Ryan Younger (2008209)
Dmitriy G. Tishyevich                      QUATTLEBAUM, GROOMS, TULL
  (all admitted *pro hac vice*)            & BURROW, PLLC
KIRKLAND & ELLIS LLP                       111 Center Street, Suite 1900
601 Lexington Avenue                       Little Rock, AR  72201
New York, NY  10022                        Telephone:  (501) 379-1700
Telephone:  (212) 446-4800                 Facsimile:  (501) 379-1701
Facsimile:  (212) 446-4900                 jtull@qgtb.com
joshua.simon@kirkland.com                  cpekron@qgtb.com
warren.haskel@kirkland.com                 ryounger@qgtb.com
ryan.mcenroe@kirkland.com
dmitriy.tishyevich@kirkland.com

*Counsel for Defendant and Counterclaim Plaintiff Cigna Healthcare
of Tennessee, Inc., and Counterclaim Plaintiffs Connecticut General
Life Insurance Company and Cigna Health and Life Insurance Company*

## CERTIFICATE OF SERVICE

     I, Chad W. Pekron, hereby certify that on this 29th day of August, 2014, I filed the foregoing with the Clerk of the Court and that the ECF system will send notification of filing to all counsel of record.  I further certify that on this 29th day of August, 2014, I served a true and correct copy of the foregoing *via* electronic mail and regular U.S. mail, postage prepaid, upon the following counsel of record:

Scott E. Poynter, Esq.
William Thomas Crowder, Esq.
Corey Darnell McGaha, Esq.
Emerson Poynter LLP
1301 Scott Street
Little Rock, AR 72202

Deborah J. Winegard, Esq.
Whatley Kallas, LLP
1068 Virginia Avenue NE
Atlanta, GA 30306

Joe R. Whatley, Jr., Esq.
W. Tucker Brown, Esq.
Whatley Kallas, LLP
2001 Park Place North, Suite 1000
Birmingham, AL 35203

Leigh M. Chiles, Esq.
Leo M. Bearman, Jr., Esq.
Matthew S. Mulqueen, Esq.
Baker, Donelson, Bearman,
  Caldwell & Berkowitz
165 Masison Avenue, Suite 2000
Memphis, TN 38103

Lea Carol Owen, Esq.
Baker, Donelson, Bearman,
  Caldwell & Berkowitz
211 Commerce Street, Suite 800
Nashville, TN 37201

John G. Emerson, Jr., Esq.
Emerson Poynter LLP
830 Apollo Lane
Houston, TX 77058

Edith M. Kallas, Esq.
Whatley Kallas, LLP
1180 Avenue of the Americas, Suite 2000
New York, NY 10036

 

/s/ Chad W. Pekron
Chad W. Pekron

| Healthcare Professional Name | Date of Service | Claim Received Date | Sum of Charged Amounts | Paid Date |
|---|---|---|---|---|
| /TRI STATE ADVANCED SURGE | 5/7/2013 | 6/4/2013 | $55,703.76 | 12/3/2013 |
| /TRI STATE ADVANCED SURGE | 5/22/2013 | 7/12/2013 | $110,601.00 | 12/10/2013 |
| /TRI STATE ADVANCED SURGE | 3/6/2013 | 3/26/2013 | $105,863.00 | 5/14/2013 |
| /TRI STATE ADVANCED SURGE | 3/6/2013 | 3/26/2013 | $105,863.00 | 5/14/2013 |
| /TRI STATE ADV SURG CTR | 11/6/2013 | 1/14/2014 | $80,409.32 | 5/19/2014 |
| /TRI STATE ADVANCED SURGE | 4/17/2013 | 5/11/2013 | $81,107.00 | 9/21/2013 |
| /TRI STATE ADVANCED SURGE | 9/25/2013 | 9/28/2013 | $42,673.92 | 12/18/2013 |
| /TRI STATE ADVANCED SURGE | 8/21/2013 | 9/30/2013 | $21,693.00 | 11/13/2013 |
| /TRI STATE ADVANCED SURGE | 3/6/2013 | 3/26/2013 | $81,107.00 | 5/14/2013 |
| /TRI STATE ADVANCED SURGE | 10/2/2013 | 10/9/2013 | $27,350.72 | 12/19/2013 |
| /TRI STATE ADV SURG CTR | 10/16/2013 | 1/4/2014 | $161,083.24 | 3/11/2014 |
| /TRI STATE ADV SURG CTR | 5/21/2014 | 5/28/2014 | $26,336.92 | 6/12/2014 |
| /TRI STATE ADV SURG CTR | 10/30/2013 | 11/2/2013 | $26,271.40 | 4/8/2014 |
| /TRI STATE ADVANCED SURGE | 2/26/2013 | 3/1/2013 | $37,949.00 | 3/15/2013 |
| /TRI STATE ADVANCED SURGE | 5/15/2013 | 5/30/2013 | $46,188.00 | 4/5/2013 |
| /TRI STATE ADV SURG CTR | 4/9/2014 | 4/17/2014 | $23,607.40 | 6/3/2014 |
| /TRI STATE ADV SURG CTR | 11/13/2013 | 12/4/2013 | $27,023.76 | 12/26/2013 |
| /TRI STATE ADVANCED SURGE | 2/5/2013 | 2/15/2013 | $24,426.00 | 3/2/2013 |
| /TRI STATE ADVANCED SURGE | 7/30/2013 | 8/15/2013 | $61,171.00 | 9/26/2013 |
| /TRI STATE ADV SURG CTR | 4/30/2014 | 5/15/2014 | $22,953.48 | 6/6/2014 |
| /TRI STATE ADVANCED SURGE | 7/23/2013 | 8/15/2013 | $92,444.00 | 9/26/2013 |
| /TRI STATE ADVANCED SURGE | 2/1/2013 | 2/8/2013 | $24,426.00 | 3/7/2013 |
| /TRI STATE ADVANCED SURGE | 6/11/2013 | 8/15/2013 | $86,448.00 | 10/17/2013 |
| /TRI STATE ADVANCED SURGE | 6/26/2013 | 7/19/2013 | $8,051.00 | 7/27/2013 |
| /TRI STATE ADVANCED SURGE | 1/30/2013 | 2/12/2013 | $24,426.00 | 2/27/2013 |
| /TRI STATE ADVANCED SURGE | 1/30/2013 | 2/12/2013 | $24,426.00 | 2/27/2013 |
| /TRI STATE ADVANCED SURGE | 3/6/2013 | 3/20/2013 | $39,324.00 | 3/30/2013 |
| /TRI STATE ADVANCED SURGE | 7/24/2013 | 7/31/2013 | $8,051.00 | 8/31/2013 |
| /TRI STATE ADVANCED SURGE | 11/21/2012 | 12/4/2012 | $37,949.00 | 12/17/2012 |
| /TRI STATE ADVANCED SURGE | 7/31/2013 | 8/31/2013 | $115,530.00 | 1/29/2014 |
| /TRI STATE ADVANCED SURGE | 7/3/2013 | 7/19/2013 | $46,188.00 | 9/10/2013 |
| /TRI STATE ADVANCED SURGE | 7/9/2013 | 8/2/2013 | $21,692.60 | 11/22/2013 |
| /TRI STATE ADVANCED SURGE | 4/17/2013 | 5/11/2013 | $81,107.00 | 7/13/2013 |
| /TRI STATE ADV SURG CTR | 4/16/2014 | 4/29/2014 | $26,925.32 | 5/8/2014 |
| /TRI STATE ADVANCED SURGE | 6/19/2013 | 8/15/2013 | $81,107.00 | 10/28/2013 |
| /TRI STATE ADVANCED SURGE | 6/19/2013 | 8/15/2013 | $81,107.00 | 10/28/2013 |
| /TRI STATE ADVANCED SURGE | 11/9/2012 | 11/22/2012 | $30,516.20 | 12/26/2012 |
| /TRI STATE ADV SURG CTR | 6/6/2013 | 10/25/2013 | $12,248.00 | 12/10/2013 |
| /TRI STATE ADVANCED SURGE | 3/6/2013 | 3/20/2013 | $39,324.00 | 1/28/2014 |
| /TRI STATE ADVANCED SURGE | 2/15/2013 | 7/29/2013 | $6,103.00 | 8/29/2013 |
| /TRI STATE ADVANCED SURGE | 8/7/2013 | 8/23/2013 | $75,088.00 | 9/12/2013 |
| /TRI STATE ADV SURG CTR | 6/4/2014 | 6/10/2014 | $25,683.00 | 6/24/2014 |
| /TRI STATE ADVANCED SURGE | 12/17/2012 | 12/22/2012 | $24,426.00 | 12/31/2012 |
| /TRI STATE ADVANCED SURGE | 4/17/2013 | 4/23/2013 | $24,426.00 | 5/30/2013 |



EXHIBIT
A

| | | | | |
|---|---|---|---|---|
| /TRI STATE ADVANCED SURGE | 12/27/2012 | 1/26/2013 | $59,034.00 | 3/16/2013 |
| /TRI STATE ADVANCED SURGE | 12/27/2012 | 1/26/2013 | $59,034.00 | 3/16/2013 |
| /TRI STATE ADVANCED SURGE | 7/3/2013 | 7/19/2013 | $24,426.00 | 9/18/2013 |
| /TRI STATE ADVANCED SURGE | 9/24/2013 | 10/16/2013 | $70,518.36 | 11/15/2013 |
| /TRI STATE ADVANCED SURGE | 3/20/2013 | 3/26/2013 | $19,662.00 | 4/18/2013 |
| /TRI STATE ADVANCED SURGE | 1/18/2013 | 8/8/2013 | $12,206.00 | 9/16/2013 |
| /TRI STATE ADVANCED SURGE | 1/30/2013 | 7/26/2013 | $81,107.00 | 1/6/2014 |
| /TRI STATE ADVANCED SURGE | 1/30/2013 | 7/26/2013 | $81,107.00 | 1/6/2014 |
| /TRI STATE ADVANCED SURGE | 12/28/2012 | 1/3/2013 | $24,426.00 | 1/19/2013 |
| /TRI STATE ADVANCED SURGE | 6/12/2013 | 6/28/2013 | $24,426.00 | 7/12/2013 |
| /TRI STATE ADVANCED SURGE | 6/12/2013 | 6/28/2013 | $24,426.00 | 7/12/2013 |
| /TRI STATE ADVANCED SURGE | 12/5/2012 | 12/18/2012 | $81,107.00 | 9/6/2013 |
| /TRI STATE ADVANCED SURGE | 5/7/2013 | 5/22/2013 | $46,188.00 | 6/21/2013 |
| /TRI STATE ADVANCED SURGE | 2/6/2013 | 2/20/2013 | $78,648.00 | 3/8/2013 |
| /TRI STATE ADVANCED SURGE | 7/9/2013 | 8/15/2013 | $80,255.00 | 10/3/2013 |
| /TRI STATE ADVANCED SURGE | 3/26/2013 | 10/30/2013 | $49,155.00 | 11/30/2013 |
| /TRI STATE ADVANCED SURGE | 7/24/2013 | 8/15/2013 | $24,426.00 | 9/3/2013 |
| /TRI STATE ADVANCED SURGE | 9/19/2013 | 9/26/2013 | $26,925.32 | 1/28/2014 |
| /TRI STATE ADVANCED SURGE | 4/24/2013 | 4/30/2013 | $24,426.00 | 5/22/2013 |
| /TRI STATE ADVANCED SURGE | 1/30/2013 | 2/14/2013 | $24,426.00 | 3/4/2013 |
| /TRI STATE ADVANCED SURGE | 3/5/2013 | 3/9/2013 | $47,375.00 | 3/28/2013 |
| /TRI STATE ADVANCED SURGE | 5/1/2013 | 5/21/2013 | $24,426.00 | 6/14/2013 |
| /TRI STATE ADVANCED SURGE | 5/1/2013 | 5/21/2013 | $24,426.00 | 6/14/2013 |
| /TRI STATE ADVANCED SURGE | 5/29/2013 | 6/29/2013 | $24,426.00 | 7/17/2013 |
| /TRI STATE ADVANCED SURGE | 6/19/2013 | 7/5/2013 | $24,426.00 | 7/25/2013 |
| /TRI STATE ADVANCED SURGE | 12/12/2012 | 8/19/2013 | $115,530.00 | 1/8/2014 |
| /TRI STATE ADVANCED SURGE | 3/26/2013 | 3/30/2013 | $49,155.00 | 6/17/2013 |
| /TRI STATE ADVANCED SURGE | 12/5/2012 | 12/12/2012 | $37,949.00 | 1/11/2013 |
| /TRI STATE ADVANCED SURGE | 10/8/2013 | 10/15/2013 | $8,762.60 | 10/24/2013 |
| /TRI STATE ADVANCED SURGE | 7/16/2013 | 7/19/2013 | $8,051.00 | 7/29/2013 |
| /TRI STATE ADVANCED SURGE | 11/20/2012 | 11/28/2012 | $7,992.00 | 1/11/2013 |
| /TRI STATE ADVANCED SURGE | 5/14/2013 | 5/30/2013 | $24,426.00 | 6/17/2013 |
| /TRI STATE ADVANCED SURGE | 12/28/2012 | 1/3/2013 | $24,426.00 | 1/12/2013 |
| /TRI STATE ADVANCED SURGE | 7/24/2013 | 7/31/2013 | $19,662.00 | 8/26/2013 |
| /TRI STATE ADVANCED SURGE | 7/31/2013 | 8/31/2013 | $81,107.00 | 3/12/2014 |
| /TRI STATE ADVANCED SURGE | 7/16/2013 | 8/2/2013 | $21,692.60 | 8/29/2013 |
| /TRI STATE ADVANCED SURGE | 11/16/2012 | 12/14/2012 | $60,168.48 | 2/13/2013 |
| /TRI STATE ADVANCED SURGE | 8/13/2013 | 8/21/2013 | $21,693.00 | 9/13/2013 |
| /TRI STATE ADVANCED SURGE | 4/30/2013 | 5/7/2013 | $5,328.00 | 7/3/2013 |
| /TRI STATE ADVANCED SURGE | 8/28/2013 | 9/4/2013 | $5,328.00 | 9/13/2013 |
| /TRI STATE ADVANCED SURGE | 4/17/2013 | 4/25/2013 | $27,815.00 | 5/8/2013 |
| /TRI STATE ADVANCED SURGE | 11/9/2012 | 11/21/2012 | $46,188.00 | 1/26/2013 |
| /TRI STATE ADVANCED SURGE | 7/17/2013 | 8/19/2013 | $21,693.00 | 9/12/2013 |
| /TRI STATE ADVANCED SURGE | 3/5/2013 | 3/14/2013 | $13,652.00 | 4/18/2013 |
| /TRI STATE ADVANCED SURGE | 3/5/2013 | 3/14/2013 | $13,652.00 | 4/18/2013 |
| /TRI STATE ADV SURG CTR | 5/21/2014 | 5/28/2014 | $26,336.92 | 6/10/2014 |
| /TRI STATE ADVANCED SURGE | 5/7/2013 | 5/14/2013 | $23,000.00 | 6/6/2013 |

| | | | | |
|---|---|---|---|---|
| /TRI STATE ADVANCED SURGE | 5/7/2013 | 5/14/2013 | $23,000.00 | 6/6/2013 |
| /TRI STATE ADVANCED SURGE | 2/15/2013 | 2/25/2013 | $10,005.00 | 3/7/2013 |
| /TRI STATE ADV SURG CTR | 11/6/2013 | 12/6/2013 | $74,433.36 | 6/19/2014 |
| /TRI STATE ADV SURG CTR | 3/26/2014 | 4/2/2014 | $26,271.76 | 5/8/2014 |
| /TRI STATE ADVANCED SURGE | 7/25/2013 | 8/23/2013 | $10,572.00 | 9/11/2013 |
| /TRI STATE ADVANCED SURGE | 7/25/2013 | 8/23/2013 | $10,572.00 | 9/11/2013 |
| /TRI STATE ADVANCED SURGE | 2/20/2013 | 2/28/2013 | $16,237.00 | 3/16/2013 |
| /TRI STATE ADVANCED SURGE | 4/2/2013 | 4/9/2013 | $8,051.00 | 4/17/2013 |
| /TRI STATE ADVANCED SURGE | 8/7/2013 | 8/28/2013 | $24,426.00 | 9/30/2013 |
| /TRI STATE ADVANCED SURGE | 7/23/2013 | 7/31/2013 | $10,715.00 | 1/22/2014 |
| /TRI STATE ADVANCED SURGE | 9/6/2013 | 9/11/2013 | $5,328.00 | 12/27/2013 |
| /TRI STATE ADV SURG CTR | 9/25/2013 | 10/30/2013 | $97,661.36 | 11/18/2013 |
| /TRI STATE ADV SURG CTR | 10/30/2013 | 11/2/2013 | $26,598.36 | 12/26/2013 |
| /TRI STATE ADVANCED SURGE | 12/19/2012 | 1/1/2013 | $5,328.00 | 3/6/2013 |
| /TRI STATE ADVANCED SURGE | 12/13/2012 | 12/20/2012 | $5,328.00 | 3/6/2013 |
| /TRI STATE ADVANCED SURGE | 7/2/2013 | 7/5/2013 | $5,328.00 | 9/16/2013 |
| /TRI STATE ADVANCED SURGE | 1/23/2014 | 3/4/2014 | $5,556.00 | 3/21/2014 |
| /TRI STATE ADVANCED SURGE | 12/5/2012 | 12/12/2012 | $5,328.00 | 2/18/2013 |
| /TRI STATE ADVANCED SURGE | 11/9/2012 | 11/20/2012 | $5,328.00 | 1/11/2013 |
| /TRI STATE ADVANCED SURGE | 7/31/2013 | 8/15/2013 | $8,051.00 | 1/18/2014 |
| /TRI STATE ADVANCED SURGE | 7/31/2013 | 8/15/2013 | $8,051.00 | 1/18/2014 |
| /TRI STATE ADVANCED SURGE | 6/4/2013 | 6/11/2013 | $8,051.00 | 6/19/2013 |
| /TRI STATE ADVANCED SURGE | 7/25/2013 | 8/2/2013 | $48,584.00 | 9/10/2013 |
| /TRI STATE ADVANCED SURGE | 4/23/2013 | 4/30/2013 | $2,664.00 | 5/8/2013 |
| /TRI STATE ADVANCED SURGE | 3/29/2013 | 4/3/2013 | $5,328.00 | 4/12/2013 |
| /TRI STATE ADVANCED SURGE | 4/16/2013 | 4/23/2013 | $5,328.00 | 5/1/2013 |
| /TRI STATE ADVANCED SURGE | 4/16/2013 | 4/23/2013 | $5,328.00 | 5/1/2013 |
| /TRI STATE ADVANCED SURGE | 5/22/2013 | 8/28/2013 | $8,051.00 | 9/11/2013 |
| /TRI STATE ADVANCED SURGE | 2/13/2013 | 2/19/2013 | $5,328.00 | 2/27/2013 |
| /TRI STATE ADVANCED SURGE | 5/7/2013 | 5/30/2013 | $5,328.00 | 6/7/2013 |
| /TRI STATE ADVANCED SURGE | 4/17/2013 | 4/25/2013 | $21,693.00 | 5/11/2013 |
| /TRI STATE ADVANCED SURGE | 5/28/2013 | 6/1/2013 | $39,324.00 | 6/17/2013 |
| /TRI STATE ADV SURG CTR | 11/19/2013 | 11/28/2013 | $21,693.72 | 1/6/2014 |
| /TRI STATE ADVANCED SURGE | 2/5/2013 | 2/12/2013 | $5,328.00 | 3/23/2013 |
| /TRI STATE ADVANCED SURGE | 12/31/2012 | 1/9/2013 | $8,051.00 | 1/17/2013 |
| /TRI STATE ADVANCED SURGE | 12/31/2012 | 1/9/2013 | $8,051.00 | 1/17/2013 |
| /TRI STATE ADVANCED SURGE | 8/20/2013 | 8/28/2013 | $5,328.00 | 9/7/2013 |
| /TRI STATE ADVANCED SURGE | 8/20/2013 | 8/28/2013 | $5,328.00 | 9/7/2013 |
| /TRI STATE ADV SURG CTR | 3/6/2014 | 3/11/2014 | $5,328.00 | 3/24/2014 |
| /TRI STATE ADV SURG CTR | 1/8/2014 | 1/14/2014 | $26,271.40 | 2/21/2014 |
| /TRI STATE ADVANCED SURGE | 3/27/2013 | 4/2/2013 | $5,328.00 | 4/19/2013 |
| /TRI STATE ADVANCED SURGE | 4/2/2013 | 4/11/2013 | $21,693.00 | 5/11/2013 |
| /TRI STATE ADVANCED SURGE | 9/11/2013 | 9/17/2013 | $6,103.00 | 10/2/2013 |
| /TRI STATE ADVANCED SURGE | 3/20/2013 | 3/28/2013 | $10,978.00 | 4/26/2013 |
| /TRI STATE ADV SURG CTR | 4/9/2014 | 5/1/2014 | $107,162.32 | 6/17/2014 |
| /TRI STATE ADVANCED SURGE | 7/2/2013 | 7/5/2013 | $5,328.00 | 7/13/2013 |
| /TRI STATE ADVANCED SURGE | 2/20/2013 | 2/26/2013 | $5,454.00 | 4/24/2013 |

| | | | | |
|---|---|---|---|---|
| /TRI STATE ADVANCED SURGE | 8/6/2013 | 8/9/2013 | $5,328.00 | 8/31/2013 |
| /TRI STATE ADVANCED SURGE | 5/24/2013 | 6/1/2013 | $5,328.00 | 6/8/2013 |
| /TRI STATE ADVANCED SURGE | 9/4/2013 | 11/1/2013 | $66,660.00 | 2/21/2014 |
| /TRI STATE ADV SURG CTR | 12/11/2013 | 12/19/2013 | $26,271.40 | 1/16/2014 |
| /TRI STATE ADVANCED SURGE | 12/4/2012 | 12/13/2012 | $21,693.00 | 12/29/2012 |
| /TRI STATE ADVANCED SURGE | 12/31/2012 | 1/17/2013 | $21,693.00 | 1/26/2013 |
| /TRI STATE ADVANCED SURGE | 11/21/2012 | 12/4/2012 | $2,664.00 | 2/18/2013 |
| /TRI STATE ADVANCED SURGE | 6/19/2013 | 7/11/2013 | $5,328.00 | 8/3/2013 |
| /TRI STATE ADVANCED SURGE | 3/27/2013 | 4/2/2013 | $21,693.00 | 5/3/2013 |
| /TRI STATE ADVANCED SURGE | 3/27/2013 | 4/2/2013 | $21,693.00 | 5/3/2013 |
| /TRI STATE ADVANCED SURGE | 9/25/2013 | 9/28/2013 | $6,103.00 | 10/18/2013 |
| /TRI STATE ADVANCED SURGE | 1/8/2013 | 1/12/2013 | $2,664.00 | 1/28/2013 |
| /TRI STATE ADVANCED SURGE | 12/20/2012 | 12/29/2012 | $24,426.00 | 1/19/2013 |
| /TRI STATE ADVANCED SURGE | 4/3/2013 | 4/11/2013 | $21,693.00 | 5/6/2013 |
| /TRI STATE ADVANCED SURGE | 12/5/2012 | 12/18/2012 | $115,530.00 | 4/4/2013 |
| /TRI STATE ADVANCED SURGE | 3/26/2013 | 3/30/2013 | $5,454.00 | 4/20/2013 |
| /TRI STATE ADV SURG CTR | 10/30/2013 | 11/23/2013 | $26,560.00 | 12/16/2013 |
| /TRI STATE ADVANCED SURGE | 4/16/2013 | 4/23/2013 | $10,193.00 | 4/26/2013 |
| /TRI STATE ADVANCED SURGE | 10/4/2013 | 10/15/2013 | $15,801.00 | 11/21/2013 |
| /TRI STATE ADV SURG CTR | 6/21/2013 | 12/23/2013 | $22,649.00 | 2/4/2014 |
| /TRI STATE ADV SURG CTR | 2/28/2014 | 3/7/2014 | $5,328.00 | 3/24/2014 |
| /TRI STATE ADVANCED SURGE | 8/21/2013 | 8/24/2013 | $24,426.00 | 9/9/2013 |
| /TRI STATE ADVANCED SURGE | 7/26/2013 | 7/31/2013 | $2,664.00 | 8/21/2013 |
| /TRI STATE ADV SURG CTR | 12/26/2013 | 12/31/2013 | $8,213.00 | 1/24/2014 |
| /TRI STATE ADVANCED SURGE | 9/6/2013 | 10/1/2013 | $7,992.00 | 10/14/2013 |
| /TRI STATE ADVANCED SURGE | 9/6/2013 | 10/1/2013 | $7,992.00 | 10/14/2013 |
| /TRI STATE ADV SURG CTR | 7/18/2013 | 11/21/2013 | $7,135.00 | 11/29/2013 |
| /TRI STATE ADVANCED SURGE | 1/18/2013 | 1/23/2013 | $6,103.00 | 1/28/2013 |
| /TRI STATE ADV SURG CTR | 3/28/2014 | 4/3/2014 | $5,328.00 | 4/12/2014 |
| /TRI STATE ADVANCED SURGE | 7/17/2013 | 7/26/2013 | $5,454.00 | 8/19/2013 |
| /TRI STATE ADV SURG CTR | 11/6/2013 | 11/12/2013 | $6,898.00 | 11/16/2013 |
| /TRI STATE ADVANCED SURGE | 8/21/2013 | 8/28/2013 | $6,103.00 | 8/31/2013 |
| /TRI STATE ADVANCED SURGE | 8/30/2013 | 9/6/2013 | $5,328.00 | 9/18/2013 |
| /TRI STATE ADVANCED SURGE | 10/11/2013 | 10/17/2013 | $5,328.00 | 10/28/2013 |
| /TRI STATE ADV SURG CTR | 11/22/2013 | 11/28/2013 | $2,664.00 | 12/9/2013 |
| /TRI STATE ADVANCED SURGE | 9/20/2013 | 9/27/2013 | $5,328.00 | 10/18/2013 |
| /TRI STATE ADVANCED SURGE | 9/13/2013 | 10/1/2013 | $5,328.00 | 10/17/2013 |
| /TRI STATE ADV SURG CTR | 11/20/2013 | 2/6/2014 | $5,603.00 | 2/19/2014 |
| /TRI STATE ADVANCED SURGE | 3/29/2013 | 4/3/2013 | $5,328.00 | 4/26/2013 |
| /TRI STATE ADV SURG CTR | 1/31/2014 | 2/6/2014 | $2,664.00 | 3/1/2014 |
| /TRI STATE ADVANCED SURGE | 7/12/2013 | 7/19/2013 | $5,328.00 | 7/29/2013 |
| /TRI STATE ADVANCED SURGE | 7/12/2013 | 7/19/2013 | $5,328.00 | 7/29/2013 |
| /TRI STATE ADVANCED SURGE | 9/17/2013 | 9/20/2013 | $5,328.00 | 10/5/2013 |
| /TRI STATE ADVANCED SURGE | 6/21/2013 | 7/11/2013 | $5,328.00 | 7/29/2013 |
| /TRI STATE ADVANCED SURGE | 5/1/2013 | 5/21/2013 | $13,642.00 | 6/10/2013 |
| /TRI STATE ADVANCED SURGE | 12/19/2012 | 12/28/2012 | $2,664.00 | 1/15/2013 |
| /TRI STATE ADVANCED SURGE | 12/19/2012 | 12/28/2012 | $2,664.00 | 1/15/2013 |

| | | | | |
|---|---|---|---|---|
| /TRI STATE ADVANCED SURGE | 7/23/2013 | 7/26/2013 | $5,328.00 | 8/19/2013 |
| /TRI STATE ADVANCED SURGE | 4/9/2013 | 4/16/2013 | $5,328.00 | 4/26/2013 |
| /TRI STATE ADVANCED SURGE | 3/5/2013 | 3/13/2013 | $5,328.00 | 4/6/2013 |
| /TRI STATE ADVANCED SURGE | 10/8/2013 | 10/17/2013 | $7,992.00 | 10/28/2013 |
| /TRI STATE ADVANCED SURGE | 2/15/2013 | 2/20/2013 | $5,328.00 | 5/1/2013 |
| /TRI STATE ADVANCED SURGE | 6/18/2013 | 6/22/2013 | $13,642.00 | 7/24/2013 |
| /TRI STATE ADVANCED SURGE | 10/9/2013 | 10/15/2013 | $6,103.00 | 10/28/2013 |
| /TRI STATE ADVANCED SURGE | 10/9/2013 | 10/15/2013 | $6,103.00 | 10/28/2013 |
| /TRI STATE ADVANCED SURGE | 12/4/2012 | 12/12/2012 | $7,992.00 | 2/26/2013 |
| /TRI STATE ADVANCED SURGE | 3/12/2013 | 3/20/2013 | $5,328.00 | 4/2/2013 |
| /TRI STATE ADVANCED SURGE | 9/18/2013 | 9/21/2013 | $5,328.00 | 10/5/2013 |
| /TRI STATE ADV SURG CTR | 2/12/2014 | 3/18/2014 | $107,162.32 | 5/9/2014 |
| /TRI STATE ADV SURG CTR | 2/24/2014 | 2/27/2014 | $5,328.00 | 3/20/2014 |
| /TRI STATE ADV SURG CTR | 3/7/2014 | 3/14/2014 | $5,328.00 | 4/5/2014 |
| /TRI STATE ADVANCED SURGE | 4/9/2013 | 4/16/2013 | $5,328.00 | 4/26/2013 |
| /TRI STATE ADVANCED SURGE | 7/2/2013 | 7/5/2013 | $5,328.00 | 7/25/2013 |
| /TRI STATE ADVANCED SURGE | 5/21/2013 | 6/1/2013 | $2,664.00 | 6/14/2013 |
| /TRI STATE ADVANCED SURGE | 5/21/2013 | 5/29/2013 | $5,328.00 | 6/8/2013 |
| /TRI STATE ADVANCED SURGE | 5/21/2013 | 5/29/2013 | $5,328.00 | 6/8/2013 |
| /TRI STATE ADVANCED SURGE | 4/24/2013 | 4/30/2013 | $5,328.00 | 5/13/2013 |
| /TRI STATE ADVANCED SURGE | 3/29/2013 | 4/3/2013 | $5,328.00 | 4/26/2013 |
| /TRI STATE ADVANCED SURGE | 3/20/2013 | 3/26/2013 | $2,664.00 | 4/13/2013 |
| /TRI STATE ADVANCED SURGE | 2/15/2013 | 2/20/2013 | $6,103.00 | 2/25/2013 |
| /TRI STATE ADVANCED SURGE | 7/2/2013 | 7/5/2013 | $5,328.00 | 7/26/2013 |
| /TRI STATE ADVANCED SURGE | 10/11/2013 | 10/18/2013 | $7,992.00 | 10/28/2013 |
| /TRI STATE ADV SURG CTR | 12/6/2013 | 12/13/2013 | $5,328.00 | 1/6/2014 |
| /TRI STATE ADVANCED SURGE | 11/4/2013 | 12/3/2013 | $14,881.00 | 12/11/2013 |
| /TRI STATE ADVANCED SURGE | 4/16/2013 | 4/23/2013 | $5,328.00 | 5/11/2013 |
| /TRI STATE ADVANCED SURGE | 4/16/2013 | 4/23/2013 | $5,328.00 | 5/4/2013 |
| /TRI STATE ADVANCED SURGE | 12/27/2012 | 5/30/2013 | $5,328.00 | 6/22/2013 |
| /TRI STATE ADVANCED SURGE | 12/27/2012 | 5/30/2013 | $5,328.00 | 6/22/2013 |
| /TRI STATE ADV SURG CTR | 3/7/2014 | 3/14/2014 | $5,328.00 | 4/5/2014 |
| /TRI STATE ADV SURG CTR | 1/16/2014 | 1/21/2014 | $5,328.00 | 1/30/2014 |
| /TRI STATE ADVANCED SURGE | 4/9/2013 | 4/16/2013 | $2,664.00 | 5/10/2013 |
| /TRI STATE ADVANCED SURGE | 4/9/2013 | 4/16/2013 | $2,664.00 | 5/10/2013 |
| /TRI STATE ADVANCED SURGE | 5/31/2013 | 6/11/2013 | $5,328.00 | 6/21/2013 |
| /TRI STATE ADVANCED SURGE | 5/31/2013 | 6/11/2013 | $5,328.00 | 6/21/2013 |
| /TRI STATE ADVANCED SURGE | 5/24/2013 | 6/1/2013 | $2,664.00 | 6/14/2013 |
| /TRI STATE ADVANCED SURGE | 7/12/2013 | 7/17/2013 | $5,328.00 | 8/3/2013 |
| /TRI STATE ADVANCED SURGE | 8/2/2013 | 8/15/2013 | $5,328.00 | 8/22/2013 |
| /TRI STATE ADVANCED SURGE | 5/3/2013 | 5/30/2013 | $2,664.00 | 6/3/2013 |
| /TRI STATE ADVANCED SURGE | 3/22/2013 | 3/30/2013 | $5,328.00 | 4/3/2013 |
| /TRI STATE ADVANCED SURGE | 6/14/2013 | 6/28/2013 | $5,328.00 | 7/2/2013 |
| /TRI STATE ADVANCED SURGE | 1/23/2013 | 1/29/2013 | $5,328.00 | 2/22/2013 |
| /TRI STATE ADVANCED SURGE | 12/5/2012 | 12/12/2012 | $5,328.00 | 12/24/2012 |
| /TRI STATE ADVANCED SURGE | 11/20/2012 | 11/28/2012 | $5,328.00 | 12/3/2012 |
| /TRI STATE ADVANCED SURGE | 2/13/2013 | 2/19/2013 | $2,664.00 | 4/22/2013 |

| | | | | |
|---|---|---|---|---|
| /TRI STATE ADVANCED SURGE | 2/13/2013 | 2/19/2013 | $5,328.00 | 4/20/2013 |
| /TRI STATE ADV SURG CTR | 12/27/2013 | 1/1/2014 | $5,328.00 | 1/6/2014 |
| /TRI STATE ADVANCED SURGE | 8/19/2013 | 10/17/2013 | $14,561.00 | 10/18/2013 |
| /TRI STATE ADVANCED SURGE | 2/8/2013 | 2/14/2013 | $5,328.00 | 2/20/2013 |
| /TRI STATE ADVANCED SURGE | 5/21/2013 | 6/1/2013 | $5,328.00 | 6/22/2013 |
| /TRI STATE ADVANCED SURGE | 3/22/2013 | 10/17/2013 | $6,103.00 | 10/25/2013 |
| /TRI STATE ADVANCED SURGE | 8/16/2013 | 8/21/2013 | $5,328.00 | 9/13/2013 |
| /TRI STATE ADVANCED SURGE | 1/22/2013 | 1/26/2013 | $5,328.00 | 1/31/2013 |
| /TRI STATE ADVANCED SURGE | 2/5/2013 | 2/12/2013 | $5,328.00 | 2/15/2013 |
| /TRI STATE ADV SURG CTR | 10/10/2013 | 12/23/2013 | $5,556.00 | 2/13/2014 |
| /TRI STATE ADVANCED SURGE | 6/28/2013 | 10/17/2013 | $5,556.00 | 10/23/2013 |
| /TRI STATE ADVANCED SURGE | 6/28/2013 | 10/17/2013 | $5,556.00 | 10/23/2013 |
| /TRI STATE ADV SURG CTR | 12/26/2013 | 1/9/2014 | $5,328.00 | 1/15/2014 |
| /TRI STATE ADVANCED SURGE | 8/6/2013 | 8/9/2013 | $2,664.00 | 8/13/2013 |
| /TRI STATE ADVANCED SURGE | 6/26/2013 | 7/11/2013 | $5,328.00 | 7/22/2013 |
| /TRI STATE ADVANCED SURGE | 1/20/2014 | 3/11/2014 | $6,103.00 | 3/15/2014 |
| /TRI STATE ADV SURG CTR | 4/10/2014 | 4/17/2014 | $5,328.00 | 5/9/2014 |
| /TRI STATE ADV SURG CTR | 12/6/2013 | 12/13/2013 | $5,328.00 | 1/9/2014 |
| /TRI STATE ADV SURG CTR | 12/23/2013 | 12/31/2013 | $5,328.00 | 1/23/2014 |
| /TRI STATE ADVANCED SURGE | 2/5/2013 | 2/14/2013 | $5,328.00 | 8/21/2013 |
| /TRI STATE ADVANCED SURGE | 6/24/2013 | 6/27/2013 | $2,664.00 | 8/14/2013 |
| /TRI STATE ADV SURG CTR | 12/11/2013 | 12/19/2013 | $26,271.40 | 4/24/2014 |
| /TRI STATE ADV SURG CTR | 12/11/2013 | 12/19/2013 | $26,271.40 | 4/24/2014 |
| /TRI STATE ADVANCED SURGE | 2/26/2013 | 3/1/2013 | $5,328.00 | 4/19/2013 |
| /TRI STATE ADVANCED SURGE | 2/27/2013 | 3/2/2013 | $2,664.00 | 4/19/2013 |
| /TRI STATE ADVANCED SURGE | 1/14/2014 | 3/6/2014 | $8,458.00 | 3/13/2014 |
| /TRI STATE ADVANCED SURGE | 6/21/2013 | 7/11/2013 | $5,328.00 | 7/22/2013 |
| /TRI STATE ADVANCED SURGE | 8/30/2013 | 10/24/2013 | $27,351.00 | 11/7/2013 |
| /TRI STATE ADVANCED SURGE | 4/24/2013 | 9/5/2013 | $40,392.00 | 12/27/2013 |
| /TRI STATE ADVANCED SURGE | 4/24/2013 | 9/5/2013 | $40,715.00 | 1/28/2014 |
| /TRI STATE ADVANCED SURGE | 6/25/2013 | 10/19/2013 | $5,328.00 | 10/29/2013 |
| /TRI STATE ADV SURG CTR | 2/11/2014 | 3/24/2014 | $9,331.08 | 3/28/2014 |
| /TRI STATE ADV SURG CTR | 12/18/2013 | 1/9/2014 | $84,675.71 | 2/3/2014 |
| /TRI STATE ADV SURG CTR | 12/18/2013 | 1/9/2014 | $84,675.71 | 2/3/2014 |
| /TRI STATE ADV SURG CTR | 8/29/2013 | 11/2/2013 | $5,556.00 | 11/11/2013 |
| /TRI STATE ADV SURG CTR | 2/12/2014 | 3/21/2014 | $107,162.32 | 4/4/2014 |
| /TRI STATE ADV SURG CTR | 11/6/2013 | 1/14/2014 | $16,548.00 | 2/24/2014 |
| /TRI STATE ADV SURG CTR | 10/2/2013 | 10/9/2013 | $27,350.72 | 1/28/2014 |
| /TRI STATE ADV SURG CTR | 7/24/2013 | 12/16/2013 | $2,664.00 | 12/21/2013 |
| /TRI STATE ADV SURG CTR | 2/15/2013 | 10/29/2013 | $6,103.00 | 11/12/2013 |
| /TRI STATE ADV SURG CTR | 12/27/2013 | 2/5/2014 | $5,328.00 | 2/6/2014 |
| /TRI STATE ADVANCED SURGE | 1/18/2013 | 2/12/2013 | $6,103.00 | 2/13/2013 |
| /TRI STATE ADVANCED SURGE | 2/15/2013 | 3/7/2013 | $6,103.00 | 3/8/2013 |
| /TRI STATE ADVANCED SURGE | 5/7/2013 | 7/13/2013 | $55,703.76 | 7/26/2013 |
| /TRI STATE ADVANCED SURGE | 8/28/2013 | 9/4/2013 | $24,426.00 | 9/19/2013 |
| /TRI STATE ADVANCED SURGE | 9/23/2013 | 10/25/2013 | $5,556.00 | 11/8/2013 |
| /TRI STATE ADVANCED SURGE | 12/12/2013 | 2/19/2014 | $5,556.00 | 2/27/2014 |

| | | | | |
|---|---|---|---|---|
| /TRI STATE ADVANCED SURGE | 10/25/2013 | 11/23/2013 | $32,679.00 | 12/9/2013 |
| /TRI STATE ADVANCED SURGE | 12/13/2013 | 1/30/2014 | $7,519.00 | 2/1/2014 |
| /TRI STATE ADVANCED SURGE | 12/13/2013 | 1/28/2014 | $8,458.00 | 2/1/2014 |
| /TRI STATE ADVANCED SURGE | 8/2/2013 | 10/17/2013 | $13,786.00 | 10/21/2013 |
| /TRI STATE ADVANCED SURGE | 7/29/2013 | 8/15/2013 | $46,188.00 | 9/11/2013 |
| /TRI STATE ADVANCED SURGE | 3/29/2013 | 4/3/2013 | $5,328.00 | 9/10/2013 |
| /TRI STATE ADVANCED SURGE | 4/19/2013 | 4/25/2013 | $5,328.00 | 9/10/2013 |
| /TRI STATE ADVANCED SURGE | 4/17/2013 | 8/23/2013 | $81,107.00 | 8/24/2013 |
| /TRI STATE ADVANCED SURGE | 6/6/2013 | 11/22/2013 | $12,248.00 | 12/7/2013 |
| /TRI STATE ADVANCED SURGE | 7/25/2013 | 8/15/2013 | $48,584.00 | 10/7/2013 |
| /TRI STATE ADVANCED SURGE | 3/26/2013 | 8/19/2013 | $49,155.00 | 9/13/2013 |
| /TRI STATE ADVANCED SURGE | 3/27/2013 | 4/17/2013 | $21,693.00 | 5/3/2013 |
| /TRI STATE ADVANCED SURGE | 3/27/2013 | 4/17/2013 | $21,693.00 | 5/3/2013 |
| /TRI STATE ADVANCED SURGE | 4/10/2013 | 10/17/2013 | $22,023.00 | 10/21/2013 |
| /TRI STATE ADVANCED SURGE | 2/11/2014 | 4/30/2014 | $9,325.00 | 5/7/2014 |
| /TRI STATE ADVANCED SURGE | 2/21/2014 | 4/19/2014 | $31,974.00 | 4/25/2014 |
| /TRI STATE ADVANCED SURGE | 2/21/2014 | 4/19/2014 | $31,974.00 | 4/21/2014 |
| /TRI STATE ADVANCED SURGE | 2/21/2014 | 4/19/2014 | $31,974.00 | 4/21/2014 |
| /TRI STATE ADVANCED SURGE | 2/21/2014 | 4/24/2014 | $31,974.00 | 4/25/2014 |
| /TRI STATE ADVANCED SURGE | 2/21/2014 | 4/30/2014 | $22,649.00 | 5/7/2014 |
| /TRI STATE ADVANCED SURGE | 7/31/2013 | 9/5/2013 | $115,530.00 | 9/6/2013 |
| /TRI STATE ADVANCED SURGE | 12/19/2012 | 1/3/2013 | $2,664.00 | 1/5/2013 |
| /TRI STATE ADVANCED SURGE | 12/19/2012 | 1/3/2013 | $2,664.00 | 1/5/2013 |
| /TRI STATE ADVANCED SURGE | 7/16/2013 | 8/13/2013 | $69.60 | 8/15/2013 |
| /TRI STATE ADVANCED SURGE | 11/15/2013 | 12/6/2013 | $5,328.00 | 12/13/2013 |
| /TRI STATE ADVANCED SURGE | 7/24/2013 | 8/21/2013 | $8,051.00 | 8/22/2013 |
| /TRI STATE ADVANCED SURGE | 3/31/2014 | 4/22/2014 | $7,135.00 | 4/26/2014 |
| /TRI STATE ADVANCED SURGE | 5/19/2014 | 6/18/2014 | $2,664.00 | 6/21/2014 |
| /TRI STATE ADVANCED SURGE | 6/6/2013 | 10/17/2013 | $8,458.00 | 10/21/2013 |
| /TRI STATE ADVANCED SURGE | 5/15/2014 | 6/5/2014 | $5,556.00 | 6/11/2014 |
| /TRI STATE ADVANCED SURGE | 10/31/2013 | 2/14/2014 | $5,556.00 | 2/20/2014 |
| /TRI STATE ADVANCED SURGE | 6/28/2013 | 7/12/2013 | $2,664.00 | 7/13/2013 |
| /TRI STATE ADVANCED SURGE | 7/9/2013 | 8/13/2013 | $69.60 | 10/18/2013 |