IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| TRI STATE ADVANCED SURGERY CENTER, LLC, GLENN A. CROSBY II, M.D., F.A.C.S., and MICHAEL HOOD, M.D.,<br><br>    Plaintiffs<br><br>v.<br><br>HEALTH CHOICE, LLC, and<br>    CIGNA HEALTHCARE OF TENNESSEE, INC.,<br><br>    Defendants | Case No. 3:14-CV-00143-JM |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, CIGNA HEALTH AND LIFE INSURANCE COMPANY, and CIGNA HEALTHCARE OF TENNESSEE, INC.,<br><br>    Counterclaim Plaintiffs<br>v.<br><br>SURGICAL CENTER DEVELOPMENT, INC. D/B/A SURGCENTER DEVELOPMENT, and TRI STATE ADVANCED SURGERY CENTER, LLC,<br><br>    Counterclaim Defendants | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure ("Rule") 15 and Eastern District of Arkansas Local Rule ("Local Rule") 5.5, Plaintiffs, by and through undersigned counsel, hereby submit this Motion for Leave to File an Amended Complaint. As the Court is aware, on April 16, 2015, the Court dismissed Plaintiffs' Sherman Act claims with prejudice.[1] However, Plaintiffs believe

---

[1] Despite dismissing some claims with prejudice and declining to exercise supplemental jurisdiction over the state law claims, the Court did not enter judgment on the claims and did not provide the necessary language under Rule 54(b) to make this a final appealable judgment. Thus, as of today, the Court's decision leaves Plaintiffs in some

1

that the Proposed Amended Complaint, attached hereto as Exhibit A, addresses the issues identified by the Court. Accordingly, amendment is not futile. Plaintiffs respectfully request leave to amend. Plaintiffs have met and conferred with the Defendants and they oppose this Motion (the "Motion for Leave to Amend").

## I. Background

On June 5, 2014, Tri State Advanced Surgery Center, LLC ("Tri State"), Glenn A. Crosby II, M.D., F.A.C.S., and Michael Hood, M.D. (collectively, "Plaintiffs") filed their Complaint (the "Complaint") against Health Choice, LLC and Cigna Healthcare of Tennessee, Inc. (collectively, "Defendants"). (Docket No. 1.) In the Complaint, Plaintiffs alleged that Defendants violated Section 1 of the Sherman Act, and brought several state law causes of action. (*See id.*) On August 29, 2014, Defendants filed motions to dismiss the Complaint. (Docket Nos. 43, 45.)

Also on August 29, 2014, Connecticut General Life Insurance Company, Cigna Health and Life Insurance Company, and Cigna Healthcare of Tennessee, Inc. (collectively, "Counterclaim Plaintiffs") filed counterclaims (the "Counterclaims") against Tri State and Surgical Center Development, Inc. d/b/a SurgCenter Development (collectively, "Counterclaim Defendants). (Docket No. 49.) On October 10, 2014, Counterclaim Defendants moved to dismiss the Counterclaims. (Docket No. 61.) The Court has not yet ruled on that motion.

On September 17, 2014, before the Court ruled on Defendants' Motions to Dismiss, the Court entered the Amended Final Scheduling Order (the "Scheduling Order") which set discovery deadlines. (Docket No. 59.) The Scheduling Order requires that all discovery in this case be completed by December 4, 2015. (*Id.*)

---

degree of limbo awaiting resolution of Cigna's counterclaims. Counterclaim Defendants' Motion to Dismiss those claims remains pending at this time. If necessary, Plaintiffs ask the Court to consider this, in the alternative, a motion to reconsider its April 16 Order dismissing Plaintiffs' claims with prejudice under Rule 60(b), in addition to a motion for leave to amend, as it demonstrates that dismissal with prejudice was not necessary and that Plaintiffs' claims are not futile.

In December, 2014, in order to complete discovery pursuant to the Scheduling Order, the parties served interrogatories and requests for production of documents. These interrogatories and requests for production asked for documents and information relating to all of Plaintiffs' claims, including their Sherman Act claim. Between December, 2014 and March, 2015, the parties met and conferred regarding the scope of the requests and interrogatories, and produced information relating to all Plaintiffs' claims.

On April 16, 2015, the Court dismissed Plaintiffs' claims (as amended by the Court's April 20, 2015 Amended Order, the "Court's Order"). (Docket Nos. 78, 79.) The Court reasoned that because Plaintiffs' allegations focused on actions taken by Health Choice and Cigna, Plaintiffs' Sherman Act claim should be analyzed under the rule of reason. (*Id.*) The Court concluded that Plaintiffs' allegations failed the rule of reason analysis because Plaintiffs' allegations failed to demonstrate either that Defendants' actions had genuine adverse effects on competition or that Defendants had market power. (*Id.*) The Court then dismissed Plaintiffs' state law claims on the basis that it could no longer exercise supplemental jurisdiction over those claims. (*Id.*)

## II. Statement of Changes In Proposed Amended Complaint

Pursuant to Local Rule 5.5, below is a summary of the changes in Plaintiffs' Proposed Amended Complaint (attached as Exhibit A).[2]

Plaintiffs added allegations related to the following: The closure of Crittenden Regional Hospital (*see* Proposed Amended Complaint ¶ 2); that Tri State cannot treat patients without physician referrals (*see id.* ¶¶ 4, 10); Health Choice's CEO Mitch Graves' former responsibility for Health Choice's partner Methodist's ASCs (*see id.* ¶ 20); Health Choice's actions related to diverting patients from Tri State (*see id.* ¶ 31); the detrimental effects Defendants' actions have

---

[2] Plaintiffs are happy to provide a redlined version of the Proposed Amended Complaint if the Court believes it will assist with resolution of the Motion for Leave to Amend.

had on Cigna's members (*see id.* ¶¶ 34-35); additional and alternative market allegations clarifying the relevant markets for the purpose of Plaintiffs' Sherman Act claim (*see id.* ¶¶ 36-45, 93, 97); details from the June 27, 2013 threat letters Cigna sent to Drs. Crosby and Hood (*see id.* ¶¶ 57-58); evidence that Cigna's termination of Dr. Hood was based on referrals to Tri State (*see id.* ¶ 67).

### III. Argument

Rule 15 states that other than when a party may amend its complaint as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." *Id.*

"A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1015 (8th Cir. 2015) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir.2005)) (internal quotations marks omitted).

Because none of the above reasons is present in this case, the Court should grant Plaintiffs' Motion for Leave to Amend.

#### A. There Is No Prejudice

Defendants will not be prejudiced if the Court grants Plaintiffs leave to amend the Complaint. It is Defendants' burden to demonstrate that allowing Plaintiffs to amend the Complaint would be prejudicial to Defendants. *See Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987) ("The burden of proof of prejudice is on the party opposing amendment." (citing *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir.1977))).

However, it is clear that Defendants would not suffer any prejudice as a result of the Court's granting Plaintiffs leave to amend. Prejudice is routinely found to be absent where a plaintiff intends to amend her complaint in order to plead facts related to the same or similar claims, as Plaintiffs do here. *See, e.g.*, *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (noting that courts are found to have abused their discretion in denying motions for leave to amend where "amendments [are] based on facts similar to the original complaint") (citing cases); *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987) (finding no prejudice where "[t]he amendment [movant] seeks would not alter the claims originally asserted in any way."). As described, until the Court's Order, the parties had continued with discovery, including discovery related to Plaintiffs' Sherman Act claim. Thus, granting leave to amend will not prejudice any party at this time.

### B. There Has Been No Undue Delay, Dilatory Motives, Or Bad Faith

Plaintiffs' Motion for Leave to Amend is not the result of delay or bad faith. Even if there were delay, it is well-settled that "delay alone is not a sufficient reason for denying leave," and that "[t]he delay must have resulted in prejudice to the party opposing the motion." *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). As outlined above, granting leave to amend would not prejudice Defendants. Further, Plaintiffs have moved quickly to amend the Complaint following the Court's Order. Plaintiffs have carefully reviewed the Court's Order and the concerns expressed by the Court, worked to gather additional facts, and promptly presented an amendment which addresses the Court's issues. There has been no delay or bad faith.

Moreover, the harm to Plaintiffs that would result if leave to amend is not granted outweighs any prejudice Defendants might face. The Eighth Circuit has held that "even where

5

some prejudice to the adverse party would result if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if it is denied." *Id.* If leave to amend is not granted, Plaintiffs will be forced to re-file their state law claims in state court, engage in parallel actions, and conduct dual discovery. These hardships greatly outweigh any potential harm to Defendants.

Finally, Plaintiffs' Motion for Leave to Amend is not made in bad faith. Plaintiffs' allegations of the relevant markets were based on the information available to them at the time, before hiring an expert.

### C. Plaintiffs Have Cured Any Deficiencies In The Complaint And The Proposed Amended Complaint Is Not Futile

Plaintiffs' Proposed Amended Complaint is not futile because it will likely survive a motion to dismiss on the basis of failure to state a claim under Rule 12(b)(6) since Plaintiffs' claims are not frivolous. "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). Plaintiffs have digested the Court's Order, and believe they have provided additional allegations which will withstand a Rule 12(b)(6) Motion.

Here, Plaintiffs' allegations in the Proposed Amended Complaint are not frivolous. Plaintiffs have added additional facts and market allegations to address the issues raised by the Court in its Order. First, Plaintiffs have alleged additional alternative product markets and more fully explained the original product market allegations. (*See* Proposed Amended Complaint ¶¶ 36-43.) In addition, Plaintiffs have more fully alleged the detrimental effects of Defendants'

violations of the Sherman Act. (*See id.* ¶¶ 31, 34-35.) Plaintiffs have also amended their geographic market allegations to more specifically allege the geographic market explained in Plaintiffs' Responses to Defendants' Motion to Dismiss. (*See id.* ¶¶ 44-45.) Finally, Plaintiffs have alleged additional facts related to the conspiracy, and market and antitrust impact, which all bear on the plausibility of Plaintiffs' antitrust allegations. (*See id.* ¶¶ 31, 34-35.) Taken together, Plaintiffs' Proposed Amendment Complaint addresses the Court's concerns in its Order and should compel a different result on any subsequently filed motion to dismiss.

Because Plaintiffs have more fully set out the detrimental effects of Defendants' Sherman Act violations, definition of a relevant market is not necessary. Nevertheless, Plaintiffs have not only bolstered their original allegations with respect to product market but have plausibly alleged an alternative relevant product market. (*See id.* ¶¶ 36-43.) As set forth in detail in the Proposed Amended Complaint, the relevant product market is alternatively the market for the purchase of surgical services or procedures which do not require hospitalization, including orthopaedic surgery, sports medicine, spinal surgery, otolaryngology, and interventional pain management by commercial insurers. (*Id.* ¶¶ 38-39.)

Unlike the plaintiffs in *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591 (8th Cir. 2009), Plaintiffs, in the Proposed Amended Complaint, explain why government insurance programs such as Medicare and Medicaid are not interchangeable alternatives for commercial insurers as purchasers of surgical services or procedures which do not require hospitalization, and, accordingly, why governmental insurers would not be included in the relevant product market. (*See* Proposed Amended Complaint ¶ 39.) As noted in the Proposed Amended Complaint, Medicare is limited to the elderly and disabled. (*Id.*) Patients cannot freely move from commercial insurers to Medicare. (*Id.*) Accordingly, the Medicare population is fixed

and healthcare providers as a whole cannot increase patient workload by switching from commercially insured patients to Medicare patients. (*Id.*) The same is true for Medicaid. (*Id.*) Moreover, Medicare and Medicaid do not provide viable alternatives because they pay significantly lower rates and, in fact, often pay cost of below-cost prices. As the Department of Justice has recognized, "[m]any physicians use their commercial health insurance business to compensate for the lower revenue earned from Medicare and Medicaid business." Complaint at 41, *United States v. UnitedHealth Group, Inc.,* No. 1:05-cv-02436-RMU (D.D.C. Dec. 20, 2005), *available at* http://www.justice.gov/atr/cases/f213800/213815.htm. As the Court in *Methodist Hospital Services Corp. v. OSF Healthcare Sys.*, No. 1:13-cv-01054-SLDJEH, 2015 WL 1399229 (C.D. Ill. Mar. 25, 2015) recently recognized, allegations "that access to privately-insured patients is critical to a healthcare provider's long-term sustainability in light of the comparatively low prices providers are required to charge patients covered by government plans for the same services" distinguishes the Eighth Circuit's opinion in *Little Rock Cardiology Clinic*. *Id.* at *4-7. Access to privately-insured patients, such as those insured by Cigna, is critical to Plaintiffs' long-term sustainability. Accordingly, Medicare and Medicaid do not provide interchangeable alternatives for commercial insurers. Thus, this relevant product market should suffice for purposes of a Motion to Dismiss, particularly with Plaintiffs' additional factual allegations.

Plaintiffs' amended allegations, taken as true, would survive a motion to dismiss. *See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir. 1981) ("The district court's decision to deny plaintiffs' motion to amend their complaint may have been based, in part, on a perception that the plaintiffs were unlikely to succeed on the merits of their claim. The amendments should be denied on this basis only if they assert clearly frivolous claims or

defenses."). Thus, Plaintiffs' Motion for Leave to Amend should not be denied on the basis of futility.

## IV. Conclusion

As described above, none of the reasons for denying leave to amend is present in this case, and thus, leave for amend should be granted.

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion for Leave to Amend the Complaint and accept the Proposed Amended Complaint for filing and deem it filed as of May 15, 2015.

Dated: May 15, 2015

                                                Respectfully submitted,

                                                */s/ W. Tucker Brown*
                                                Joe R. Whatley Jr.
                                                W. Tucker Brown
                                                Whatley Kallas, LLP
                                                2001 Park Place North
                                                1000 Park Place Tower
                                                Birmingham, AL 35203
                                                Phone: (205) 488-1200
                                                Fax: (800) 922-4851
                                                E-mail: jwhatley@whatleykallas.com
                                                         tbrown@whatleykallas.com

                                                Edith M. Kallas
                                                Whatley Kallas, LLP
                                                1180 Avenue of the Americas, 20th Floor
                                                New York, NY 10036
                                                Phone: (212) 447-7060
                                                Fax: (800) 922-4851
                                                E-mail: ekallas@whatleykallas.com

        Deborah J. Winegard
        Whatley Kallas, LLP
        1068 Virginia Avenue NE
        Atlanta, GA 30306
        Phone: (404) 607-8222
        Fax: (404) 220-9625
        E-mail: dwinegard@whatleykallas.com

        John Emerson
        Emerson Poynter LLP
        1301 Scott Street
        Little Rock, AR 72202
        Telephone: (501) 907-2555
        Fax: (501) 907-2556
        Email: jemerson@emersonpoynter.com

**CERTIFICATE OF SERVICE**

 I hereby certify that on this 15th day of May, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

| | |
|---|---|
| Leigh M. Chiles (#98223) | John E. Tull, III (#84150) |
| Leo M. Bearman, Jr. (admitted *pro hac vice*) | Chad W. Pekron (#2008144) |
| Matthew S. Mulqueen | Robert Ryan Younger (#2008209) |
| (admitted *pro hac vice*) | Quattlebaum, Grooms, Tull & Burrow, PLLC |
| Baker, Donelson, Bearman, Caldwell & Berkowitz, PC | 111 Center Street |
| First Tennessee Bank Building | Suite 1900 |
| 165 Madison Avenue | Little Rock, AR 72201-3325 |
| Suite 2000 | Telephone: (501) 379-1700 |
| Memphis, TN 38103 | cpekron@qgtb.com |
| Telephone: (901) 577-2207 | jtull@qgtb.com |
| Facsimile: (901) 577-2303 | ryounger@qgtb.com |
| lchiles@bakerdonelson.com | |
| lbearman@bakerdonelson.com | Joshua B. Simon |
| mmulqueen@bakerdonelson.com | Warren Haskel |
| | Ryan D. McEnroe |
| | Dmitriy G. Tishyevich |
| Lea Carol Owen (admitted *pro hac vice*) | Christian Reigstad |
| Baker, Donelson, Bearman, Caldwell & Berkowitz, PC | Terence Y. Leong |
| | (all admitted *pro hac vice*) |
| 211 Commerce Street | Kirkland & Ellis LLP |
| Suite 800 | 601 Lexington Avenue |
| Nashville, TN 37201 | New York, NY 10022 |
| Telephone: (615) 726-5600 | Telephone: (212) 446-4800 |
| cowen@bakerdonelson.com | Facsimile: (212) 446-4900 |
| | jsimon@kirkland.com |
| | whaskel@kirkland.com |
| | rmcenroe@kirkland.com |
| | dtishyevich@kirkland.com |
| | creigstad@kirkland.com |
| | tleong@kirkland.com |

                */s/ W. Tucker Brown*
                Of Counsel