**IN THE UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

| | |
|---|---|
| TRI STATE ADVANCED SURGERY CENTER, LLC, GLENN A. CROSBY II, M.D., F.A.C.S., and MICHAEL HOOD, M.D.,<br><br>      Plaintiffs<br><br>v.<br><br>HEALTH CHOICE, LLC, and CIGNA HEALTHCARE OF TENNESSEE, INC.,<br><br>      Defendants | Case No. 3:14-CV-00143-JM |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, CIGNA HEALTH AND LIFE INSURANCE COMPANY, CIGNA HEALTH AND LIFE INSURANCE COMPANY, and CIGNA HEALTHCARE OF TENNESSEE, INC.,<br><br>      Counterclaim Plaintiffs<br>v.<br><br>SURGICAL CENTER DEVELOPMENT, INC. D/B/A SURGCENTER DEVELOPMENT, and TRI STATE ADVANCED SURGERY CENTER, LLC,<br><br>      Counterclaim Defendants | |

**COUNTERCLAIM DEFENDANTS' MEMORANDUM IN**
**SUPPORT OF THEIR MOTION TO STAY DISCOVERY**

Counterclaim Defendants Tri State Advanced Surgery Center, LLC and Surgical Center

Development, Inc. d/b/a SurgCenter Development respectfully move this Court for an order

staying all discovery in this matter pending the outcome of Plaintiffs' Motion for Leave to File

an Amended Complaint ("Motion for Leave to Amend") (Docket No. 80). A stay of discovery is

crucial in this case because many of the parties' discovery requests and obligations are related to Plaintiffs' dismissed Sherman Act claim, and without a stay, would subject the parties to unnecessary duplicative discovery. Counterclaim Defendants met and conferred with Counterclaim Plaintiffs, and they oppose this Motion.

## I.   Background

On June 5, 2014, Plaintiffs filed their Complaint against Defendants Health Choice, LLC and Cigna Healthcare of Tennessee, Inc. (Docket No. 1.) On August 29, 2014, Defendants filed Motions to Dismiss Plaintiffs' Complaint. (Docket Nos. 43, 45.) On September 17, 2014, however, before the Court ruled on Defendants' Motions to Dismiss, the Court entered its Amended Final Scheduling Order (the "Scheduling Order"), which, *inter alia*, set discovery deadlines. (Docket No. 59.)

In order to complete discovery pursuant to the Scheduling Order, in December 2014, before the Court ruled on the Motions to Dismiss, the parties served interrogatories and requests for production of documents. These interrogatories and requests all contemplated Plaintiffs' Sherman Act claim and discovery was served on each of the original Plaintiffs.

Since the discovery requests were served, the parties have met and conferred regarding the proper scope of each of those requests, and how a search for ESI should be conducted. These discussions, which involved the negotiation of custodians and search terms, also contemplated that discovery would include information related to Plaintiffs' Sherman Act claim. In addition, discovery was served on Dr. Crosby, Dr. Hood, and Health Choice, who are not parties to the remaining claims. Counterclaim Plaintiffs have requested that former Plaintiffs Dr. Crosby and Dr. Hood provide discovery even though they are no longer parties to the action. This creates

issues with respect to the appropriate discovery required in this case that might be resolved by a final decision on the Motion for Leave to Amend.

On April 16, 2015, the Court dismissed Plaintiffs' Sherman Act claim against Defendants, as well as Plaintiffs' state law claims (for lack of supplemental jurisdiction with leave to re-file in State Court). (Docket No. 78.) Plaintiffs are filing a Motion for Leave to Amend in order to address the Court's concerns and to replead the allegations that support their Sherman Act claim.

In addition, Counterclaim Defendants' Motion to Dismiss Cigna's Counterclaims remains pending. Should the Court dismiss those claims, the discovery done here would be done in vain. In light of the posture, a brief hiatus in discovery to resolve these other Motions is appropriate.

## II.  Discussion

The Court has power to stay discovery. *See, e.g.*, *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990) (noting that the district court did not abuse its discretion in staying the federal case since that is a matter of docket management). The Court's ability to stay discovery pending the outcome of Plaintiff's motion to amend is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). This is one of those situations.

As demonstrated in Plaintiffs' Motion for Leave to Amend, the Court should grant leave to amend the Complaint here, and allow the Plaintiffs to fully allege their Sherman Act claim. "A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."

*Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1015 (8th Cir.

2015) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir.2005)) (internal quotations marks omitted). As described more fully in Plaintiffs' Motion for Leave to Amend, none of these factors is present here. Therefore, Plaintiffs will likely succeed on their Motion for Leave to Amend.

If discovery is not stayed pending Plaintiffs' Motion for Leave to Amend, the parties will have to engage in costly duplicative discovery. The actual process of producing electronically stored information ("ESI") is inherently very expensive and time-consuming: ESI discovery involves the negotiation of search terms and custodians, the collection of ESI by vendors hired by the parties, attorney review of each document located by those searches, and the production of that ESI. No party would want to go through this expense twice or be forced to conduct additional discovery when it could more efficiently be completed in one move.

The parties have already met and conferred regarding which search terms and custodians will be used to locate relevant electronically stored information ("ESI"). As it stands, the parties are now discussing which search terms are no longer relevant to the action in light of the Court's Order. During meet and confers with Cigna's counsel, the parties have discussed removing all search terms related to Health Choice and Plaintiffs' antitrust claim. These changes have greatly reduced the scope of the discovery. This would also be true if Counterclaim Defendants succeed on their Motion to Dismiss Cigna's Counterclaims. A stay pending resolution of both of those Motions would be most appropriate to avoid costly and potentially unnecessary duplicative discovery.

In light of these negotiated changes in the scope of discovery, if discovery is not stayed pending the outcome of Plaintiffs' Motion for Leave to Amend, the parties may be forced to conduct discovery twice: once without search terms and custodians related to Plaintiffs' Health

Choice allegations and Plaintiffs' Sherman Act claim, and once including those terms and custodians. As a result, the parties will incur substantial costs—both in time and resources— associated with conducting a second search of ESI which does include these antitrust-related terms. Moreover, having to conduct a pull, search and review of ESI twice would likely delay the adjudication of the claims in this case, therefore wasting the Court's time. Each of the parties has agreed to forego at least certain search terms and perhaps other discovery in light of the dismissal of Plaintiffs' claims. Thus, should Plaintiffs amendment be allowed, the parties would have to go back and re-do this discovery. This does not even consider the possibility that the parties would begin depositions of key witnesses without knowing the final scope of the case. Duplicating depositions will waste the parties' time and money. The parties and the Court will avoid this duplicative cost if the Court briefly stays the current discovery deadlines pending the outcome of Plaintiffs' Motion for Leave to Amend or Counterclaim Defendants' Motion to Dismiss.

Finally, in the event the Motion for Leave to Amend is not granted, a brief stay of discovery to resolve these issues should not significantly affect the parties' ability to complete discovery in this case within a reasonable time period.

## III.  Conclusion

For these reasons, Plaintiffs respectfully request that the Court stay discovery pending the outcome of Plaintiffs' Motion for Leave to Amend.

Dated: May 18, 2015

Respectfully submitted,


*/s/ W. Tucker Brown*
Joe R. Whatley Jr.
W. Tucker Brown
Whatley Kallas, LLP
2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Phone: (205) 488-1200
Fax: (800) 922-4851
E-mail: jwhatley@whatleykallas.com
        tbrown@whatleykallas.com

Edith M. Kallas
Whatley Kallas, LLP
1180 Avenue of the Americas, 20th Floor
New York, NY 10036
Phone: (212) 447-7060
Fax: (800) 922-4851
E-mail: ekallas@whatleykallas.com

Deborah J. Winegard
Whatley Kallas, LLP
1068 Virginia Avenue NE
Atlanta, GA 30306
Phone: (404) 607-8222
Fax: (404) 220-9625
E-mail: dwinegard@whatleykallas.com

John Emerson
Emerson Poynter LLP
1301 Scott Street
Little Rock, AR 72202
Telephone: (501) 907-2555
Fax: (501) 907-2556
Email: jemerson@emersonpoynter.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of May, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.


Leigh M. Chiles (#98223)
Leo M. Bearman, Jr. (admitted *pro hac vice*)
Matthew S. Mulqueen
(admitted *pro hac vice*)
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
First Tennessee Bank Building
165 Madison Avenue
Suite 2000
Memphis, TN 38103
Telephone: (901) 577-2207
Facsimile: (901) 577-2303
lchiles@bakerdonelson.com
lbearman@bakerdonelson.com
mmulqueen@bakerdonelson.com


Lea Carol Owen (admitted *pro hac vice*)
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
211 Commerce Street
Suite 800
Nashville, TN 37201
Telephone: (615) 726-5600
cowen@bakerdonelson.com

John E. Tull, III (#84150)
Chad W. Pekron (#2008144)
Robert Ryan Younger (#2008209)
Quattlebaum, Grooms, Tull & Burrow, PLLC
111 Center Street
Suite 1900
Little Rock, AR 72201-3325
Telephone: (501) 379-1700
cpekron@qgtb.com
jtull@qgtb.com
ryounger@qgtb.com

Joshua B. Simon
Warren Haskel
Ryan D. McEnroe
Dmitriy G. Tishyevich
Christian Reigstad
Terence Y. Leong
(all admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
jsimon@kirkland.com
whaskel@kirkland.com
rmcenroe@kirkland.com
dtishyevich@kirkland.com
creigstad@kirkland.com
tleong@kirkland.com


*/s/ W. Tucker Brown*
Of Counsel