**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

TRI STATE ADVANCED SURGERY
CENTER, LLC, GLENN A. CROSBY II, M.D.,
F.A.C.S., and MICHAEL HOOD, M.D.                                    PLAINTIFFS

v.                              Case No. 3:14-CV-00143-JM

HEALTH CHOICE, LLC,
and CIGNA HEALTHCARE OF TENNESSEE, INC.                     DEFENDANTS

-------------------------------------------------------------------------------------------------------------------
CONNECTICUT GENERAL LIFE INSURANCE
COMPANY, CIGNA HEALTH AND
LIFE INSURANCE COMPANY, and CIGNA
HEALTHCARE OF TENNESSEE, INC.,              COUNTERCLAIM-PLAINTIFFS

v.

SURGICAL CENTER DEVELOPMENT, INC.
D/B/A SURGCENTER DEVELOPMENT, and
TRI STATE ADVANCED SURGERY CENTER, LLC       COUNTERCLAIM-DEFENDANTS

**COUNTERCLAIM-PLAINTIFFS' NOTICE OF SUPPLEMENTAL
AUTHORITY IN OPPOSITION TO COUNTERCLAIM-DEFENDANTS'
MOTION TO DISMISS COUNTERCLAIMS**

Counterclaim-Plaintiffs Connecticut General Life Insurance Company, Cigna Health and

Life Insurance Company, and Cigna Healthcare of Tennessee, Inc. (collectively, "Counterclaim-

Plaintiffs" or "Cigna") submit a recent decision of the United States District Court for the

District of Maryland in *Connecticut General Life Ins. Co., et al. v. Advanced Surgery Center of

Bethesda LLC, et al.*, No. 14-cv-02376-DKC (D. Md. July 15, 2015) (attached as Ex. A) as

supplemental authority in opposition to Counterclaim-Defendants' Motion to Dismiss

Counterclaims.  (*See* Dkts. 61-62, 67, 68.)  In *Bethesda*, Cigna entities brought claims against

Surgical Center Development, Inc. ("SurgCenter") and several affiliated ambulatory surgical

centers ("ASC") based on the same factual allegations as Cigna's counterclaims here—that is,

1

that the ASCs, together with SurgCenter, engaged in fraudulent "dual pricing" and "fee-forgiving" schemes where they charged patients little or nothing for out-of-network medical services, while charging Cigna exorbitant rates for those same services.  The *Bethesda* court, among other things, denied a motion to dismiss Cigna's state-law claims, and several of its findings have particular relevance to the Counterclaim-Defendants' Motion to Dismiss pending before this Court.

*First*, the *Bethesda* court concluded that Cigna adequately pled claims for fraud, aiding and abetting fraud, and negligent misrepresentation based on the ASCs' and SurgCenter's "dual pricing" and "fee-forgiving" schemes.   (Ex. A at 51-60.)   The *Bethesda* court rejected defendants' argument (the same one Counterclaim-Defendants raise here) that the claim forms the ASCs submitted to Cigna adequately disclosed that they were charging patients discounted rates.  The court found that the ASCs' claim forms "indicate[d] that the insured's billed amount was the same as the amount billed to the Cigna entities, when in fact the Cigna entities allege that it was a different amount entirely," and that "the ASCs' claim forms fail to mention their other cost-sharing reduction practice, which significantly lowered the amounts patients were required to pay."  (*Id.* at 55.)  As a result, the court found that Cigna plausibly alleged that "the ASCs may be liable for fraud or negligent misrepresentation for . . . providing misleading information about their billing practices in their claim forms," and that SurgCenter aided and abetted the fraud because it "designed, implemented, and assisted the ASCs in carrying out the scheme." (*Id.* at 55-56, 60.)

*Second*, the *Bethesda* court found that Cigna also stated a plausible claim for unjust enrichment based on the ASCs' receipt of "inflated claim payments" for their improper dual pricing scheme.  (*Id.* at 61-62.)  This holding is consistent with a decision by the United States

District Court for the District of Colorado in another SurgCenter-related case, *Arapahoe Surgery Center, LLC et al. v. Cigna Healthcare Inc., et al.*, No. 3:14-cv-00143-JM (D. Colo. Mar. 9, 2015), which Counterclaim-Defendants previously filed as supplemental authority here (Dkt. 69-1), and which likewise found that Cigna stated a claim for unjust enrichment by alleging that the ASCs received benefits at Cigna's expense that it would be unjust for them to retain.  (*See* Dkt. 69-1 at 16-17.)

 **Third**, the *Bethesda* court held that Cigna stated a claim for tortious interference by alleging that "Defendants induced their plan members to breach their contracts by agreeing to cost sharing arrangements . . . that conflicted with the terms of their plans, which required that they pay 'out-of-network' cost sharing at 'out-of-network' providers such as the ASCs."  (Ex. A at 63-64.)  This, too, is consistent with the Colorado court's ruling that Cigna adequately stated a tortious interference claim against the ASCs and SurgCenter.  (*See* Dkt. 69-1 at 17-18.)

 **Fourth**, the *Bethesda* court found that Cigna's state-law claims were not preempted by ERISA, as Counterclaim-Defendants argue here.  As Judge Chasanow explained, "the core allegations of misconduct" underlying Cigna's state law claims "arise from Maryland tort law, rather than obligations or duties arising out of the [ERISA] plans themselves."  (*Id.* at 46-47.) The *Bethesda* court found that Cigna's tortious interference claim was not preempted even though the underlying contracts were often ERISA plans, because "the misconduct complained of does not involve ERISA entities and the misadministration of ERISA benefits, but the intermeddling of third party providers in a contract between the Cigna entities, the plan administrators, and the plan beneficiaries," which "may violate a legal duty, separate and apart from any obligation imposed by ERISA."  (*Id.* at 49-50.)  The same rationale applies here.  (*See also* Dkt. 69-1 at 15-16 (Colorado court rejecting ERISA preemption arguments).)

**Finally**, though the *Bethesda* court dismissed Cigna's civil RICO claim, Cigna respectfully disagrees with the court's conclusion that it did not "plausibly alleg[e] that each ASC and SurgCenter were engaged in concerted affairs that were undertaken on behalf of a separately identifiable association-in-fact that is distinct from the ASC and SurgCenter." (*Id.* at 36-37.)  As Cigna alleges here, SurgCenter and Tri State in fact did engage in concerted conduct to further the fraud of the SurgCenter-Tri State enterprise:  SurgCenter not only developed the fraudulent billing schemes used by Tri State and other SurgCenter-affiliated ASCs (*see* Dkt. 49, Counterclaim ¶¶ 58, 88) but also provided ongoing support, including "provid[ing] no-fee management and consulting services in managing and running" the ASCs (*id.* ¶ 51), and "provid[ing] operational support" to them.  (*Id.* ¶ 88.)  Cigna has thus adequately alleged that SurgCenter and Tri State engaged in concerted fraudulent conduct on behalf of a separately identifiable association-in-fact.

Dated:  July 23, 2015

Respectfully submitted,

/s/  *Chad W. Pekron*

Joshua B. Simon
Warren Haskel
Dmitriy G. Tishyevich
  (all admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.simon@kirkland.com
warren.haskel@kirkland.com
dmitriy.tishyevich@kirkland.com

John E. Tull III (84150)
Chad W. Pekron (2008144)
R. Ryan Younger (2008209)
QUATTLEBAUM, GROOMS, TULL
& BURROW, PLLC
111 Center Street, Suite 1900
Little Rock, AR  72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jtull@qgtb.com
cpekron@qgtb.com
ryounger@qgtb.com

*Counsel for Defendant and Counterclaim-Plaintiff Cigna Healthcare*
*of Tennessee, Inc., and Counterclaim-Plaintiffs Connecticut General*
*Life Insurance Company and Cigna Health and Life Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 23, 2015, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Arkansas, using the electronic case filing system of the court, which will send notification of such filing to attorneys of record who are known as "Filing Users."

*/s/ Chad W. Pekron*

Chad W. Pekron