**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

TRI STATE ADVANCED SURGERY
CENTER, LLC, GLENN A. CROSBY II, M.D.,
F.A.C.S., and MICHAEL HOOD, M.D.                                              PLAINTIFFS

v.                                      No. 3:14cv143-JM

HEALTH CHOICE, LLC and
CIGNA HEALTHCARE OF TENNESSEE, INC.                            DEFENDANTS
-------------------------------------------------------------------------------------------------------------------
CONNECTICUT GENERAL LIFE INSURANCE
COMPANY, CIGNA HEALTH AND LIFE
INSURANCE COMPANY, AND CIGNA
HEALTHCAR E OF TENNESSEE, INC.                         COUNTERCLAIM-PLAINTIFFS

v.

SURGICAL CENTER DEVELOPMENT, INC D/B/A
SURGCENTER DEVELOPMENT and TRI STATE
ADVANCED SURGERY CENTER, LLC                       COUNTERCLAIM-DEFENDANTS

<u>ORDER</u>

Pending is a motion filed by Surgical Center Development, Inc. d/b/a SurgCenter

Development ("SurgCenter") and Tri State Advanced Surgery Center, LLC ("Tri State") to

dismiss counterclaims (Docket No. 61).  The counterclaim plaintiffs, Connecticut General Life

Insurance Company, Cigna Health and Life Insurance Company, and Cigna Healthcare of

Tennessee, Inc.(collectively "Cigna"), have responded, and movants have replied, making this

matter ripe for determination.[1]

---

[1] While the parties are styled collectively as counterclaim plaintiffs and counterclaim defendants and referred to by
the parties as such, the Court notes that Connecticut and Cigna Health and Life were not original defendants and,
therefore, are not technically counterclaim plaintiffs.  Likewise, SurgCenter was not an original plaintiff and,
therefore, is not technically a counterclaim defendant.  Pursuant to Rule 21 of the Federal Rules of Civil Procedure,
these three additional parties are joined as indicated in the counterclaims.

Background

The facts as alleged in the counterclaim are as follows.  Cigna is a managed care company that administers health and benefit plans on behalf of employers and individuals.  The plans include both plans that Cigna fully insures from its own funds and employer-insured plans funded by employers.  When a member of a Cigna-managed plan receives medical services, the medical provider submits its charges to Cigna, and Cigna determines which portion of the charge that is the allowed amount to be covered by the plan.  Then Cigna determines which portion of the allowed amount is to be paid by the plan and which portion will be paid by the member in the form of co-payments, deductibles, or co-insurance.

The healthcare plans at issue in this case offer Cigna members the option of receiving care from in-network providers, who have contracted with Cigna to join its network, as well as out-of-network providers.  Providers who have contracted with Cigna generally agree to rates that are lower than the rates charged by out-of-network providers.  In return, Cigna encourages its members to use these in-network providers by requiring members to pay a greater co-insurance percentage for out-of-network services.  Tri State does not have a contract with Cigna and is, thus, considered an out-of-network provider.

Cigna alleges that Tri State has partnered with SurgCenter to develop a fraudulent business model designed to game this system by luring patient members to Tri State by offering to bill and collect for surgical procedures at the member's in-network, or lower, benefits rather than the out-of-network rates that should apply under the terms of the plan.  SurgCenter has developed more than 119 ambulatory surgical centers like Tri State.  It partners with local surgeons to create surgical centers and then provides no-fee management and consulting services

2

for the center, retaining a 35% ownership in each center.  After providing medical services to a

Cigna plan member, Tri State sends Cigna a claim form showing a fee for the services that is

much higher than the Medicare-based rates that Tri-State used to estimate and ultimately

calculate the member's responsibility for the co-insurance amount due. While Tri State states on

its claim forms to Cigna that "the insured's portion of this bill has been reduced in amount so the

patient's responsibility for the deductible and copay amount is billed at in network rates," Tri

State does not disclose that it has charged its patients a different amount than the inflated

"phantom" charge submitted to Cigna for reimbursement.  Rather, it misleads Cigna to believe

that there is a single, fixed price that has been billed both to it and to the patient member.  Tri

State, at the direction of SurgCenter, then waives, or forgives, the proportion of the charges that

the member owes.  Counterclaimants allege that this dual pricing and fee forgiving scheme

results in fraud perpetuated on Cigna.

<u>Motion to Dismiss</u>

Based on these allegations, Cigna filed a counterclaim alleging Employee Retirement

Income Security Act (ERISA) violations against Tri State and Racketeer Influenced and Corrupt

Organizations Act (RICO) violations against Tri State and SurgCenter.  Cigna also requests

declaratory relief in the form of a return of the alleged overpayments and a declaration that the

claims for reimbursement submitted are not for covered services and are not payable.  In

addition, Cigna has alleged the following claims under Arkansas law:  fraud against Tri State,

aiding and abetting fraud against SurgCenter, unjust enrichment against Tri State, and tortious

interference against both counterclaim defendants.  The counterclaim defendants' motion to

dismiss challenges Cigna's standing to bring the claims and also challenges the sufficiency of the

allegations as to each claim.

In reviewing the sufficiency of a plaintiff's allegations when challenged with a motion to dismiss, the court must determine whether the complaint states a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. The court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Cole v. Homier Distributing Co., Inc.* 599 F.3d 856, 861 (8th Cir. 2010).

<u>Standing</u>

Initially, Tri State and SurgCenter challenge Cigna's standing to bring the counterclaims since the counterclaims are brought on behalf of three district entities and Cigna has "failed to plead that any one of the Counterclaim Plaintiffs has sustained an injury as a result of the conduct alleged." (Docket No. 62 at 5). The Court is not persuaded by this argument, made without the benefit of any citation to authority, and reads the counterclaim as asserting each of the allegations on behalf of each of the parties identified in the pleading as "collectively 'Cigna.'" As to the RICO claims, Tri State and SurgCenter argue that counterclaim plaintiffs have not sufficiently alleged that they have each suffered "injury in [its] business or property by reason of a violation of section 1962" as required by 18 U.S.C. §1964(c). The Court disagrees and finds that Cigna, on behalf of all three entities, has sufficiently alleged an injury in the form of payment of fraudulent claim submissions that resulted in overpayments to Tri State. As to the ERISA claims against Tri State, the Court finds that Cigna has alleged facts to demonstrate its

4

standing to pursue claims for both the employer-funded plans and the Cigna-funded plans as it has alleged that it is a plan fiduciary authorized by the plan (as well as by state law) to bring claims on behalf of the injured plans.  The motion to dismiss for lack of standing is denied.

<u>RICO</u>

The parties agree that for the RICO counterclaim to survive a motion to dismiss, Cigna must have sufficiently alleged that Tri State and SurgCenter participated in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sedima S.P.R.L. v. Imrex Co*., 473 U.S. 479, 496 (1985).  To prove the element of enterprise, a plaintiff must show "(1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an ascertainable structure distinct from the conduct of a pattern of racketeering." *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 354-55 (8th Cir. 2011) (citing *United States v. Kragness,* 830 F.2d 842, 855 (8th Cir.1987)). To help with this analysis, the Court must "determine if the enterprise would still exist were the predicate acts removed from the equation." *Handeen v. Lemaire,* 112 F.3d 1339, 1352 (8th Cir. 1997). Furthermore, Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud."

Cigna alleges that SurgCenter developed the fraudulent business model and pitched the scheme to Tri State, then invested in Tri State and provided ongoing operation support, including providing the language used on the allegedly fraudulent claim forms.  The counterclaim alleges that Tri State lured Cigna's plan members to their centers with the promise of fee waivers and in-network rates, provided medical services to members, and then submitted fraudulent claim forms to Cigna with "phantom" rates based on grossly inflated charges.  The Court agrees with the

analysis of the Maryland District Court in the recent decision of *Connecticut General Life Insurance Co. v. Advanced Surgery Center of Bethesda, LLC*, 2015 WL 4394408 at 10-15 (D. Md. July 15, 2015) finding that Cigna's complaint arising out of this same business model fails to allege that an enterprise exists that is separate and distinct from the businesses of SurgCenter and the ambulatory surgery center. Rather, these allegations indicate that while both Tri State and SurgCenter may have been involved in fraudulent activity, the counterclaim fails to plausibly allege that this conduct was undertaken on behalf of a distinct enterprise.  Therefore, the Court finds that Cigna has not pled factual content sufficient to establish facial plausibility for a RICO claim as it has not sufficiently pled the existence of a RICO enterprise, and the motion to dismiss the RICO claim is granted.

<u>ERISA</u>

Cigna has counterclaimed against Tri State seeking to recoup alleged overpayments pursuant to ERISA §502(a)(3).  Cigna also seeks to recoup the alleged overpayments in a claim for declaratory relief requesting a declaration (1) that the claims for reimbursement submitted by Tri State are not for covered services and are therefore not payable under the plans and (2) that Tri State must return all sums received from Cigna.  Tri State has moved to dismiss both the ERISA claim and the claim for declaratory relief.

'A fiduciary may bring a civil action under § 502(a)(3) of ERISA "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).'  *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361 (2006).  This provision has been narrowly interpreted to

authorize only categories of relief that were traditionally available in equity and not available for purely monetary damages. *Mertins v. Hewitt Associates*, 508 U.S. 248, 255 (1993); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002). Cigna attempts to categorize its claims to recoup the alleged overpayments as a claim for equitable relief in the form of "restitution of specifically identifiable funds that were paid to Tri State – the exact amounts that Cigna overpaid to Tri State." (Docket 67 at 12). However, while the amounts may be exact, the funds themselves are not, as claimed by Cigna, specifically identifiable. Cigna relies on *Sereboff* and *Dillard's Inc. v. Liberty Life Assurance Co. of Boston*, 456 F.3d 894 (2006), to bolster its argument that the relief it seeks is equitable. In *Sereboff*, the plan participants agreed to keep the settlement funds paid by a third party in a separate investment account pending the court's decision. In *Dillard's*, the insurer also sought to recover from amounts paid to an insured from a third-party source, the Social Security Administration. In those cases, the Courts held that the claims were for equitable relief as they sought payment from a specifically identified fund paid by a third-party. That is not the situation in the present case, where Cigna seeks a return of overpayments made by Cigna itself and is seeking the recovery from Tri State's general assets. Thus, Cigna's ERISA claims for overpayments to Tri State are not allowable under §502(a)(3), and the motion to dismiss is granted on this point.[2]

Tri State also challenges Cigna's ERISA claims on the theory that Cigna has made an

_____

[2] But see *Connecticut Gen. Life Ins. Co. v. True View Surgery Ctr. One, LP*, No. 3:14-CV-1859 (AVC), 2015 WL 5122269, at *6 (D. Conn. Aug. 31, 2015) (finding that the overpayments were specific funds and that the basis for the claim was equitable).

adverse benefit determination without following the requisite ERISA procedures.  ERISA

defines the term adverse benefit determination as:

> "a denial, reduction, or termination of, or a failure to provide or make payment (in
> whole or in part) for, a benefit, including any such denial, reduction, termination,
> or failure to provide or make payment that is based on a determination of a
> participant's or beneficiary's eligibility to participate in a plan, and including, with
> respect to group health plans, a denial, reduction, or termination of, or a failure to
> provide or make payment (in whole or in part) for, a benefit resulting from the
> application of any utilization review, as well as a failure to cover an item or
> service for which benefits are otherwise provided because it is determined to be
> experimental or investigational or not medically necessary or appropriate."

29 C.F.R. § 2560.503-1.

While Cigna has asked the Court to declare that the claims submitted by Tri State are not

for covered services and are not payable under the plans, it has to this point paid the claims and

not made an adverse benefit determination.  Tri State's motion to dismiss on this point is denied.

As to Cigna's two claims for declaratory relief, the Court finds that Cigna's request that

the Court declare "that Tri State must return all sums received from Cigna" to simply be a

restatement of its claim for a return of overpayments, which the Court has found to be

unauthorized under §502(a); the motion to dismiss this request is granted.  However, Cigna also

requests a declaration that "the claims for reimbursement submitted by Tri State are not for

covered services and are not payable under employee health and welfare benefit plans that are

insured or administered by Cigna."  This request for relief survives the motion to dismiss, which

was directed at past overpayments.

<u>Preemption</u>

Cigna has made several claims under Arkansas law:  fraud and unjust enrichment against

Tri State; aiding and abetting fraud against SurgCenter; and tortious interference with contract

and business expectancy against both.  The counterclaim plaintiffs argue that all of these claims are preempted by ERISA, both as complete preemption as well as express conflict preemption. For the reasons stated below, the motion to dismiss on the basis of preemption is denied.

Under the complete preemption doctrine, where an individual could have brought his claim under the civil remedies provision of ERISA and "where there is no other independent legal duty that is implicated by a defendant's actions," then the claim is completely preempted. *Aetna Health v. Davila*, 542 U.S. 200, 210 (2004).  Here, Cigna's state law claims are focused on the submission of fraudulent claim forms to Cigna by Tri State, with SurgCenter's support and direction.  It is not apparent that the state law claims could have been brought under ERISA; thus, they are not completely preempted.

ERISA's express conflict provision provides that ERISA supersedes "any and all State laws insofar as they ... relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Parkman v. Prudential Ins. Co. of Am.*, 439 F.3d 767, 771 (8th Cir. 2006).  A law relates to a covered employee benefit plan for purposes of ERISA if it has (1) "a connection with" or (2) "reference to such a plan." *Id.* at 771. To determine if a state law claim has a connection with a plan, the Eighth Circuit has set forth a variety factors that can be considered and weighed to assist with this determination, including:

> [1] whether the state law negates an ERISA plan provision, [2] whether the state law affects relations between primary ERISA entities, [3] whether the state law impacts the structure of ERISA plans, [4] whether the state law impacts the administration of ERISA plans, [5] whether the state law has an economic impact on ERISA plans, [6] whether preemption of the state law is consistent with other ERISA provisions, and [7] whether the state law is an exercise of traditional state power.

*Wilson v. Zoellner*, 114 F.3d 713, 717 (8th Cir. 1997).

Considering these factors, the Court finds that Cigna's state law claims based on the alleged fraudulent misrepresentations and whether those misrepresentations resulted in unjust enrichment or tortious interference do not have a connection with the plans at issue such that the claims should be preempted. No ERISA plan provisions are negated by the state law claims. The counterclaim defendants are not primary ERISA entities, which include the employer, the plan, the plan fiduciaries, and the beneficiaries. *Arkansas Blue Cross & Blue Shield v. St. Mary's Hosp., Inc.*, 947 F.2d 1341, 1346 (8th Cir. 1991). The way the providers submit a claim is at issue, not how the plan processes the claims. The cases relied on by counterclaim defendants are not persuasive on this issue.

Regarding the "reference to" prong, while the ERISA plans at issue are relevant to the factual allegations, the Court finds that they do not relate to the state law claims so as to trigger express conflict preemption. Rather, the state law claims asserted by Cigna are of "general application" and do not "actually or implicitly refer to ERISA plans." *Wilson v. Zoellner*, 114 F.3d 713, 717 (8th Cir. 1997).

<u>Fraud and Aiding and Abetting Fraud Claims</u>

The Court finds that Cigna has adequately pled the elements necessary to state a claim for fraud. It has alleged that Tri State, with assistance from SurgCenter, knowingly submitted claim forms with false and inflated representations about what its charges were intending for Cigna to rely on the false statements and pay the claims, which it did to its significant detriment. For purposes of surviving a motion to dismiss for failure to state a claim, the Court finds that the

limited disclosures contained on the claim forms regarding a reduction in the insured's portion of the bill do not make the alleged fraud claims are implausible.

Unjust Enrichment

In support of its motion to dismiss the unjust enrichment claim against it, Tri State argues that it did provide a service for which it deserved a fee and that Cigna would itself be unjustly enriched by receiving a windfall if it did not have to pay for those services.  This argument fails, however, because Cigna is not claiming that Tri State should not have been paid at all, just that it should not have been paid based on the inflated or "phantom" charges.  The motion to dismiss the clam for unjust enrichment is denied.

Tortious Interference

The counterclaim defendants argue that Cigna's claim for tortious interference fails as it has not alleged that "a third person did not enter into or failed to continue a contractual relationship with the claimant as a result of the unauthorized conduct of the defendant." S*chueller v. Goddard*, 631 F.3d 460, 463 (8th Cir. 2011) (quoting *Palmer v. Ark. Council on Econ. Educ.,* 40 S.W.3d 784, 791 (Ark. 2001).  Cigna's counterclaim alleges, however, that the counterclaimant's billing practices interfered with the contracts between Cigna and the patients insured through the plans, misrepresenting the terms of the plans to patients to induce them to use Tri State's out-of-network services in an effort to undermine and circumvent Cigna's provider network system.  Cigna further alleges that by "waiving the cost-sharing amounts patients were required to play under the plans . . . Tri State, at the direction of and in coordination with SurgCenter, induced the members to breach the contractual terms of their plans."  (Docket No. 49 at 23).  Cigna also alleges that the counterclaim defendants encouraged

11

Cigna's in-network providers to refer patients to Tri State in violation of those providers' contracts with Cigna.  These factual allegations are sufficient to plausibly state a claim for tortious interference with contract and business expectancy against Tri State and Surg Center.

For the reasons stated above, the motion to dismiss the counterclaim (Docket No. 61) is granted in part and denied in part.  As to the claim that Cigna lacks standing, the motion is denied.  As to the claims for overpayments under ERISA §502(a)(3) (Count I), the motion is granted.   The motion to dismiss the claims for declaratory relief (Count VII) is granted as to a request that past payments be returned but denied as to the request that the Court declare that the claims submitted by Tri State are not for covered services and are not payable under the plans. The motion to dismiss the RICO claims (Count II) is granted.  The motions to dismiss the state law claims for fraud, aiding and abetting fraud, unjust enrichment, and tortious interference are denied.

IT IS SO ORDERED this 30th day of September, 2015.

_____
James M. Moody Jr.
United States District Judge