**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**TRI STATE ADVANCED SURGERY
CENTER, LLC, GLENN A. CROSBY II, M.D.,
F.A.C.S., and MICHAEL HOOD, M.D.,**

      Plaintiffs,

vs.                                                                 Civil Action No. 3:14-CV-00143-JM

**HEALTH CHOICE, LLC,
and CIGNA HEALTHCARE OF TENNESSEE, INC.,**

      Defendants.

**CONNECTICUT GENERAL LIFE INSURANCE
COMPANY, CIGNA HEALTH AND LIFE
INSURANCE COMPANY, and CIGNA
HEALTHCARE OF TENNESSEE, INC.,**

      Counterclaim-Plaintiffs,

vs.

**SURGICAL CENTER DEVELOPMENT, INC. D/B/A
SURGCENTER DEVELOPMENT, and TRI STATE
ADVANCED SURGERY CENTER, LLC,**

      Counterclaim-Defendants.

**TRI STATE ADVANCED SURGERY CENTER, LLC,**

      Counter-Counterclaim-Plaintiff,
and

**GLENN A. CROSBY, II, M.D. AND MICHAEL HOOD, M.D.,**

      Third-Party Plaintiffs,

vs.

1

**CIGNA HEALTHCARE OF TENNESSEE, INC. AND HEALTH CHOICE, LLC,**

**Counter-Counterclaim and Third-Party Defendants.**

---

**THIRD-PARTY DEFENDANT HEALTH CHOICE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE AND, IN THE ALTERNATIVE, MOTION TO DISMISS THIRD-PARTY CLAIMS**

---

Third-Party Defendant Health Choice, LLC ("Health Choice"), pursuant to Rules 14 and 12 of the Federal Rules of Civil Procedure, submits this memorandum in support of its motion to strike and, in the alternative, motion to dismiss the third-party claims of Third-Party Plaintiffs Tri State Advanced Surgery Center, LLC ("Tri State"), Glenn A. Crosby, II, M.D., F.A.C.S. ("Crosby"), and Michael Hood, M.D. ("Hood") (collectively, "Plaintiffs").

**INTRODUCTION**

This Court has previously dismissed—with prejudice—nearly identical claims asserted by these same Plaintiffs against Health Choice. Following the dismissal of their claims, the Plaintiffs moved for permission to file an amended complaint against Health Choice. That motion is still pending. Instead of waiting for a ruling on their motion to amend, the Plaintiffs have unilaterally decided to revive their dismissed claims against Health Choice by shoehorning them into third-party claims. The Plaintiffs' attempt to sidestep this Court's prior dismissal order and the Plaintiffs' own pending motion to amend is improper under the plain language of Rules 14 and 15 of the Federal Rules of Civil Procedure. Even if the Plaintiffs' claims were procedurally proper, the third-party complaint fails to state a claim against Health Choice as a matter of law. Accordingly, the Court should dismiss Counts I, II, III, IV, and V of the third-party complaint with prejudice.

## BACKGROUND

On June 5, 2014, the Plaintiffs filed a complaint against Health Choice and Cigna HealthCare of Tennessee, Inc. ("Cigna"). (Doc. 1.) The Plaintiffs alleged that Health Choice and Cigna engaged in a concerted refusal to deal by preventing Tri State from contracting with insurers and by preventing referrals to Tri State. Tri State's original claims against Health Choice were for violation of the Sherman Act, tortious interference with contract and business expectancy, and deceptive trade practices in violation of the Tennessee Consumer Protection Act ("TCPA"). Health Choice and Cigna moved to dismiss the complaint for failure to state a claim. (*See* Docs. 43, 45.) In addition to moving to dismiss Tri State's claims, Cigna asserted various counterclaims against Tri State based on Tri State's allegedly fraudulent billing practices. (*See* Doc. 49.) Tri State moved to dismiss those counterclaims. (*See* Doc. 61.)

On April 16, 2015, the Court granted Health Choice's and Cigna's motions to dismiss with prejudice. The Court held that the Plaintiffs' complaint lacked "sufficient allegations to plead a proper product market or a proper geographic market" for the Plaintiffs' Sherman Act claims. (Order, Doc. 78, p. 11.) "[G]iven that the deficiencies [we]re inherent in the nature of the claims and not likely to be cured by further pleading," the Court dismissed the Sherman Act claims with prejudice. *Id.* Further, the Court declined to exercise supplemental jurisdiction over the Plaintiffs' state law claims, and therefore dismissed those claims as well.

Following the dismissal of their claims, the Plaintiffs filed a motion for leave to file an amended complaint against Health Choice and Cigna. (*See* Motion, Doc. 80.) Both Health Choice and Cigna opposed that motion, which is still pending. (*See* Docs. 85, 86.)

On September 30, 2015, the Court granted in part and denied in part Tri State's motion to dismiss Cigna's counterclaims. (*See* Doc. 92.) On October 28, 2015, Tri State filed an answer to Cigna's counterclaims. (*See* Doc. 101.) Tri State, along with Crosby and Hood (who had not

3

been named as counter-claim defendants by Cigna), also filed counter-counterclaims and third-party claims against Cigna and Health Choice. (*See* Counter-Counterclaims and Third-Party Claims ("TPC"), Doc. 101.)

The factual allegations in the third-party complaint are largely copied and pasted from the original complaint. The Plaintiffs' causes of action against Health Choice likewise mirror their previously-dismissed claims. In place of the Plaintiffs' previous Sherman Act claim, which does not appear in the new complaint, the Plaintiffs have alleged a civil conspiracy against Health Choice and Cigna under state law.[1] (*See id.* ¶¶ 135-38.) The Plaintiffs reassert the same tortious interference and deceptive trade practices claims against Health Choice, and add new claims against Cigna for breach of contract and violation of the Arkansas Patient Protection Act. (*See id.* ¶¶ 106-34, 143-46.) The Plaintiffs purport to bring all of these state law claims within this Court's supplemental jurisdiction by asserting three claims against Cigna under the Employee Retirement Income Security Act of 1974 ("ERISA"). (*See id.* ¶¶ 147-68.)

## STANDARD OF REVIEW

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice. The Rule states, in relevant part, that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A party served with such a complaint may "move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "The right to implead third parties is not automatic and the decision to permit impleader rests within the sound discretion of the trial court." *City of St. Louis, Missouri v. Cernicek*, No. 400-CV-1895, 2001

---

[1] As in their original complaint, the Plaintiffs have declined to state whether they are bringing their state law claims under Tennessee, Arkansas, or some other state's laws (aside from their TCPA claim). Because the Plaintiffs' claims warrant dismissal under Tennessee or Arkansas law at this stage of pleading, Health Choice reserves its right to argue choice-of-law issues at a later time without addressing those issues in this memorandum.

4

WL 34134733, at *3 (E.D. Mo. Sept. 25, 2001). "[T]he court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim." Fed. R. Civ. P. 14 advisory committee's note (1963 Amendment). Even if a third-party complaint is procedurally proper, a court should still "balance the benefits derived from impleader—the benefits of settling related matters in one suit—against possible prejudice to the plaintiffs and the third party defendants, the complication of issues at trial, the merit of the third-party complaint, and any additional expense that would be incurred by the parties." *City of St. Louis*, 2001 WL 34134733.

A party served with a third-party complaint may also move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). In reviewing a motion to dismiss a third-party complaint, a court applies the same standard of review as it would in reviewing a motion to dismiss a complaint pursuant to Rule 12(b)(6). *See Trustees of Twin City Bricklayers Fringe Ben. Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 329 (8th Cir. 2006). The court must presume all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Whitmore v. Harrington*, 204 F.3d 784, 784 (8th Cir. 2000). To survive dismissal, a third-party complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words,

"[t]he plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## ARGUMENT

I. **The Third-Party Complaint is "Obviously Unmeritorious" under Rule 14 and an Attempt at Circumventing the Court's Authority to Decide the Plaintiff's Pending Motion to Amend under Rule 15.**

The Plaintiffs' attempt to bring Health Choice back into this litigation as a third-party defendant is "obviously unmeritorious" under the plain language of Federal Rule of Civil Procedure 14. Fed. R. Civ. P. 14 advisory committee's note (1963 Amendment). Rule 14(a)(1) allows a defending party to bring a third-party complaint against a non-party only when the non-party "is or may be liable to [the defending party] for all or part of the claim against [the defending party]." Fed. R. Civ. P. 14(a)(1).[2] In other words, "Rule 14(a) allows a defendant to assert a claim against a person not a party to the main action only if that third person's liability is in some way dependent upon the outcome of the main claim; it does not allow the defendant to bring a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *Weatherford Artificial Lift Sys., Inc. v. Bruce Oakley, Inc.*, No. 4:10CV01364 SWW, 2010 WL 5058660, at *3 (E.D. Ark. Dec. 3, 2010) (emphasis added) (citing *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003)); *United States v. Kuyper*, No. 4:11CV4170, 2012 WL 668625, at *1 (D.S.D. Feb. 29, 2012) (concluding that a third-party complaint was "an improper pleading," and striking the pleading, because "none of the named

---

[2] "Almost always, this deflection [of liability] will be based on an assertion that the absentee owes the defending party a duty of indemnity or contribution." 3 James Wm. Moore et al, Moore's Federal Practice § 14.03 (3rd ed. 2012); *see, e.g.*, *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1139 n.7 (8th Cir. 1976) (noting that the defendant's proposed third-party claim "could not be maintained as a third-party claim since it is not one for indemnity").

6

third-party defendants [we]re or [could] be liable" to the defendant for the claims asserted by the plaintiff).

In *Weatherford*, for example, a gas company agreed to build silos on a distributor's property. The gas company used the silos to store products shipped to it at the distributor's premises. When the distributor refused to return the silos and products at the gas company's request, the gas company sued the distributor for replevin. The distributor filed a counterclaim against the gas company, along with a third-party claim against several affiliates of the gas company, seeking to recover freight charges allegedly owed to the distributor. The gas entities moved to dismiss the third-party complaint. The court noted that the gas company's original claim against the distributor was for unlawful possession of property. The distributor, "on the other hand, [sought] relief by way of set off against the other [gas] entities for unpaid freight charges, a separate matter which is not dependent on the outcome of plaintiff's claim against defendant." *Id.* at *3. Because the third-party complaint did not contain the "critical feature" of a Rule 14(a) claim—"that the defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff"—the court dismissed the complaint. *Id.*; *see also Mattes*, 323 F.3d at 698-99 (affirming the dismissal of a third-party complaint because the third-party claims—based on a tenant's agreement to purchase a business—had nothing to do with the plaintiff's claims against the tenant, which related to the tenant's default on a lease)[3]

As in *Weatherford* and *Mattes*, the Plaintiffs' so-called "third-party claims" against Health Choice are not proper third-party claims. Tri State is not seeking indemnity or

---

[3] Courts in other circuits have similarly held that a defending party may not assert a claim against a third-party when the claim is not dependent upon the outcome of the main claim, even though the claim arises out of the same general set of facts as the main claim. *See, e.g.*, *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987); *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988); *Seipel v. Marsden Bldg Maint.*, L.L.C., No. CIV 08-6237 JRT/AJB, 2010 WL 1576790, at *4 (D. Minn. Apr. 20, 2010); *Estate of Bayes, by Froehner v. Liberati*, No. CIV. A. 88-4182, 1990 WL 83337, at *2 (E.D. Pa. June 15, 1990).

contribution from Health Choice for any liability Tri State may have to Cigna for Cigna's counterclaims (which relate to Tri State's allegedly fraudulent billing practices). Crosby and Hood, of course, are not even named as counterclaim defendants by Cigna, and therefore have no potential liability to deflect. Rather, the Plaintiffs' third-party claims are merely an unorthodox repackaging of Tri State's previously-dismissed Sherman Act and state law claims against Health Choice. This Court should reject Tri State's attempt to reassert its original claims under the guise of a Rule 14 third- party action. *See Weatherford*, 2010 WL 5058660, at *3.

Moreover, even if Tri State's third-party claims were procedurally proper under Rule 14, dismissal of the claims would still be appropriate because the Plaintiffs are attempting to circumvent the Court's authority to decide the Plaintiffs' pending motion to amend the original complaint under Federal Rule of Civil Procedure 15. In dismissing the original complaint, the Court concluded that "the deficiencies [in Plaintiffs' original complaint were] inherent in the nature of the claims and not likely to be cured by further pleading." (Doc. 78 at 11.) Nevertheless, the Plaintiffs filed a motion under Rule 15 for leave to file an amended complaint, implicitly recognizing that they could amend their complaint "<u>only</u> with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). The Plaintiffs' third-party complaint against Health Choice amounts to an attempted end-run around Rule 15 and the Court's inherent discretion and authority to grant or deny their motion. Allowing the Plaintiffs to side-step their pending motion will prejudice Health Choice, will unnecessarily complicate the issues raised by Cigna's counterclaim, and will add to the expense that the parties have already incurred in litigating the Plaintiff's original claims and their motion to amend. The Court should exercise its discretion by rejecting the Plaintiffs' unorthodox attempt at reviving its dismissed claims against Health Choice. *See City of St. Louis*, 2001 WL 34134733, at *4

(striking a third-party complaint because the plaintiff was prejudiced by a one-year delay in the filing of the claims, and because the parties had expended considerable resources to litigate issues raised by the third-party plaintiff without drawing the case closer to resolution).

**II.     In Any Event, the Third-Party Complaint Fails to State a Claim Against Health Choice.**

In Health Choice's motion to dismiss the Plaintiffs' original complaint, Health Choice outlined several reasons why the Plaintiffs had failed to state a claim as a matter of law. Those same reasons compel dismissal of the Plaintiffs' repackaged third-party claims. First, the Plaintiffs' Tennessee Consumer Protection Act Claim is untimely as a matter of law. Second, the Plaintiffs have failed to plead sufficient facts to state a claim as to any of their causes of action, including their new claim for conspiracy.[4] Accordingly, if the Court declines to dismiss the third-party complaint as procedurally improper, the Court should dismiss the Plaintiffs' state law claims as a matter of law.

A.     <u>The TCPA Claim is Time-Barred.</u>

The TCPA contains a one-year statute of limitations. Tenn. Code Ann. § 47-18-110. The Plaintiffs filed their third-party complaint on October 28, 2015. (*See* Doc. 101.) The Plaintiffs' claims are untimely because their TCPA claims accrued prior to October 28, 2014. Specifically, the Plaintiffs were aware of the facts giving rise to their claims—at the latest—by June 5, 2014, when they filed their original complaint against Health Choice alleging the same TCPA claim. Since more than one year has passed since the Plaintiffs' TCPA claim accrued, the Court should dismiss the claim as untimely. *Schmank v. Sonic Auto., Inc.*, No. E200701857COAR3CV, 2008 WL 2078076, at *5 (Tenn. Ct. App. May 16, 2008) (affirming dismissal of TCPA claim on

---

[4] Tri State's claim for violation of the Arkansas Patient Protection Act (the "Act"), Ark. Code Ann. § 23-99-201 et seq., is only asserted against Cigna, even though Tri State makes reference to Health Choice in the claim. (*See* TCP ¶¶ 143-46.) Tri State cannot assert a claim under the Act against Health Choice as a matter of law because the Act applies only to insurers, and Health Choice is not an insurer. *See* Ark. Code Ann. § 23-99-204.

9

motion to dismiss because the complaint established as a matter of law that the claim was untimely); *Lambdin v. Aerotek Commercial Staffing*, 3:10-CV-280, 2011 WL 3794040, at *7 (E.D. Tenn. Aug. 25, 2011) (dismissing TCPA claim as untimely based on allegations in the complaint, and, because the plaintiffs' own admissions established untimeliness, denying leave to amend with respect to that claim).

As Health Choice argued in its motion to dismiss the original complaint, the Plaintiffs' TCPA claim is also untimely in light of the Plaintiffs' own allegations. In the third-party complaint, for example, the Plaintiffs base their TCPA claim on the allegation that, "[i]n light of Health Choice's actions, which have resulted in the termination of Physician Plaintiffs from Cigna' s network, Health Choice's representations that it advocates on behalf of physicians with health plans is clearly false." (TPC ¶ 132.) At the same time, the Plaintiffs allege that they were aware, pursuant to a November 4, 2013 phone call between Dr. Hood and a Cigna representative, that Health Choice had allegedly "sent a letter to Cigna requesting that Cigna terminate Dr. Hood, and that Cigna had agreed to do so." (*Id.* ¶ 62.) The Plaintiffs allege that "Dr. Crosby was likewise advised that Health Choice and Cigna had agreed to terminate him from Cigna's provider network." (*Id.* ¶ 64.) Accordingly, the Plaintiffs' own allegations establish that they were on notice of their TCPA claim long before October 28, 2014.[5] Accordingly, the Court should dismiss Count III of the third-party complaint with prejudice.[6]

---

[5] In the third-party complaint, the Plaintiffs delete the allegations—contained in their original complaint—that "based on an agreement that Health Choice reached with Aetna, on January 25, 2013, Aetna sent letters to several Tri State physician-investors" reminding the physician investors of their obligations to refer patients to participating network providers; that because Tri State had not yet opened, it was "apparent" from the face of the letters "that Aetna had been directed to send" them by Health Choice; and that Health Choice's involvement was "apparent because an internal review would have shown no claims submitted for medical services performed at Tri State." (Compl. ¶ 60; *compare* TCP ¶ 69.)  Plaintiffs' attempts to avoid the dismissal of their untimely TCPA claim by removing these allegations cannot save the claim in light of their other allegations demonstrating that the claim accrued well before October 28, 2014.

[6] Health Choice argued in its original motion to dismiss that the Plaintiffs had also failed to state a claim under the TCPA as a matter of law because federal law authorizes the type of PHO managed care network at issue here, and

B.  The Plaintiffs Have Failed to State a Claim for Tortious Interference as a Matter of Law.

The Plaintiffs allege two claims against Health Choice for tortious interference. First, Crosby and Hood allege that they each had a "contractual relationship and business expectancy with Cigna to treat Cigna-insured patients," and that Health Choice unlawfully induced Cigna to terminate this contractual relationship in order to prevent the Physician Plaintiffs from competing with Health Choice and non-party Methodist. (TCP ¶¶ 119–29.) Second, all three Plaintiffs allege that they had contractual relationships and business expectancies with their patients and referring physicians, and that Health Choice and Cigna unlawfully induced the termination of these contractual relationships and business expectancies by intimidating other physicians into not to referring patients to Tri State, providing misinformation about Tri State to patients, and coercing other health insurers into sending misleading information about Tri State to other physicians. (*Id.* ¶¶ 135–38.) The Plaintiffs have failed to state a claim under either formulation of their claims.

The Plaintiffs' first tortious interference claim fails for the same reason that their claim in the original complaint failed—a party cannot, as a matter of law, tortiously induce the breach of its own contract. *See Sutton v. Arkansas State Univ.*, No. 3:11CV00123 JLH, 2011 WL 3861391, at *4 (E.D. Ark. Sept. 1, 2011) (quoting *St. Joseph's Reg'l Health Ctr. v. Munos*, 934 S.W.2d 192, 196 (Ark. 1996)); *see also Faulkner v. Arkansas Children's Hosp.*, 69 S.W.3d 393, 405 (Ark. 2002); *Nashville Marketplace Co. v. First Capital Institutional Real Estate, Ltd.-2*, No. 89-144-II, 1990 WL 33373, at *9 (Tenn. Ct. App. Mar. 28, 1990). The third-party complaint alleges that "any physician seeking to join Cigna's network in certain counties in Tennessee and

---

because Health Choice's alleged conduct was not deceptive as a matter of law. (*See* Memorandum, Doc. 44, pp. 21-22.) Rather than repeat those arguments here, Health Choice incorporate these arguments, and all other arguments in its Memorandum, by reference.

Mississippi must be a member of Health Choice's joint venture partner MetroCare, and must participate with Cigna *through Health Choice*." (TCP ¶ 8 (emphasis added).) When the Plaintiffs allege that they had contracts with Cigna, therefore, they really mean that (a) they had contracts with MetroCare, a member of Health Choice, and (b) that MetroCare had contracts with Cigna. (*See, e.g.*, *id.* ¶ 49 (referring to "Health Choice's contract with Cigna").) Because the Plaintiffs only enjoyed relationships with Cigna "through Health Choice," Health Choice cannot have tortiously interfered with those relationships as a matter of law.

The Plaintiffs' second tortious interference claim fails as a matter of law for the same reason. As with Plaintiffs' relationships with Cigna, the relationships that other MetroCare members had with Crosby and Hood necessarily involved Health Choice as an intermediary. For example, the Plaintiffs allege that other physicians received a June 27, 2013 letter from Cigna reminding the physicians of their obligation to refer patients to in-network facilities. (TCP ¶¶ 45, 66-68.) "Because Health Choice's contract with Cigna is an exclusive contract," these unnamed other physicians necessarily received the letter from Cigna due to their relationship with Cigna "through Health Choice." (*Id.* ¶¶ 49, 8.)

The Plaintiffs' second tortious interference claim also fails because the Plaintiffs have failed to allege any actual interference with their ability to treat patients at Tri State. As the Court observed in its order denying the Plaintiffs' original complaint, "Plaintiffs do not allege that patients cannot receive Tri State's services absent in-network referrals . . . . Tri State is still open for business and all its services available to patients." (Order, Doc. 78, pp.7-8.) What the Plaintiffs are really complaining about is that they would like to receive the benefits of participating in Cigna's provider network through Health Choice without having to abide by Cigna's or Health Choice's terms (i.e., referring patients to in-network facilities). Health

Choice's alleged decision to enforce the terms of its agreements with MetroCare members and with Cigna does not, and cannot, constitute a claim for tortious interference as a matter of law.[7] The Court should dismiss Counts I and II of the third-party complaint with prejudice.

### C. The Plaintiffs Have Failed to State a Claim for Conspiracy as a Matter of Law.

The Plaintiffs allege two claims for conspiracy against Health Choice—one on behalf of Tri State, and another on behalf of Crosby and Hood. (*See* TCP ¶¶ 135-142.) Tri State alleges that Health Choice and Cigna conspired to drive Tri State out of business, relying on the same allegations that underlie Tri State's other state law claims. (*See id.* ¶ 136.) Crosby and Hood allege that Health Choice and Cigna conspired to terminate them from Cigna's provider network, also relying on the same allegations that make up their other state law claims. Both of the Plaintiffs' conspiracy claims fail as a matter of law because the Plaintiffs have failed to state any underlying wrongful act that could constitute the basis for a conspiracy claim.

"A civil conspiracy . . . is neither a punishable offense standing alone nor a wrong capable of supporting a cause of action by its own weight." *Swafford v. Memphis Individual Practice Ass'n*, No. 02A01-9612-CV-00311, 1998 WL 281935, at *11 (Tenn. Ct. App. Jun. 2, 1998). "The elements of a cause of action for civil conspiracy are: (1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury." *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006); *see also Dodson*

---

[7] Additionally, Plaintiffs' second tortious interference claim fails because the basis of Cigna's counterclaim against Tri State is that Tri State unlawfully engaged in a fraudulent "dual pricing" and "fee forgiving" scheme. (*See generally* Doc. 49.) These allegations, if true, would render any contracts between the Plaintiffs and their patients illegal. Neither Tennessee law nor Arkansas law countenances a claim for tortious interference with an illegal contract. *See* Tenn. Code Ann. § 47-50-109 ("It is unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any *lawful* contract by any party thereto . . . .") (emphasis added); *Baptist Health v. Murphy*, 373 S.W.3d 269, 281 (Ark. 2010) (noting that one of the elements of a tortious interference claim is "the existence of a *valid* contractual relationship or a business expectancy") (emphasis added).

13

*v. Allstate Ins. Co.*, 47 S.W.3d 866, 876 (Ark. 2001) (describing a conspiracy as "a combination of two or more persons to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, by unlawful, oppressive or immoral means, to the injury of another"). Conspiracy, standing alone, is not actionable when the underlying tort is not actionable. *Watson's Carpet & Floor Coverings, Inc. v. McCormick*, 247 S.W.3d 169, 179-80 (Tenn. Ct. App. 2007); *Dodson*, 47 S.W.3d at 876.

As described throughout this memorandum, the Plaintiffs have failed to allege that Health Choice committed any acts to accomplish an unlawful purpose, or a lawful purpose by unlawful means. The Plaintiffs have failed to state a claim against Health Choice for violation of the TCPA or for tortious inference. Accordingly, the Plaintiffs cannot proceed with a conspiracy claim against Health Choice. The Court should dismiss Counts IV and V of the third-party complaint with prejudice.

## CONCLUSION

The Plaintiffs' third-party complaint is substantively defective and procedurally improper. These deficiencies "result[] not from inadequate draftsmanship or the absence of discovery but from an incurable defect in the legal theory" and an inexcusable attempt at avoiding standard procedure. *Little Rock Cardiology Clinic, P.A. v. Baptist Health*, 573 F. Supp. 2d 1125, 1132 (E.D. Ark. 2008). Because further amendment of the third-party complaint would be futile, Health Choice respectfully requests that the Court dismiss all of the Plaintiffs' claims against Health Choice with prejudice.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

/s/ Leigh M. Chiles
Leigh M. Chiles (AR # 98223, TN # 25809)
Matthew S. Mulqueen (TN # 28418)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
lchiles@bakerdonelson.com
mmulqueen@bakerdonelson.com
901-526-2000 (telephone)
901-577-2303 (facsimile)

*Attorneys for Third-Party Defendant Health Choice, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of November, 2015, I served the foregoing on all counsel of record via the Court's ECF system.

/s/ Leigh M. Chiles