**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

TRI STATE ADVANCED SURGERY CENTER, LLC,
GLENN A. CROSBY II, M.D., F.A.C.S., and
MICHAEL HOOD, M.D.,

      Plaintiffs,

vs.                                                                          **Civil Action No. 3:14-CV-00143-JM**

HEALTH CHOICE, LLC, and
CIGNA HEALTHCARE OF TENNESSEE, INC.,

      Defendants.

---

CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
CIGNA HEALTH AND LIFE INSURANCE COMPANY and
CIGNA HEALTHCARE OF TENNESSEE, INC.,

      Counterclaim-Plaintiffs,

vs.

SURGICAL CENTER DEVELOPMENT, INC. d/b/a
SURGCENTER DEVELOPMENT, and
TRI STATE ADVANCED SURGERY CENTER, LLC,

      Counterclaim-Defendants.

---

TRI STATE ADVANCED SURGERY CENTER, LLC,

      Counter-Counterclaim-Plaintiff,

and

GLENN A. CROSBY, II, M.D. and MICHAEL HOOD, M.D.,

      Third-Party Plaintiffs,

vs.

CIGNA HEALTHCARE OF TENNESSEE, INC.,
CIGNA HEALTH AND LIFE INSURANCE COMPANY, and
CONNECTICUT GENERAL LIFE INSURANCE COMPANY,

      Counter-Counterclaim Defendants.

and

HEALTH CHOICE, LLC,

Third-Party Defendants

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO DISMISS FILED BY**
**CIGNA HEALTHCARE OF TENNESSEE, INC.**

Plaintiffs Tri State Advanced Surgery Center, LLC ("Tri State"), Dr. Glenn A. Crosby and Dr. Michael Hood (the "Physician Plaintiffs") (collectively, "Plaintiffs")[1] respond as follows to Cigna HealthCare of Tennessee, Inc.'s ("Cigna") Motion to Dismiss (ECF No. 123).

## INTRODUCTION

Plaintiffs have alleged nine federal and state law counter-counterclaims against Cigna. Each of these counter-counterclaims are viable claims and are sufficiently pled under the Federal Rules of Civil Procedure and applicable case law.

Cigna's motion to dismiss is a clear attempt to avoid litigating the merits of Plaintiffs' claims regarding Cigna's wrongdoing.  For example, Cigna argues that Plaintiffs' counter-counterclaims are procedurally improper, ignoring the fact that Federal Rule of Civil Procedure 13 required Plaintiffs to assert these claims with their answer to Cigna's counterclaims following the Court's September 30, 2015 Order.  In addition, Cigna repeatedly misconstrues case law in an effort to impose higher and stricter pleading standards on Plaintiffs than the Federal Rules require.  Cigna's "kitchen sink" approach reveals the weakness of its arguments.  Although Cigna's arguments for dismissal are numerous, none have merit and its motion to dismiss should be denied in its entirety.

## BACKGROUND

This litigation arises from an unlawful scheme by Cigna and its co-defendant Health Choice to drive Tri State out of business, damage Physician Plaintiffs' practices, and restrict patients' access to healthcare providers in violation of state and federal law.[2]  Plaintiffs filed their

---

[1] In their Counter-Counterclaims and Third-Party Claims (ECF No. 101), Tri State and Drs. Crosby and Hood referred to themselves collectively as "Counter-Counterclaim Plaintiffs" and "Third-Party Plaintiffs."  For the sake of brevity and ease of reference, Tri State and Drs. Crosby and Hood will refer to themselves as "Plaintiffs" herein.

[2] In prior pleadings, Plaintiffs have set forth in detail the factual and procedural background of this case.  (*See, e.g.*, ECF No. 128 at 3-5.)  Plaintiffs will address herein only the facts that are particularly relevant to the instant Motion.

original Complaint against Cigna and Health Choice on June 5, 2014, alleging Sherman Act violations and state law tortious interference claims against Cigna.  In response, Cigna moved to dismiss the Complaint and also filed counterclaims against Tri State and Surgical Center Development, Inc. ("SurgCenter"). (ECF Nos. 45 & 49.)  Tri State and SurgCenter, in turn, moved to dismiss Cigna's counterclaims. (ECF No. 61.)

On April 16, 2015, the Court granted Cigna's motion, finding that Plaintiffs had not sufficiently pled a proper product market or a proper geographic market to sustain their Sherman Act claim and therefore dismissing Plaintiffs' Sherman Act claim with prejudice. (ECF No. 78 at 11.)  The Court then declined to exercise jurisdiction over Plaintiffs' state law claims and dismissed those claims without prejudice. (*Id.* at 12.)

Following the Court's April 16th Order, Plaintiffs moved to amend their Complaint to address the issues the Court raised regarding the Sherman Act claim.  (ECF No. 80.)  Plaintiffs also re-alleged their tortious interference claims against Cigna.  (ECF No. 80-1.)  The Court has not yet ruled on Plaintiffs' Motion to Amend.

On September 30, 2015, the Court granted in part and denied in part Tri State and SurgCenter's motion to dismiss Cigna's counterclaims. (ECF No. 92.)  Specifically, the Court dismissed all but one of Cigna's federal law claims, leaving a single claim for declaratory relief under ERISA and therefore maintaining federal question jurisdiction over this litigation.  (*Id.* at 12.)  The Court also denied Plaintiffs' motion to dismiss Cigna's state law claims and elected to exercise supplemental jurisdiction over those claims.  (*Id.*)

On October 28, 2015, Tri State and SurgCenter answered the remaining claims alleged in Cigna's counterclaims, and, in compliance with Federal Rule of Civil Procedure 13 regarding compulsory counterclaims, and to ensure that all of their claims related to this matter were before

the Court, Plaintiffs pled their federal and state law claims against Cigna as counter-counterclaims.  (ECF No. 101.)  Cigna, in response, filed the instant Motion to Dismiss.  (ECF No. 123.)

## LAW & ARGUMENT

Plaintiffs have alleged federal and state law causes of action for tortious interference (Count II), conspiracy (Counts IV and V), violation of the Arkansas Patient Protection Act ("APPA") (Count VI), claim for benefits and clarification of rights pursuant to ERISA § 502(a)(1)(B) (Count VII), breach of fiduciary duty pursuant to ERISA § 502(a)(3) (Count VIII), failure to provide information pursuant to ERISA § 502(c)(1)(B) (Count IX), breach of contract (Count X), unjust enrichment (Count XI), and promissory estoppel (Count XII).

Cigna moves to dismiss each of Tri State's counter-counterclaims, arguing that the claims are procedurally improper, that Plaintiffs' state law tort and statutory claims fail to state a claim for which relief may be granted, and that Plaintiffs their wrongful reduction and denial of benefits claims are deficient.  For the reasons discussed in detail below, Cigna's arguments are without merit.

## I.    Plaintiffs' Counter-Counterclaims Are Proper Procedurally.

Cigna first argues – similar to Health Choice in its Motion to Dismiss (ECF No. 112) – that Plaintiffs' counter-counterclaims (also referred to as "counterclaims in reply") should be dismissed because they are not a permissible pleading.  Cigna ignores, however, that Rule 13 required Plaintiffs to raise their claims as counter-counterclaims or risk waiver.  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1188 (3d ed. 2015) ("If the plaintiff has a claim arising from the same transaction as the one involved in the defendant's counterclaim–a claim that would constitute a compulsory counterclaim under Rule 13(a)–the plaintiff must assert it in the reply or risk being barred from bringing a later action on it.  In this

context, a counterclaim in the plaintiff's reply to the defendant's counterclaim seems entirely appropriate.").

Plaintiffs' counter-counterclaims should be litigated in this Court along with the other issues in this litigation; indeed, Plaintiffs initiated this lawsuit by filing these claims to begin with. *See Crest Auto Supplies, Inc. v. Ero Mfg. Co.*, 246 F. Supp. 224, 229 (N.D. Ill. 1965) (noting the "absurd conclusion that the defendant may sue via counterclaim in federal court . . . while the plaintiff would have to maintain a completely separate suit on the same subject matter in the State Courts" should be avoided and concluding that certain counts of the plaintiff's complaint should be dismissed and then "reinstate[d] . . . as a compulsory counter-counterclaim"). Plaintiffs should not have to litigate their claims against Cigna in another forum while Cigna proceeds against them in this Court. Moreover, as the *Crest Auto Supplies* court recognized, had Plaintiffs brought their counter-counterclaims in state court, Cigna almost certainly would have argued that the action was barred by res judicata because Plaintiffs were compelled to assert such claims in this Court as compulsory counterclaims. *See id.* Plaintiffs, therefore, acted properly under Rule 13 in asserting their claims against Cigna in this forum as counter-counterclaims.

Cigna relies on *Lincoln Savings Bank v. Open Solutions, Inc.*, 956 F. Supp. 2d 1032 (N.D. Iowa 2013), to argue a plaintiff's counter-counterclaims are only proper if they are asserted in response to a defendant's permissive counterclaims. (ECF No. 123 at 4.) Numerous other courts, however, have held counterclaims in reply should *not* be limited only to permissive counterclaims. *See, e.g.*, *Power Tools & Supply, Inc. v. Cooper Power Tools*, *Inc.*, 2007 WL 1218701, at *3 (E.D. Mich. Apr. 20, 2007) ("The Court rejects those cases which have limited counterclaims in reply to compulsory counterclaims asserted in reply to a defendant's permissive

counterclaims.  Not one of the cases adopting this rule has explained its rationale, and more importantly none of the cases adopting the rule have examined the consistency of this rule with the plain language of Rules 7 and 13.").[3]

As the court in *Power Tools & Supply* explained, "the words 'compulsory' in paragraph (a) and 'permissive' in paragraph (b) [of Rule 13] are a description of the rights of the pleader. Neither has any bearing upon the right or duty of the court when a counterclaim is presented." *Id.* (quoting *Switzer Bros. v. Locklin*, 207 F.2d 483, 488 (7th Cir. 1953)).  Given there is no distinction between compulsory and permissive counterclaims for the purpose of the form of pleading, "if one may be pleaded in reply, they both may be." *Id.*  Plaintiffs submit *Power Tools & Supply* provides the more persuasive rule.  Accordingly, even if the Court determines Cigna's counterclaims were somehow permissive rather than compulsory, Plaintiffs' counter-counterclaims should be permitted.

Alternatively, the Court need not decide whether Plaintiffs' claims are permissible counter-counterclaims, as these claims may be treated as amendments under Rule 15.  *See Lincoln Savings Bank*, 956 F. Supp. 2d at 1040 (noting "several courts have treated counterclaims to counterclaims as an amendment to the pleadings" and analyzing the claims under Rules 15 and 16); *see also Erickson v. Horing*, 2000 WL 35500986, at *10 (D. Minn. Oct. 23, 2000) (allowing counter-counterclaims as amendments); *Turner & Boisseau, Charterd v. Nationwide Ins. Co.*, 175 F.R.D. 686, 688 (D. Kan. 1997) (same).

Plaintiffs filed their counter-counterclaims on October 28, 2015, within the deadline to amend pleadings set forth by the Court.  (*See* Amended Final Scheduling Order, ECF No. 59.) Plaintiffs' counter-counterclaims clearly satisfy the liberal standard governing amendments set

---

[3] The unreported cases cited herein are attached as collective Exhibit A.

forth in Rule 15(a): Plaintiffs timely filed their counter-counterclaims following the Court's September 30th Order; the counter-counterclaims are not futile (as more fully described herein below); and Cigna will not be unduly prejudiced by the counter-counterclaims. *Allen v. Diversicare Leasing Corp.*, 2015 WL 3458176, at *1 (W.D. Ark. June 1, 2015) (setting forth motion to amend standards under Rule 15 in this district).

For all of these reasons, Cigna's attempts to have this Court dismiss Plaintiffs' valid counter-counterclaims on procedural grounds should be denied and Plaintiffs' claims should proceed on their merits.

## II.     Plaintiffs' Tortious Interference, APPA, and Conspiracy Claims Should Proceed.

Cigna next argues that Plaintiffs' state law claims against it for tortious interference, violations of the APPA and conspiracy should be dismissed for failure to state a claim for which relief may be granted.   However, Plaintiffs' claims against Cigna – grounded upon Cigna's coordinated effort with Health Choice to drive Tri State out of business, damage Physician Plaintiffs' practices, and restrict Arkansas patients' access to health care providers – all state viable causes of action and more than satisfy applicable pleading standards.

To survive a motion to dismiss, Plaintiffs need only plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).  At this stage, the Court must treat Plaintiffs' factual allegations as true and draw all reasonable inferences in favor of Plaintiffs. *See, e.g.*, *Whitmore v. Harrington*, 204 F.3d 784, 784 (8th Cir. 2000). Plaintiffs have met their burden by pleading sufficient facts to support each cause of action alleged.  Cigna's arguments to the contrary are wholly without merit.

**a.      Plaintiffs Have Properly Alleged Tortious Interference Claims against Cigna.**

Tri State and Physician Plaintiffs bring tortious interference claims against Cigna for improperly interfering with the contracts and business relationships they have with both patients and referring physicians.  The Arkansas Supreme Court has recognized that the contracts and business expectancies between medical providers and their patients and referring physicians may form the basis for tortious interference claims.  *Baptist Health v. Murphy*, 373 S.W.3d 269, 283 (Ark. 2010).  Nevertheless, Cigna argues Plaintiffs' tortious interference claims fail because (1) Cigna is somehow a party to Plaintiffs' contracts and business expectancies, and (2) Plaintiffs have not alleged "improper" conduct by Cigna.  Both of Cigna's arguments are incorrect as a factual matter and do not provide a basis for dismissal of Plaintiffs' claims.

As a general rule, a party cannot be held liable for interfering with its own contract. *Baptist Health*, 373 S.W.3d at 283.  Arkansas courts, however, apply this rule narrowly to grant immunity from such a claim only where there is a direct contractual relationship between the parties.  *Id.*  That is not the case here.  As demonstrated by the agreements Cigna attached to its Motion to Dismiss, neither Tri State nor Physician Plaintiffs have a direct contractual relationship with Cigna.[4]  Indeed, Dr. Hood was rebuffed by Cigna when he attempted to establish a direct relationship.  (ECF No. 101 ¶ 113.)

In addition, although Cigna *does* have contractual relationships with its members and physicians, Cigna is *not* a direct party to the contracts and expectancies that Physician Plaintiffs and Tri State enjoy with their own patients and the other physicians that refer patients to them. The Court has previously held Tri State was not a party to the contractual relationship between Cigna and its members (*see* ECF No. 92 at 11-12 (denying Tri State's motion to dismiss Cigna's

---

[4] Physician Plaintiffs have contracts with MetroCare, (ECF No. 123, Exs. B & C) and Cigna has a "Managed Care Alliance Agreement" with Health Choice (ECF No. 123, Ex. A).

tortious interference claim)), and the converse must therefore be true as well: Cigna is not a party to the contractual relationship between Physician Plaintiffs and Tri State and their patients. When Cigna prohibits its members from treating with Plaintiffs, it is interfering with a physician-patient or provider-patient relationship to which it is not a party. Accordingly, Cigna cannot rely on Arkansas' limited immunity exception to escape liability for its tortious conduct.

Cigna cites two cases in support of its argument, *Marion Healthcare LLC v. Southern Illinois Healthcare*, 2013 WL 4510168 (S.D. Ill. Aug. 26, 2013) and *Northeast Georgia Cancer Care, LLC v. Blue Cross & Blue Shield of Georgia, Inc.*, 676 S.E.2d 428 (Ga. Ct. App. 2009). However, neither of these cases was decided under Arkansas law and its narrow immunity exception to claims for tortious interference. In *Northeast Georgia Cancer Care*, for instance, the court explicitly relied on the "stranger doctrine" to dismiss the tortious interference claims. 676 S.E.2d at 433. But the Arkansas Supreme Court has expressly refused to adopt the stranger doctrine. *See Baptist Health*. 373 S.W.3d at 283. Although Cigna may, as it argues in an attempt to have this claim dismissed at the initial pleading stage, be a part of "the interwoven relationship" between insurer, patient, physician, and provider, such an interest is not sufficient under Arkansas law to make it immune from liability for tortious interference. *Id.*

Cigna next argues that Plaintiffs' claim must be dismissed because Plaintiffs have failed to allege any "improper" conduct. This argument also fails, as the conduct alleged by Plaintiffs is plainly "improper" under applicable law. Arkansas law looks to the factors set forth in Section 767 of the *Restatement (Second) of Torts* for guidance on what conduct is "improper" for these purposes. *Baptist Health*, 373 S.W.3d at 281-82. These factors include: (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in

protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference and the relations between the parties. *Id.* at 282.

Plaintiffs have alleged Cigna induced the termination and disruption of Tri State and Physician Plaintiffs' contractual and business expectancies with their patients and referring physicians. (ECF No. 101 ¶ 122.) Cigna accomplished this by sending inaccurate and misleading information to patients and by threatening to terminate physicians from its network. (*Id.* ¶¶ 124-125.) Cigna even coerced other insurers to send out misleading and inaccurate information. (*Id.* ¶ 126.) Despite its claims to the contrary, Cigna's reason for threatening and terminating medical providers was not to shield itself from Plaintiffs' supposedly illegal activities. Instead, as the facts set forth in the Counter-Counterclaims demonstrate, Cigna agreed to threaten and to terminate medical providers who refer patients to Tri State in order to cripple Plaintiffs' business and eliminate competition for Methodist Healthcare, a partner in Health Choice's joint venture and Cigna's preferred provider. (*Id.* ¶ 123.) Cigna's actions have limited the treatment options for patients, especially those in Crittenden County, to the detriment of those patients' medical needs and in violation of the APPA. (*Id.* ¶¶, 66, 124.)[5] Cigna's actions are "improper" under any reasonable understanding of the term. Plaintiffs have sufficiently pled all of the elements of their tortious interference claims, including "improper" conduct, and Cigna's motion to dismiss these claims should be denied.

---

[5] Plaintiffs provide a particularly egregious example in their Complaint. Representatives from Cigna and Health Choice coerced a physician to stop referring patients to Tri State by threatening to terminate him from Cigna's network. Cigna made this threat even after the physician explained that he made the referrals for medical reasons, including because Tri State had medical equipment Methodist lacked and patients could be treated sooner at Tri State than at Methodist. (ECF No. 101 ¶ 66.)

b.      **Cigna's Wrongful Actions Violate the APPA.**

Cigna next argues that Plaintiffs' APPA claim should be dismissed on two grounds:  first, that Cigna cannot violate the APPA because it is a Tennessee corporation acting only within Tennessee; and second, that the APPA is inapplicable because Plaintiffs refuse to accept Cigna's terms for participation in its network.  (ECF No. 123 at 8-9.).  Cigna, however, misconstrues the basic facts of this case to make these arguments.  Plaintiffs' allegations under the APPA are more than sufficient to state a claim for the violation thereof by Cigna.

The Arkansas General Assembly enacted the APPA to ensure patients are "given the opportunity to see the healthcare provider of their choice" by ensuring the equal "opportunity of providers to participate in health benefit plans."  Ark. Code Ann. § 23-99-202.  To this end, the APPA prevents healthcare insurers from "prohibiting or limiting a healthcare provider that . . . is willing to accept the health benefit plan's operating terms and conditions, schedule of fees, covered expenses, and utilization regulations and quality standards, from the opportunity to participate in that health benefit plan."  Ark. Code Ann. § 23-99-204(a)(3).

Cigna, in conspiracy with Health Choice, has violated the APPA by refusing to allow Physician Plaintiffs and Tri State to participate in its plan unless Physician Plaintiffs sign attestations that they will only make referrals to Methodist facilities. Cigna insists on this demand even though there is no Methodist facility in Crittenden County, Arkansas.  (ECF No. 101 ¶ 145.)    Moreover, this attestation requirement is outside Cigna's operating terms and conditions, and is designed solely to eliminate Tri State as a potential competitor to Methodist.

Cigna's wrongful acts have created barriers to treatment for its patients in Arkansas because there is no ambulatory surgery center in eastern Arkansas that is in-network with Cigna that offers the services offered by Tri State.  (ECF No. 101 ¶ 49.)  By design, Cigna is requiring

Physician Plaintiffs to force their Arkansas patients to be treated in Tennessee at Methodist facilities as a pre-condition to participation in a Cigna plan, thereby circumventing the purpose of the APPA.  Physician Plaintiffs and Tri State, therefore, seek injunctive relief under the APPA to enjoin Cigna from wrongfully denying them access to Cigna's benefit plan. (EFC No. 101 ¶ 146.)

Cigna argues that it cannot violate the APPA because it is a Tennessee corporation. Cigna, however, has clearly acted within Arkansas to the detriment of Arkansas residents.  Cigna has denied access to its plan for two Arkansas doctors and an Arkansas ambulatory surgical center seeking to treat Arkansas residents.   When Dr. Hood contacted Cigna's Arkansas representative about obtaining a contract, he was told he could only contract with Cigna through Health Choice, a partner of Methodist Healthcare *in Tennessee*, which would mandate that Dr. Hood refer Arkansas patients to Methodist facilities in Tennessee for treatment.  (ECF No. 101 ¶¶ 63, 113.)

The authority upon which Cigna relies in arguing that this claim should be dismissed, *Chalmers v. Toyota Motor Sales USA, Inc.*, 935 S.W.2d 258 (Ark. 1996), is inapposite.  The plaintiff in *Chalmers* claimed the defendant's dual-pricing scheme in Tennessee adversely affected his car dealership in Arkansas in violation of the Arkansas Unfair Practices Act.  *Id.* at 260.   The Arkansas Supreme Court found the defendant's pricing policy applied only to dealerships in Tennessee, and, therefore, the Arkansas statute could not apply.  *Id.* at 264.

Here, Cigna's Methodist-only referral policy applies to Physician Plaintiffs, Arkansas doctors treating Arkansas patients, and to Tri State, a facility that is indisputably located in Arkansas.  Plaintiffs are therefore not seeking to apply the APPA extraterritorially, but rather to Cigna's policy in Arkansas.  Cigna's actions directly affect the treatment options of Arkansas

residents by limiting their choice in providers in Arkansas – exactly the conduct the Arkansas General Assembly enacted the APPA to prevent.  Ark. Code Ann. § 23-99-202.

Cigna next argues that Physician Plaintiffs' APPA claim must fail because Physician Plaintiffs are not willing to accept Cigna's "operating terms and conditions" as required by the APPA.  Plaintiffs, however, were terminated from Cigna's network for refusing to sign attestation letters that they would only refer patients to Methodist facilities.  (ECF No. 101 ¶¶ 56-58.)  These attestation letters were extra-contractual and *clearly* not part of Cigna's operating terms and conditions – and Cigna has not even attempted to show otherwise.  Upon information and belief, Cigna required Physician Plaintiffs to sign these attestation letters as a condition for continued participation in Cigna's network, but did not require all its other Arkansas health care providers to sign the letters.  Under the APPA, Cigna cannot discriminate between providers by providing different terms and conditions.  Ark. Code Ann. § 23-99-204(a)(3).

Physician Plaintiffs and Tri State are willing to accept Cigna's operating terms and conditions to treat Arkansas patients in Arkansas.  (ECF No. 101 ¶ 146.)  Cigna, however, is requiring Physician Plaintiffs to execute attestation letters as a condition for participation in its network. (*Id.* ¶ 145.)  This condition is unique to Physician Plaintiffs in Arkansas, and is motivated by Cigna's desire to force patients to receive treatment in Tennessee at Methodist facilities.  (*Id.*)  Cigna's actions limit Arkansas residents' choices for health care providers in violation of the APPA.  Accordingly, the Court should enjoin Cigna from preventing Physician Plaintiffs and Tri State from becoming Cigna providers.

### c.    Plaintiffs' Conspiracy Claims Are Sufficiently Pled and Not Barred by Res Judicata.

Cigna argues that Plaintiffs' conspiracy claims must be dismissed because Plaintiffs have failed to allege underlying tortious conduct and, further, that the conspiracy claims are barred by

res judicata.   However, Plaintiffs have alleged valid conspiracy claims against Cigna for its collusion with Health Choice to tortiously interfere with Plaintiffs' contracts and business expectancies and to violate the APPA.  (Counter-Counterclaims Counts IV & V, ECF No. 101 ¶¶ 135-142.)   "To prove a civil conspiracy, a plaintiff must show that two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive, or immoral means, to the injury of another." *Allen v. Allison*, 155 S.W.3d 682, 689 (Ark. 2004).

As shown above, Plaintiffs have adequately alleged independently actionable wrongdoing by Cigna (tortious interference and violation of the APPA), and these claims are sufficient to sustain Plaintiffs' claims for conspiracy.  *See, e.g.*, *Southeastern Distrib. Co. v. Miller Brewing Co.*, 237 S.W.3d 63, 75-76 (Ark. 2006) (holding plaintiff's tortious interference claim provided an actionable tort to support civil conspiracy claim).  Plaintiffs have also adequately alleged both an improper purpose and unlawful conduct by Cigna.  Plaintiffs' specifically allege that Cigna is motivated to drive Tri State out of business and to thereby limit the treatment options available to Arkansans. (EFC No. 101 ¶¶ 9-10.)  Cigna acted on this intent by tortiously interfering with Physician Plaintiffs' and Tri State's contracts and business expectancies. (*Id.* ¶¶ 119-29.)  Cigna sent misleading and intimidating letters to patients and referring physicians to discourage treatment with Plaintiffs. (*Id.* ¶¶ 52, 59-60.) Cigna also unlawfully terminated Physician Plaintiffs from its network and continues to bar Physician Plaintiffs and Tri State from its network in violation of the APPA.  (*Id.* ¶¶ 143-46.)

In addition to its argument that Plaintiffs' conspiracy claims fail to state a claim for which relief may be granted, Cigna also argues that these claims are somehow barred by res judicata because the Court has dismissed Plaintiffs' Sherman Act claim.

Cigna's res judicata argument fails because a "judgment on the merits" has not been entered on the wrongful conduct underlying Plaintiffs' conspiracy claims: Cigna's tortious interference and violations of the APPA.  Plaintiffs' tortious interference claims were dismissed without prejudice in the Court's April 16th Order, and Plaintiffs have properly reasserted these claims. *Huelsman v. Civic Ctr. Corp.*, 873 F.2d 1171, 1176 (8th Cir. 1989) ("Dismissal without prejudice operates to leave the parties as though no action has been brought at all, and does not preclude relitigation of the claims so dismissed." (internal citation omitted)).  Cigna's violations of the APPA also provide independent wrongful conduct to sustain Plaintiffs' conspiracy claims.

The Court dismissed Plaintiffs' Sherman Act claims because it found (1) Plaintiffs' Complaint did not plead a *per se* violation under the Sherman Act (ECF No. 78 at 6); and (2) Plaintiffs' allegations regarding a proper product market or a proper geographic market were deficient (*Id.* at 11).  These issues apply specifically to the Sherman Act and do not concern Plaintiffs' allegations in support of their tortious interference claims.  Indeed, in the April 16th Order, the Court did not address the merits of Plaintiffs' tortious interference claims at all, much less hold that its dismissal of the Sherman Act claim was dispositive of Plaintiffs' tortious interference claims.  Neither Plaintiffs' claims for tortious interference nor conspiracy are barred by res judicata, and Cigna's motion to dismiss should be denied.

### III.   Tri State's Claims Grounded on Cigna's Wrongful Reduction or Denial of Claims Are Well-Pled.

Tri State has advanced six causes of action based on Cigna's improper reduction or denial of claims – four in its capacity as the assignee of its patients and two in its own right.  All six counts are properly pled.  In its motion to dismiss, Cigna raises a host of unmeritorious objections to these claims in an attempt to persuade the Court to dismiss them at this initial stage. Cigna asserts Tri State has inadequately pled assignment to pursue its ERISA and breach of

contract claims; failed to identify the benefit plans at issue; insufficiently alleged Cigna's breach of the ERISA plans and contracts at issue; and improperly pled unjust enrichment and promissory estoppel. Cigna, however, ignores or misconstrues Tri State's allegations, the controlling law, or both as to these claims. Careful attention to those discrepancies reveals that Cigna's arguments have no merit and reveals the extent to which Cigna is willing to sacrifice the interests of its plan members and participants in order to increase its own profits. Tri State's allegations meet the requisite pleading standard for each cause of action and Cigna's motion to dismiss should be denied.

      **a.**      **Tri State Has Adequately Pled Assignment for Its ERISA and Breach of Contract Claims.**

Tri State has sufficiently alleged that it is the assignee of its patients' benefits and rights such that it has standing to bring ERISA and breach of contract claims against Cigna. Moreover, during discovery in this case, Tri State has produced samples of the assignment of benefits executed by its patients to Cigna. It is disingenuous for Cigna to argue Tri State has failed to adequately plead assignment when it possesses evidence of the valid assignments.

Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Tri State has alleged that prior to receiving care, Tri State's Cigna-insured patients sign forms assigning to Tri State the patient's rights and benefits under their Cigna health insurance plans. (ECF No. 101 ¶ 33.) The rights assigned, pursuant to forms signed by patients treated at Tri State, include the right to appeal benefit denials and to sue. (*Id.*) These allegations satisfy the pleading requirements of Rule 8, and, taken as true – as they must be at this stage – establish that Tri State has standing to bring this action with regard to both ERISA and non-ERISA plans.

Cigna's position that Tri State is required to plead *more* regarding its assignments is unavailing, and it has tried and failed to make this exact same argument in other lawsuits. *See Conn. Gen. Life Ins. Co. v. Advanced Surgery Center of Bethesda, LLC*, 2015 WL 4394408, at *26-27 (D. Md. July 15, 2015); *N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 301 (S.D. Tex. 2011). Other courts in cases involving health insurance companies other than Cigna have *also* rejected the argument that a plaintiff must plead the specific language of an assignment to have standing. *See, e.g.*, *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 599 (N.D. Tex. 2014). This Court should similarly reject Cigna's attempt to hold Tri State to a higher pleading standard than the Federal Rules require.

The cases relied upon by Cigna in favor of dismissal are neither binding on this Court nor even persuasive. Cigna cites to two unpublished district court cases decided within the Eighth Circuit: *HM Compounding Services, Inc. v. Express Scripts Inc.*, 2015 WL 4162762 (E.D. Mo. July 9, 2015), and *Midwest Special Surgery, P.C. v. Anthem Ins. Cos.*, 2010 WL 716105 (E.D. Mo. Feb. 24, 2010). In *HM Compounding*, the plaintiffs, unlike Tri State, failed to allege *any* facts regarding assignment, making dismissal without prejudice appropriate. 2015 WL 4162762, at *11-12. In *Midwest Special Surgery*, contrary to Cigna's assertion, the court did *not* dismiss the plaintiff's ERISA claims for lack of standing; rather, the court dismissed the ERISA claims for other pleading deficiencies but allowed the plaintiff's quantum meruit and unjust enrichment claims to proceed. *See id.* at *2, *4-*5.

The other unpublished cases cited by Cigna from courts outside the Eighth Circuit are similarly distinguishable. For example, in *DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 2014 WL 3349920 (D. Ariz. July 9, 2014), the court found the plaintiff's assignment allegations failed because the defendant produced evidence that the benefit plans at issue contained an explicit non-assignment clause. *Id.* at *8. The court in *Professional Orthopedic Associates, PA v. Excellus Blue Cross Blue Shield*, 2010 WL 4387981 (D.N.J. July 15, 2015), also relied on an express non-

assignment clause to dismiss the plaintiff's claim.  *Id.* at 7.[6]  Cigna, in contrast, has not argued that an express non-assignment provision is even at issue in this case and its reliance on *Excellus* is wholly misplaced.  Plaintiffs have thus properly pled assignment under Rules and 8 and 12, and none of the authorities cited by Cigna alters this conclusion.[7]

> **b.      Tri State Is Not Required to List Every Benefit Claim at Issue.**

Cigna next argues that Tri State's ERISA reimbursement claim must be dismissed because Tri State has not identified each individual patient benefit claim at issue. There is no requirement or even need, however, for Tri State to list the numerous patient claims at issue in its counter counter-complaint and neither of the two unpublished district court decisions cited by Cigna stand for this remarkable proposition.  *See Ctr. For Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of La.*, 2013 WL 5519320, at *1 (E.D. La. Sept. 30, 2013) (ordering re-pleading, not dismissal); *Kindred Hosp. E., LLC v. Blue Cross & Blue Shield of Fla., Inc.*, 2007 WL 601749, at *4 (M.D. Fla. Feb. 16, 2007) (same).

Requiring Tri State to list the patient claims at the pleading stage is both unnecessary and impractical.  Cigna has already denied or reduced hundreds of patient claims, and continues to do so.  As part of discovery, pursuant to an agreement between the parties, Tri State has provided

---

[6] The court in *Excellus* also found that plaintiffs lacked standing because they failed to plead that patients signed assignment of benefits forms and failed to "illuminate the extent or boundaries of [the] purported assignment." *Id.* at *6.  The court held, however, that the "more fundamental flaw to the [plaintiffs'] purported standing" was the anti-assignment clause.  Tri State has pled its patients signed the assignment forms prior to treatment and that the rights assigned included the right to appeal benefit denials and to sue.  (ECF No. 101 ¶ 33.)

[7] Cigna also asserts Tri State has not adequately pled assignment for its non-reimbursement ERISA claims. As demonstrated above, however, Tri State has adequately alleged assignment for its ERISA claims, including its non-benefit claims.  Tri State's patients assign to Tri State their rights to pursue any legal or administrative claim.  (ECF No. 101 ¶ 33.)  These rights include expressly ERISA breach of fiduciary duty claims.  The assignments also grant Tri State the right to access any plan documents required to claim benefit claims.

samples of patient benefit claims files to Cigna.[8]  It is disingenuous for Cigna now to claim it does not have fair notice of what benefit claims are at issue—especially given that Cigna is pursuing its own ERISA claim against Tri State.  Tri State has satisfied the notice pleading requirements for both its ERISA and non-ERISA claims. Cigna's argument that Tri State's claims for reimbursement under ERISA must be dismissed is without merit.

  **c.   Tri State Has Sufficiently Alleged Breach of ERISA Plan and Breach of Contract.**

  Cigna also argues Tri State's breach of ERISA plan and breach of contract allegations are insufficient because Tri State has not identified the specific ERISA plan or contract provisions Cigna breached.  (ECF No. 123 at 14.)  Again, Cigna is attempting to impose a higher pleading standard than required under the Federal Rules and applicable case law.  Tri State's allegations are adequate and are more than sufficient to give Cigna notice of the provisions of ERISA and the operative contracts that it breached.

  Tri State alleges that Cigna breached the provisions in the ERISA plans at issue by misapplying the plans' exclusion of "charges for which you [the insured] are not obligated to pay or for which you [the insured] are not billed or for which you [the insured] would not have been billed except that they were covered under this plan."  (ECF No. 101 ¶ 151.)  For its breach of contract claim, Tri State alleges that Cigna's contracts with its insureds grant the insureds the right to receive treatment from out-of-network providers and that Cigna will pay a specific percentage of the lesser of (a) the actual billed charge, or (b) the usual customary charge for a procedure based on another comparable benchmark.  (*Id.* ¶¶ 173-74.)  Cigna breached this

---

[8] The parties each agreed to designate 25 claims, 50 claims total, and exchange their respective claim files for those 50 claims for discovery purposes. The parties thus agreed that it was unnecessary for the parties to exchange claim files *for each and every claim* submitted by Tri State to Cigna, but rather that a representative sampling would be sufficient.  Tri State has disclosed to Cigna almost two thousand pages of documents related to these fifty sample claims, including the assignment of benefits forms referred to in footnote 6.

agreement by denying or drastically reducing its payments for claims for out-of-network services provided by Tri State. (*Id.* ¶ 175.) These allegations give Cigna ample notice of the terms of the plans and contracts it breached.

Moreover, as Tri State alleges, Cigna has refused to provide Tri State with the documents that Cigna claims provide the basis for its refusal to reimburse Tri State in violation of 29 U.S.C. § 1132(c)(1)(B). (ECF No. 101 ¶¶ 163-168.) Cigna cannot accuse Tri State of vague pleading when Cigna has refused to provide the documents at issue to Tri State.

And, again, the case law cited by Cigna in support of its arguments simply does not stand for the proposition cited. *Gunderson v. St. Louis Connectcare*, 2009 WL 882240 (E.D. Mo. Mar. 26, 2009) is plainly distinguishable. The case involved a single plaintiff and benefit plan, and the plaintiff admitted in her brief that her claim was actually for wrongful discharge under 29 U.S.C. § 1140, not for breach of her benefit plan under 29 U.S.C. § 1132. *Id.* at *2-3. In *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587 (N.D. Tex. 2014), the court dismissed the plaintiff's ERISA and breach of contract claims because plaintiff had failed to plead *any* term breached by the defendant. *Id.* at 601-04. Other courts have found the pleading requirements suggested in *Innova* are not as onerous as Cigna claims. *See Grand Parkway Surgery Ctr. v. Health Care Service Corp.*, 2015 WL 3756492, at *4 (S.D. Tex. June 16, 2015) (applying *Innova* and finding plaintiff satisfied pleading requirements by alleging simply that plan terms "allow for reimbursement of reasonable and necessary medical expenses at usual and customary rates"). Similarly, Tri State's allegations concerning Cigna's breaches meet any reasonable interpretation of the pleading standards under Rules 8 and 12.

### d.  Tri State's Unjust Enrichment & Promissory Estoppel Claims Are Valid.

Cigna makes several arguments for dismissing Tri State's unjust enrichment claim (Count XI) and promissory estoppel claim (Count XII). First, Cigna argues these claims are

preempted by ERISA to the extent they attempt to recover for any employee benefit plan.  (ECF No. 123 at 11-13.)  However, Tri State's unjust enrichment and promissory estoppel claims – like its breach of contract claim – relate only to non-ERISA plans.  Accordingly, ERISA preemption does not provide a basis for dismissal of these claims.

Second, Cigna argues Tri State's unjust enrichment and promissory estoppel claims are duplicative of its breach of contract claim, ignoring that plaintiffs may plead in the alternative under Rule 8.  Indeed, it is well-settled under Arkansas law that plaintiffs may bring unjust enrichment and promissory estoppel claims alongside breach of contract claims.  *Deutsche Bank Nat'l Tr. Co. v. Austin*, 385 S.W.3d 381, 387 (Ark. Ct. App. 2001) (explaining unjust enrichment claims may be maintained with a breach of contract claim); *Van Dyke v. Glover*, 934 S.W.2d 204 (Ark. 1996) (reversing trial court's dismissal of breach of contract and promissory estoppel claims).

Finally, Cigna argues Tri State has failed to plead a "promise" to support its promissory estoppel claim, ignoring that Tri State has alleged promises in the form of oral and written statements made by Cigna representatives in response to specific requests by Tri State that Cigna would cover services provided by Tri State.

Arkansas follows "the blackletter law on promissory estoppel" under the *Restatement (Second) of Contracts*: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."  *Van Dyke*, 934 S.W.2d at 209 (quoting Restatement (Second) of Contracts § 90 (1981)).

Tri State has alleged that "[p]rior to providing care to many of Cigna's insureds, Tri State sought and obtained confirmation from Cigna that the patient's health benefit plan permitted the

patient to receive that care from Tri State, despite it being an out-of-network provider."  (ECF No. 123 at 184.)  In each case, Cigna represented either orally or in writing "that the care would be covered by the patient's Cigna-insured or Cigna-administered health benefit plan."  (*Id.* ¶ 185.)  These representations by Cigna constitute sufficient "promises" to sustain a claim for promissory estoppel and Cigna's motion to dismiss should therefore be denied.

### e.      Tri State's Fiduciary Duty Claim Is An Alternative, Not Duplicative, Claim.

Cigna asserts Tri State's breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3) (Count VIII) must be dismissed as a duplicative of its claim for benefits under 29 U.S.C. § 1132(a)(1)(B) (Count VII).  Under Eighth Circuit precedent, however, plaintiffs may plead in the alternative both a fiduciary duty claim and a claim for benefits, which Tri State has properly done.

Pursuant to 29 U.S.C. § 1132(a)(3), a plaintiff may bring a claim for equitable relief for a breach of fiduciary duty by ERISA plan insurers and administrators.  While duplicative recoveries under § 1132(a)(1)(B) and § 1132(a)(3) are not allowed, plaintiffs at the pleading stage may allege both types of claims as alternative theories under Rule 8.  *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 727 (8th Cir. 2014).

The *Silva* court recognized, "[a]t the Motion to Dismiss stage . . . it is difficult for a court to discern the intricacies of the plaintiff's claims to determine if the claims are indeed duplicative, rather than alternative, and determine if one or both could provide adequate relief." *Id.*  Accordingly, until it is determined that § 1132(a)(1)(B) provides Tri State with an adequate remedy, Tri State may pursue both claims.  *Id.*; *see also Bach v. Prudential Ins.*, 83 F. Supp. 3d 840, 845 (S.D. Iowa 2015) (applying *Silva* and denying defendant's motion to dismiss).

In a footnote, Cigna attempts to distinguish *Silva*, but to no avail.  (See ECF No. 123 at 18 n.15.)  Tri State has pled a valid breach of fiduciary duty claim (*see* ECF No. 101 ¶¶ 154-

162), which it is allowed to plead in the alternative under *Silva*. Cigna's reliance on the district court's decision in *Connecticut General* is misplaced. There, the court dismissed the defendant's § 1132(a)(3) counterclaim under Fourth Circuit precedent that compelled dismissal. *See* 2015 WL 4394408, at *28-30 (relying upon *Korestynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 102-04 (4th Cir. 2006)). While plaintiffs may not simultaneously seek relief under § 1132(a)(1)(B) and § 1132(a)(3) within the Fourth Circuit, *Silva* makes plain that such alternative pleadings are allowed within the Eighth Circuit. Tri State has pled a viable alternative claim under § 1132(a)(3) that should proceed until it is determined § 1132(a)(1)(B) provides Tri State with adequate relief.

### f.    Tri State's Allegations for Its Non-Disclosure ERISA Claim Are Sufficient.

ERISA permits the court to impose a penalty for failure to provide plan documents upon the request of a beneficiary or assignee. 29 U.S.C. § 1132(c). To recover under § 1132(c) penalty, the plaintiff must show: (1) that he or she requested the plan description in writing and (2) that the plan administrator failed to provide it. *Kerr v. Charles F. Vatterott & Co.,* 184 F.3d 938, 948 (8th Cir.1999). Tri State has properly pled both these elements. Cigna is a plan administrator for some of the plans at issue and Tri State made written demand for the plan descriptions but Cigna refused to provide them.

Cigna argues that the § 1132(c) claim must be dismissed because Tri State omitted the word "written" in its allegations regarding its document request and did not specifically identify in its allegations the documents it requested. Cigna is attempting to avoid liability under § 1132(c) by arguing technicalities. Tri State has alleged facts supporting its § 1132(c) claim, and this claim should be allowed to proceed. *See Conn. Gen. Life Ins.*, 2015 WL 4394408, at *30-32 (holding plaintiffs adequately pled § 1132(c) claim.)

## CONCLUSION

Based on the foregoing Cigna's Motion to Dismiss should be denied its entirety.

Respectfully submitted,

/s/ Douglas F. Halijan
Douglas F. Halijan  (BPR # 16718)
Molly Glover  (Tenn. Bar No. 16113) (admitted pro hac vice)
Shea B. Oliver (Tenn. Bar No. 29330) (admitted pro hac vice)
Charles S. Higgins (Tenn. Bar No. 30184) (admitted pro hac vice)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN  38103
Phone: (901) 524-5000
Fax: (901) 524-5024
dhalijan@bpjlaw.com
mglover@bpjlaw.com
soliver@bpjlaw.com
chiggins@bpjlaw.com

Scott Poynter (AR # 90077)
STEEL, WRIGHT, & COLLIER, PLLC
400 W. Capitol Ave., Suite 2910
Little Rock, AR 72201
Phone: (501) 251-1587
scott@poynterlawgroup.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I, Douglas F. Halijan, hereby certify that on this 8th day of January, 2016, I filed the foregoing with the Clerk of the Court and that the ECF system will send notification of filing to all counsel of record.

Leigh M. Chiles (#98223)
Leo M. Bearman, Jr. (admitted pro hac vice)
Matthew S. Mulqueen (admitted pro hac vice)
Baker, Donelson, Bearman, Caldwell &
  Berkowitz, PC
First Tennessee Bank Building
165 Madison Avenue, Suite 2000
Memphis, TN  38103
Telephone: (901) 577-2207
Facsimile:  (901) 577-2303
lchiles@bakerdonelson.com
lbearman@bakerdonelson.com
mmulqueen@bakerdonelson.com

Lea Carol Owen (admitted pro hac vice)
Baker, Donelson, Bearman, Caldwell &
  Berkowitz, PC
211 Commerce Street, Suite 800
Nashville, TN  37201
Telephone: (615) 726-5600
cowen@bakerdonelson.com

***ATTORNEYS FOR HEALTH CHOICE, LLC***

Joshua B. Simon
Warren Haskel
Dmitriy G. Tishyevich
(all admitted pro hac vice)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
jsimon@kirkland.com
whaskel@kirkland.com
dmitriy.tishyevich@kirkland.com

John E. Tull, III (#84150)
Chad W. Pekron (#2008144)
R. Ryan Younger (#2008209)
Quattlebaum, Grooms & Tull PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jtull@qgtlaw.com
cpekron@qgtlaw.com
ryounger@qgtlaw.com

***ATTORNEYS FOR CIGNA PARTIES***

/s/ Douglas F. Halijan
Douglas F. Halijan