# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | |
|---|---|
| TRI STATE ADVANCED SURGERY CENTER, LLC, GLENN A. CROSBY II, M.D., F.A.C.S., and MICHAEL HOOD, M.D. | PLAINTIFFS |

v.                                            No. 3:14cv143-JM

| | |
|---|---|
| HEALTH CHOICE, LLC and CIGNA HEALTHCARE OF TENNESSEE, INC. | DEFENDANTS |

---

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, CIGNA HEALTH AND LIFE INSURANCE COMPANY, AND CIGNA HEALTHCAR E OF TENNESSEE, INC. | COUNTERCLAIM PLAINTIFFS |

v.

| | |
|---|---|
| SURGICAL CENTER DEVELOPMENT, INC D/B/A SURGCENTER DEVELOPMENT and TRI STATE ADVANCED SURGERY CENTER, LLC | COUNTERCLAIM DEFENDANTS |

## ORDER

Pending is Plaintiffs' motion for leave to file an amended complaint (Docket No. 80). Defendant Cigna Healthcare of Tennessee, Inc. and Counterclaim Plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively Cigna) have filed a response. For the reasons stated below, the motion is denied.

Plaintiffs filed their complaint on June 5, 2014. Defendants Health Choice, LLC and Cigna filed separate motions to dismiss the complaint on August 29, 2014, on the basis that Plaintiffs' complaint failed to state a claim for relief against each of them. Also on August 29, 2014, Cigna filed a counterclaim against Plaintiff Tri State Advanced Surgery Center and an additional party, Surgical Center Development, Inc. d/b/a SurgCenter Development. On April 16, 2015, the Court entered an order granting the motions to dismiss, dismissing Plaintiffs'

Sherman Act claims with prejudice and declining to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  As of that order, only Cigna's counterclaims remained pending.  Because of the pending counterclaims, the April 16, 2015 order was not a final appealable order.

On May 15, 2015, Plaintiffs moved for leave to file an amended complaint, attaching as an exhibit their proposed amended complaint. The proposed amended complaint does not add any additional claims or defendants, but it does include additional allegations in support of Plaintiffs' Sherman Act claims.

Recognizing that Fed. R. Civ. P. 15(a)(2) dictates that courts should freely give leave to amend a pleading "when justice so requires," the Court does not find that justice requires leave to amend in this instance.  Plaintiffs had notice that Defendants were challenging the sufficiency of their allegations on August 29, 2014.  They did not request leave to amend until over eight months later, a month after the Court dismissed their claims on the basis of insufficient allegations.  Instead, Plaintiffs choose to stand on their pleading during the months that the motions to dismiss remained pending and only a month after the Court ruled did they request leave to amend.  The proposed amendments address deficiencies in the allegations of the complaint that were raised in the motions to defense.  It is not apparent that the proposed amendments were based on newly discovered facts.

The Eighth Circuit has recognized that "different considerations apply when a party seeks to amend the pleadings *after* the district court dismisses the complaint. While the district court, in its discretion, may still grant leave to amend after it dismisses a complaint, unexcused delay by the plaintiff in seeking to amend is sufficient to justify the court's denial." *In re NationsMart Corp. Securities Litig. v. Thaman,* 130 F.3d 309, 322-323 (8th Cir.1998). *See also United States*

*v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 7432 (8th Cir. 2014) ("[t]he government failed to request leave to amend in the eleven months between the Museum's motion to dismiss and the court's Order of Dismissal, choosing instead to stand on and defend its original complaint. The district court had no reason to question that litigation strategy."); *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 616 (8th Cir. 2003) ([t]he Does were put on notice of potential deficiencies in their complaint when the School District and Nelson filed their motion to dismiss on January 25, 2002. However, the Does waited to seek leave to amend until September 23, 2002, over a month after the dismissal of the claims against the School District.")

In addition to being unwilling to allow Plaintiffs to amend after having dismissed all of their claims, the Court agrees with the analysis in Cigna's response demonstrating that the proposed amendment would not cure the deficiencies addressed in the Court's April 16, 2015 order and would, therefore, be futile and cause unnecessary delays. *H & Q Properties, Inc. v. Doll*, 793 F.3d 852, 857 (8th Cir. 2015) (no error to deny motion for leave where proposed amendments do not cure the pleading deficiencies).

Therefore, Plaintiff's motion for leave to amend (Docket No. 80) is DENIED. Plaintiff's motion to stay discovery (Docket No. 81) is also DENIED.

IT IS SO ORDERED this 9th day of February, 2016.

James M. Moody Jr.
United States District Judge