
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

TRI STATE ADVANCED SURGERY
CENTER, LLC, GLENN A. CROSBY II, M.D.,
F.A.C.S., and MICHAEL HOOD, M.D.

PLAINTIFFS AND COUNTER-COUNTERCLAIM-PLAINTIFFS

v.

Case No. 3:14-CV-00143-JM

HEALTH CHOICE, LLC,
and CIGNA HEALTHCARE OF TENNESSEE, INC.

DEFENDANTS AND COUNTER-COUNTERCLAIM DEFENDANTS

------------------------------------------------------------------------------------------------------------------------
CONNECTICUT GENERAL LIFE INSURANCE
COMPANY, CIGNA HEALTH AND
LIFE INSURANCE COMPANY, and CIGNA
HEALTHCARE OF TENNESSEE, INC.,

COUNTERCLAIM-PLAINTIFFS

v.

SURGICAL CENTER DEVELOPMENT, INC.
D/B/A SURGCENTER DEVELOPMENT, and
TRI STATE ADVANCED SURGERY CENTER, LLC

COUNTERCLAIM-DEFENDANTS

**CIGNA'S RESPONSE TO HEALTH CHOICE, LLC'S MOTION TO EXTEND**
**DISCOVERY DEADLINES AND REQUEST FOR SCHEDULING CONFERENCE**

| | |
|---|---|
| KIRKLAND & ELLIS LLP | QUATTLEBAUM, GROOMS & TULL PLLC |
| 601 Lexington Avenue | 111 Center Street, Suite 1900 |
| New York, NY  10022 | Little Rock, AR  72201 |
| Telephone: (212) 446-4800 | Telephone: (501) 379-1700 |
| Facsimile: (212) 446-4900 | Facsimile: (501) 379-1701 |
| joshua.simon@kirkland.com | jtull@qgtlaw.com |
| warren.haskel@kirkland.com | cpekron@qgtlaw.com |
| dmitriy.tishyevich@kirkland.com | ryounger@qgtlaw.com |

Defendants Connecticut General Life Insurance Company, Cigna Health and Life Insurance Company, and Cigna Healthcare of Tennessee, Inc. (together, "Cigna") write to respond to Defendant Health Choice, LLC's ("Health Choice") motion to extend discovery deadlines, and Health Choice's request for a conference to discuss, among other things, the possibility of referring this case for mediation.

*First*, Cigna does not oppose Health Choice's request to extend the current discovery deadlines by three months (*see* Mot. at 3), but asks that the Court grant the motion with two caveats. The first is that Cigna asks that the Court make clear to the parties that this will be the parties' final extension of fact discovery. Plaintiffs had previously unsuccessfully moved to stay discovery altogether (Dkts. 81, 137), and the schedule in this case has already been extended repeatedly, most recently just one month ago. (*See* Dkts. 87, 106, 150.) As Cigna said in opposing another one of Plaintiffs' discovery motions, "Cigna's chief goal is to see this action through to the end on its current (already-delayed) schedule—without further delays." (Dkt. 143 at 9.) That remains Cigna's goal. Thus, while Cigna does not oppose this extension as a courtesy to Health Choice, Cigna asks the Court to ensure that the resolution of this long-running case is not delayed any further.

The second caveat is that the Court make clear that, pending Health Choice's document production, the parties should go forward with any depositions of witnesses who are not involved in the dispute with Health Choice. Indeed, over the last several weeks preceding this motion, Cigna spent considerable time conferring with Plaintiffs to schedule depositions in accordance with the July 8, 2016 fact discovery deadline, as set forth in the current scheduling order. (Dkt. 151.) Although Plaintiffs already knew that Health Choice was nowhere close to completing its document production in time for the July 8 deadline, they never indicated that the lack of

1

documents from Health Choice would in any way impede them from deposing Cigna's witnesses, or that this should prevent Cigna from deposing Tri State and SurgCenter witnesses. Nor is there any reason to put those depositions on hold while Health Choice completes its production. Cigna's counterclaims against Tri State and SurgCenter allege that these two entities conspired to engage in a fraudulent "dual pricing" and "fee forgiving" scheme, where Tri State charges its patients little or nothing for out-of-network medical services while charging exorbitant rates to its patients' health insurance plans administered through Cigna. (*See generally* Dkt. 49.) These allegations have nothing to do with Health Choice, and Cigna and Plaintiffs have already completed their respective document productions months ago. Yet on the parties' last call, Plaintiffs refused to commit to any deposition dates given the uncertainty in the schedule and, as discussed further below, their intention to move to compel the parties to mediation. Thus, Cigna requests that the Court make clear that the parties should move forward with depositions of at least the SurgCenter and Tri State witnesses who are not involved in the Health Choice dispute over the coming months to prevent any further delays.

*Second*, as Cigna has already told the other parties, Cigna does not believe that mediation would be productive at this time. While Plaintiffs and Cigna are currently engaged in settlement negotiations, mediation is ill-suited to resolve the types of issues that are currently being discussed, which involve not just resolution of the parties' claims in this lawsuit but also how parties conduct business going forward. Nor should mediation, as Plaintiffs have suggested, be an excuse to delay moving forward with depositions. Accordingly, should Plaintiffs move to compel the parties to mediate, as Health Choice's certification of counsel indicates, Cigna intends to oppose that motion.

Dated:  May 13, 2016                                    Respectfully submitted,

                                                        /s/  Chad W. Pekron

Joshua B. Simon                                         John E. Tull III (84150)
Warren Haskel                                           Chad W. Pekron (2008144)
Dmitriy G. Tishyevich                                   R. Ryan Younger (2008209)
  (all admitted *pro hac vice*)                         QUATTLEBAUM, GROOMS & TULL PLLC
KIRKLAND & ELLIS LLP                                    111 Center Street, Suite 1900
601 Lexington Avenue                                    Little Rock, AR  72201
New York, NY  10022                                     Telephone:  (501) 379-1700
Telephone:  (212) 446-4800                              Facsimile:  (501) 379-1701
Facsimile:  (212) 446-4900                              jtull@qgtlaw.com
joshua.simon@kirkland.com                               cpekron@qgtlaw.com
warren.haskel@kirkland.com                              ryounger@qgtlaw.com
dmitriy.tishyevich@kirkland.com

*Counsel for Cigna Healthcare of Tennessee, Inc., Connecticut General Life Insurance Company, and Cigna Health and Life Insurance Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of May, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

                                         /s/ Chad W. Pekron
                                         Chad W. Pekron